1  Plaintiff's right (a) to be free of unreasonable searches and seizures; and (b) to be free of

2  warrants that are ***not*** judicially sanctioned and ***not*** supported by probable cause.

3        100.    Pursuant to Dennis v. Sparks, 449 U.S. 24 (1980), private parties in collusion

4  with public entities, officials and employees, also act under color of law for the purposes of

5  claims under 42 U.S.C §1983. As such, Plaintiff also claims that private party Defendants in

6  this action acted in collusion with public officials and in so doing violated Plaintiff's rights as

7  set forth in the Fourth Amendment to the United States Constitution including Plaintiff's right

8  (a) to be free of unreasonable searches and seizures; and (b) to be free of warrants that are ***not***

9  judicially sanctioned and ***not*** supported by probable cause.

10        100.    In *Mapp v. Ohio*, 367 U.S. 643 (1961), the Supreme Court ruled that the Fourth

11  Amendment applies to the states by way of the Due Process Clause of the Fourteenth

12  Amendment. The Supreme Court has also ruled that certain searches and seizures violate the

13  Fourth Amendment even when a warrant was properly granted.

14        100.    In *Soldal v. Cook County* (506 U.S. 56, 61, 113 S.Ct. 538, 543 (1992)), the

15  United States Supreme Court held:

16  > *"A seizure of property occurs when there is meaningful interference by the government with an individual's possessory interests, <u>such as when police officers take personal property away from an owner to use as evidence.</u>"*

17        100.    In *United States v. Mendenhall*, 446 U.S. 544, 551, 64 L. Ed. 2d 497, 100 S. Ct.

18  1870 (1980)), the Supreme Court held:

19  > *"The Fourth Amendment also protects against unreasonable seizure of the person, including a brief detention. <u>The government may not detain an individual even momentarily without reasonable, objective grounds.</u> For example, a person's refusal to listen or answer does not by itself furnish such grounds. A person is seized within the meaning of the Fourth Amendment only when by means of physical force or show of authority <u>his freedom of movement is restrained</u>, and in the circumstances surrounding the incident, a reasonable person would believe that he was not free to leave."*

25        100.    On December 14, 2010, in *United States v. Warshak*, the United States Court of

26  Appeals for the Sixth Circuit ruled that a person has a reasonable expectation of privacy in his

27  emails and that the government violated Warshak's Fourth Amendment rights by compelling

28  his internet service provider to turn over his emails without first obtaining a warrant based

1 | upon probable cause.

2     100.   In violating Plaintiffs' rights as set forth above and other rights that will be
3 proven at trial, Defendants acted under color of state law and conducted unauthorized,
4 warrantless illegal stop, search, and seizure of Plaintiff.  The illegal and warrantless stop set
5 into motion the chain of events that led to an unauthorized and warrantless illegal search and
6 seizure and the use of excessive force by Defendants, in violation of Plaintiffs' rights under the
7 Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

8     100.   As a direct and proximate result of the violation of the constitutional rights of
9 Plaintiff by Defendants, Plaintiff suffered general and special damages as alleged in this
10 Complaint and are entitled to relief under 42 U.S.C §1983.

11     100.   The conduct of Defendants was willful, malicious, oppressive and/or reckless,
12 and was of such a nature that punitive damages should be imposed in an amount
commensurate with the wrongful acts alleged herein.

### Violation of Federal Civil Rights (42 U.S.C. § 1983)

#### Fifth Amendment

As to All Defendants

16     100.   Plaintiff claims that Defendants violated her civil rights by intentionally,
17 willfully, knowingly, recklessly and maliciously acting or purporting to act in the performance
18 of their official duties and in so doing violated Plaintiff's Fifth Amendment rights including
19 Plaintiff's right to protection (a) against abuse of government authority in a legal procedure;
20 (b) against the use of evidence illegally obtained by law enforcement officers; and (c) from the
21 deprivation of life, liberty, or property without "due process of law."

22     100.   Pursuant to *Dennis v. Sparks*, 449 U.S. 24 (1980), private parties in collusion
23 with public entities, officials and employees, also act under color of law for the purposes of
24 claims under 42 U.S.C §1983.  As such, Plaintiff also claims that private party Defendants in
25 this action acted in collusion with public officials and in so doing violated Plaintiff's rights as
26 set forth in the Fifth Amendment to the United States Constitution including Plaintiff's right to
27 protection (a) against abuse of government authority in a legal procedure; (b) against the use of
28 evidence illegally obtained by law enforcement officers; and (c) from the deprivation of life,

COMPLAINT FOR MONEY DAMAGES, DECLARATORY & INJUNCTIVE RELIEF FOR 42 U.S.C. §1983 CLAIMS, ETC. (AGTG)

liberty, or property without "due process of law."

100.    The Court has held that, "The prosecution may not use statements [...] stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. Custodial interrogation is initiated by law enforcement after a person has been taken into custody or otherwise deprived of his freedom of movement.

100.    As for the procedural safeguards to be employed, unless other fully effective means are devised to inform accused persons of their right of silence and to assure a continuous opportunity to exercise it, the following measures are required. Before any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed."

100.    *In June 2010*, the Supreme Court ruled in Berghuis v. Thompkins that criminal suspects must now unambiguously invoke their right to remain silent. Unless and until the suspect actually states that she is relying on that right, her subsequent voluntary statements can be used in court and police can continue to interact with (or question) her. The mere act of remaining silent is, on its own, insufficient to imply the suspect has invoked her rights. Furthermore, a voluntary reply even after lengthy silence can be construed as implying a waiver.

100.    Corporations may also be compelled to maintain and turn over records; the Supreme Court has held that the Fifth Amendment protections against self-incrimination extend only to "natural persons." (See, U.S. v. Kordel, 397 U.S. 1 (1970)). The Court has also held that a corporation's custodian of records can be forced to produce corporate documents even if the act of production would incriminate him personally. (Braswell v. U.S., 487 U.S. 99 (1988)). The only limitation on this rule is that the jury cannot be told that the custodian personally produced those documents in any subsequent prosecution of him or her, but the jury is still allowed to draw adverse inferences from the content of the documents combined with the position of the custodian in the corporation.

100.    The Fifth Amendment prevents individuals from being deprived of life, liberty,

- 292 -

1   or property without "due process of law." Due process extends to all persons and corporate

2   entities. The Fourteenth Amendment explicitly binds the states with due process protections,

3   through selective incorporation. And, the Fifth Amendment applies to the federal government

4   (*See,* Barron v. Baltimore (32 U.S. (7 Pet.) 243 (1833)), and the Fourteenth Amendment, by its

5   own terms, applies against the States.

6       100.    As a direct and proximate result of the violation of the constitutional rights of

7   Plaintiff by Defendants, Plaintiff suffered general and special damages as alleged in this

8   Complaint and are entitled to relief under 42 U.S.C §1983.

9       100.    The conduct of Defendants was willful, malicious, oppressive and/or reckless,

10  and was of such a nature that punitive damages should be imposed in an amount

11  commensurate with the wrongful acts alleged herein.

**Violation of Federal Civil Rights (42 U.S.C. § 1983)**

**Sixth Amendment**

As to All Defendants

14      100.    Plaintiff claims that Defendants violated her civil rights by intentionally,

15  willfully, knowingly, recklessly and maliciously acting or purporting to act in the performance

16  of their official duties and in so doing violated Plaintiff's Sixth Amendment rights pertaining

17  to protections afforded to a criminal defendant, including, but not limited to: (a) the right to a

18  speedy and public trial, by an impartial jury of the State and district wherein the crime shall

19  have been committed; (b) the right to be informed of the nature and cause of the accusation;

20  (c) the right to be confronted with the witnesses against him; (d) the right to have compulsory

21  process for obtaining witnesses in his favor, and (e) the right to have the effective, zealous and

22  loyal assistance of counsel for his defense.

23      100.    Pursuant to *Dennis v. Sparks*, (449 U.S. 24 (1980)), private parties in collusion

24  with public entities, officials and employees, also act under color of law for the purposes of

25  claims under 42 U.S.C §1983. As such, Plaintiff also claims that private party Defendants in

26  this action acted in collusion with public officials and in so doing violated Plaintiff's Sixth

27  Amendment rights pertaining to protections afforded to a criminal defendant, including, but

28  not limited to: (a) the right to a speedy and public trial, by an impartial jury of the State and

- 293 -

district wherein the crime shall have been committed; (b) the right to be informed of the nature

and cause of the accusation; (c) the right to be confronted with the witnesses against her; (d)

the right to have compulsory process for obtaining witnesses and evidence in her favor, and (e)

the right to have the effective, zealous and loyal assistance of counsel for her defense.

100.    Defendants in criminal cases have the right to a speedy trial. In Barker v.

Wingo, 407 U.S. 514 (1972), the Supreme Court laid down a four-part case-by-case balancing

test for determining whether the defendant's speedy trial right has been violated in the case.

The four factors are (a) length of delay: (b) reason for the delay; (c) time and manner in which

the defendant has asserted her right; (d) degree of prejudice to the defendant which the delay

has caused.

100.    Since the San Bernardino County District Attorney's Office lied to the judge

that Plaintiff had waived time in the case for which she was incarcerated, and that she was in

custody on two cases other than only one for which she was incarcerated and Plaintiff's public

counsel failed to intervene, Plaintiff was not timely arraigned, never received a preliminary

hearing, and was never formally charged with a crime.

100.    In *Strunk v. United States* (412 U.S. 434 (1973)), the Supreme Court ruled that

if the reviewing court finds that a defendant's right to a speedy trial was violated, then the

indictment must be dismissed and/or the conviction overturned. The Court has held that, since

the delayed trial is the state action which violates the defendant's rights, no other remedy

would be appropriate. Thus, a reversal or dismissal of a criminal case on speedy trial grounds

means that no further prosecution for the alleged offense can take place.

100.    The right to a jury has always depended on the nature of the offense with which

the defendant is charged. Petty offenses—those punishable by imprisonment for not more than

six months—are not covered by the jury requirement. *District of Columbia v. Clawans*, 300

U.S. 617 (1937) and *Baldwin v. New York*, 399 U.S. 66 (1970)

100.    A defendant has the right to be informed of the nature and cause of the

accusation against him. (This includes the number of counts of contempt against a criminal

defendant so that it can be determined whether that criminal defendant is entitled to a jury

trial.)

- 294 -

1       100.     Therefore, an indictment must allege all the ingredients of the crime to such a

2 degree of precision that it would allow the accused to assert double jeopardy if the same

3 charges are brought up in subsequent prosecution. *United States v. Cruikshank*, 92 U.S. 542

4 (1876).

5       100.     The Supreme Court held in *United States v. Carll*, 105 U.S. 611 (1881) that "in

6 an indictment ... it is not sufficient to set forth the offense in the words of the statute, unless

7 those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity,

8 set forth all the elements necessary to constitute the offense intended to be punished." Vague

9 wording, even if taken directly from a statute, does not suffice.

10       100.     The defense must have an opportunity to "confront" and cross-examine

11 witnesses. The Confrontation Clause relates to the common law rule preventing the admission

12 of hearsay, that is to say, testimony by one witness as to the statements and observations of a

13 person to prove that the statement or observation was accurate. The rationale was that the

14 defendant had no opportunity to challenge the credibility of and cross-examine the person

15 making the statements.

16       100.     The right to confront and cross-examine witnesses also applies to physical

17 evidence; the prosecution must present physical evidence to the jury, providing the defense

18 ample opportunity to cross-examine its validity and meaning. ***Prosecution generally may not***

***refer to evidence without first presenting it.***

19       100.     The Compulsory Process Clause gives any criminal defendant the right to call

20 witnesses in his favor. If any such witness refuses to testify, that witness may be compelled to

21 do so by the court at the request of the defendant. (*United States v. Cooper*, 4 U.S. (4 Dallas)

22 341 (1800))

23       100.     A defendant has the right to be represented by the attorney(s) of his choice or

24 may represent himself. However, a court may deny the defendant such a right when it is

25 deemed that the defendant is incompetent to waive the right to counsel.

26       100.     In 1963, Gideon v. Wainwright, 372 U.S. 335 (1963), explicitly overruled Betts

27 v. Brady, finding counsel must be provided to indigent defendants in all felony cases, whether

28 capital or otherwise. Argersinger v. Hamlin, 407 U.S. 25 (1972), and Scott v. Illinois, 440 U.S.

- 295 -

367 (1979), expanded the right further, guaranteeing ***counsel in any charge resulting in a sentence of actual imprisonment.***

100.    As stated in Brewer v. Williams, 430 U.S. 387 (1977), the right to counsel "means at least that a person is entitled to the help of a lawyer at or after the time that judicial proceedings have been initiated against him, whether by formal charge, preliminary hearing, indictment, information, or arraignment."

Brewer goes on to conclude that:

> ***"Once adversary proceeding have begun against a defendant, he has a right to legal representation when the government interrogates him and that when a defendant is arrested, arraigned on an arrest warrant before a judge and committed by the court to confinement, there can be no doubt that judicial proceedings have been initiated."***

100.    The Supreme Court expanded the right to pro se representation, holding in *Faretta v. California*, 422 U.S. 806 (1975), ***the power to choose or waive counsel lies with the accused, and a state cannot intrude***.

100.    In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held that the constitutional right of "meaningful access to the courts" can be satisfied by counsel or access to legal materials. Bounds has been interpreted, by several federal courts of appeals, to mean a pro se defendant does not have a constitutional right to access a prison law library to research his defense when access to the courts has been provided through appointed counsel.[18]

100.    The Supreme Court has applied the protections of this amendment to the states through the Due Process Clause of the Fourteenth Amendment.

100.    As a direct and proximate result of the violation of the constitutional rights of Plaintiff by Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

100.    The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## Violation of Federal Civil Rights (42 U.S.C. § 1983)

## Eigth Amendment

### As to All Defendants

100.    Plaintiff claims that Defendants violated her civil rights by intentionally, willfully, knowingly, recklessly and maliciously acting or purporting to act in the performance of their official duties and in so doing violated Plaintiff's Eighth Amendment right to protection from (a) excessive bail; (b) excessive fines; and (c) cruel and unusual punishments.

100.    Pursuant to *Dennis v. Sparks*, (449 U.S. 24 (1980)), private parties in collusion with public entities, officials and employees, also act under color of law for the purposes of claims under 42 U.S.C §1983.  As such, Plaintiff also claims that private party Defendants in this action acted in collusion with public officials and in so doing violated Plaintiff's Eighth Amendment right to protection from (a) excessive bail; (b) excessive fines; and (c) cruel and unusual punishments.

100.    In Robinson v. California, 370 U.S. 660 (1962), the Court ruled that it did apply to the states through the Fourteenth Amendment. Robinson was the first case in which the Supreme Court applied the Eighth Amendment against the state governments through the Fourteenth Amendment.   Justice Potter Stewart's opinion for the Robinson Court held that "infliction of cruel and unusual punishment is in violation of the Eighth and Fourteenth Amendments."

100.    The framers of the Fourteenth Amendment, such as John Bingham, had discussed this subject:

> *"Many instances of State injustice and oppression have already occurred in the State legislation of this Union, of flagrant violations of the guaranteed privileges of citizens of the United States, for which the national Government furnished and could furnish by law no remedy whatever. Contrary to the express letter of your Constitution, "cruel and unusual punishments" have been inflicted under State laws within this Union upon citizens, not only for crimes committed, but for sacred duty done, for which and against which the Government of the United States had provided no remedy and could provide none."*

100.    In Furman v. Georgia (408 U.S. 238 (1972)), Justice Brennan wrote: "There are, then, four principles by which we may determine whether a particular punishment

- 297 -

1  is "cruel and unusual": (a) a punishment must not by its severity be degrading to human

2  dignity; (b) a severe punishment that is obviously inflicted in wholly arbitrary fashion; (c) a

3  severe punishment that is clearly and totally rejected throughout society; and (d) A severe

4  punishment that is patently unnecessary."

5      100.   In United States v. Salerno, 481 U.S. 739 (1987), the Supreme Court held that

6  the only limitation imposed by the bail clause is that "the government's proposed conditions of

7  release or detention not be 'excessive' in light of the perceived evil."

8      100.   The Supreme Court has applied the protections of this amendment to the states

9  through the Due Process Clause of the Fourteenth Amendment.

10     100.   As a direct and proximate result of the violation of the constitutional rights of

11 Plaintiff by Defendants, Plaintiff suffered general and special damages as alleged in this

12 Complaint and are entitled to relief under 42 U.S.C §1983.

13     100.   The conduct of Defendants was willful, malicious, oppressive and/or reckless,

14 and was of such a nature that punitive damages should be imposed in an amount

commensurate with the wrongful acts alleged herein.

15              ### Violation of Federal Civil Rights (42 U.S.C. § 1983)

16                          ### Fourteenth Amendment

17                              As to All Defendants

18     100.   Plaintiff claims that Defendants violated her civil rights by intentionally,

19 willfully, knowingly, recklessly and maliciously acting or purporting to act in the performance

20 of their official duties and in so doing violated Plaintiff's Fourteenth Amendment right to all of

21 the substantive protections of the First, Second, Fourth, Fifth (except for its Grand Jury

22 Clause) and Sixth Amendments and the Cruel and Unusual Punishment Clause of the Eighth

23 Amendment.

24     100.   *__The Court has ruled that, in certain circumstances, the Due Process Clause__*

25 *__requires a judge to recuse himself on account of concern of there being a conflict of__*

26 *__interest. For example, in Caperton v. A.T. Massey Coal Co. (2009) the Court ruled that a__*

27 *__justice of the Supreme Court of Appeals of West Virginia had to recuse himself from a case__*

28 *__that involved a major contributor to his campaign for election to that court.__*

- 298 -

100.    Pursuant to Dennis v. Sparks, (449 U.S. 24 (1980)), private parties in collusion with public entities, officials and employees, also act under color of law for the purposes of claims under 42 U.S.C §1983.  As such, Plaintiff also claims that private party Defendants in this action acted in collusion with public officials and in so doing violated Plaintiff's Fourteenth Amendment right to all of the substantive protections of the First, Second, Fourth, Fifth (except for its Grand Jury Clause) and Sixth Amendments and the Cruel and Unusual Punishment Clause of the Eighth Amendment.

100.    As a direct and proximate result of the violation of the constitutional rights of Plaintiff by Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

100.    The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

100.    No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

100.    "The involvement of a state official in such a conspiracy plainly provides the state action essential to show a direct violation of petitioner's Fourteenth Amendment equal protection rights, whether or not the actions of the police were officially authorized, or lawful; Monroe v. Pape, 365 U.S. 167 (1961); see United States v. Classic, 313 U.S. 299, 326 (1941); Screws v. United States, 325 U.S. 91, 107 -111 (1945); Williams v. United States, 341 U.S. 97, 99 -100 (1951).

- 299 -

## COUNT II

## FRAUD (INTENTIONAL MISREPRESENTATION,

## DECEIT & CONSTRUCTIVE FRAUD)

### **Fraud and Intentional Deceit**

Intentional Misrepresentation

As to All Defendants

1.      Plaintiff claims that Defendants made false representations that harmed her and that  said representations were made orally, in writing, and/or by nonverbal conduct. Plaintiff will demonstrate that Defendants represented to her that important facts were true; that Defendants' representations were, in fact, false; that Defendants' knew that their representations were false when they made them; and that Defendants made these false representations recklessly and without regard for the truth.

2.      Plaintiff will also demonstrate that Defendants intended that Plaintiff would rely (or reasonably rely) on their representations; that Plaintiff did, in fact, rely on Defendants' representations; that Plaintiff was harmed; and that Plaintiff's reliance on Defendants' representations was a substantial factor in causing her harm.

4.      "Fraud" is generally applied in contract causes of action, ***however,*** some jurisdictions use the terms "fraud" and "deceit" interchangeably.  Therefore, to state a comprehensive cause of action, here, Plaintiff claims a cause of action for "Fraud and Deceit."

5.      ***In addition, a plea bargain is a contract between the prosecutor and the defendant, and both parties are required to comply with the terms of their contract. If you have a plea bargain with the prosecutor and you are required to perform particular tasks, the prosecutor may revoke the plea bargain if you fail to satisfy your duties***.

- 300 -

COMPLAINT FOR MONEY DAMAGES, DECLARATORY & INJUNCTIVE RELIEF FOR 42 U.S.C. §1983 CLAIMS, ETC. (AGTG)

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Count Enter JUDGMENT in her favor and against Defendants as follows and in so doing, enter JUDGMENT for consumers and tenants that have lost everything:

ON ALL CAUSES OF ACTION

1. General, special and consequential damages, according to proof at the the time of trial; and

2. For punitive and exemplary damages.

3. For legal interest.

4. For the cost of suit incurred herein.

5. For reasonable attorneys' fees; and

6. For such other and further relief as the Court may deem proper.

Dated: August 15, 2011

ERIN K. BALDWIN
Plaintiff, *Pro Se*

COMPLAINT FOR MONEY DAMAGES, DECLARATORY & INJUNCTIVE RELIEF FOR 42 U.S.C. §1983 CLAIMS, ETC. (AGTG)

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br><br>*Erin K. Baldwin* | **DEFENDANTS**<br><br>*THE STATE BAR OF CALIFORNIA Et. Al* |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No      ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

*U.S.C. 1983*

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☒ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

ED CV 11 - 01300 DOC (SP)

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

| | | |
|---|---|---|
| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| RIVERSIDE COUNTY | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SAN BERNARDINO, ORANGE, L.A. SAN FRANCISCO, SACRAMENTO | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SAN BERNARDINO, ORANGE | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):   _Erin K Baldwin_   Date _8/16/2011_

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |