1  Erin K. Baldwin
2  Post Office Box 3141
   Beaumont, CA 92223
3  (951) 333-1484
   erinbaldwin@rocketmail.com
4  Plaintiff *Pro Se*

5

                                        FILED
6                                CLERK, U.S. DISTRICT COURT

                                    OCT 12 2011
7

8                                CENTRAL DISTRICT OF CALIFORNIA
                                 EASTERN DIVISION     BY DEPUTY

8              UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

10

11  ERIN K. BALDWIN, an Individual        ASSIGNED FOR ALL PURPOSES TO
                                          THE HONORABLE DAVID O. CARTER
12            Plaintiff,                   & MAGISTRATE SHERI PYM
    v.                                    Department 9D
13
    **Bank of America Corporation**; Brian T.
14  Moynihan; Sandor Samuels; **California Attorney**   Case No.  5:11-CV-01300-DOC-SP
    **General**; Kamala Harris; Edmund G. Brown; **The**
15  **State Bar of California; The Client Security**    **SECOND AMENDED COMPLAINT**
    **Fund; The California State Bar Foundation**;
16  Robert A. Hawley; Paul O'Brien; Thomas Layton;      **Demand for Jury Trial**
    John Noonen; Douglas Winthrop; Howard Miller;
17  William Hebert; Joseph L. Dunn; Judy Johnson;       **42 USC §1983 Claims**
    Gwen Moore; Jon Streeter; Jeannine English; **The**   County of Orange
18  **California Department of Real Estate**; The        County of San Bernardino
    Recovery Account; Traci Stevens; Jeff Davi;
19  Barbara Bigby; Steven Ellis; William Moran;         **California State Law Claims**
    Thomas Pool; Wayne Bell; Dionne Young; Erik         Pursuant to 28 U.S.C. §1367(a)
20  Duckworth; **County of Orange**; Nicholas Chrisos;
    Thomas Mauk; Steve Dunivent; **Orange County**       FOR MONEY DAMAGES &
21  **Board of Supervisors**; William Campbell; John     DECLARATORY & INJUNCTIVE
    M.W. Moorlach; Janet Nguyen; Shawn Nelson;          RELIEF RE VIOLATIONS OF
22  Patricia Bates; **Orange County District Attorney**; PLAINTIFF'S CIVIL RIGHTS UNDER
    Tony Rackauckas; Joseph D'Agostino; Elizabeth       THE FIRST, FOURTH, FIFTH, SIXTH,
23  Henderson; **Orange County Public Defender**;        EIGHT, AND FOURTEENTH
    Deborah A. Kwast; Frank Ospino; Jean Wilkinson;     AMENDMENTS TO THE UNITED
24  Denise Gragg; Martin F. Schwarz; Jennifer L.        STATES CONSTITUTION
    Nicolalde; **Orange County Sheriff's Department**;
25  Sandra Hutchens; Brian Cossairt; Wilfred Moreno;    **Request for Court-Appointed Counsel**
    T.J. Young; **County of San Bernardino**; Jean R.
26  Basle; Ruth Stringer; Gregory C. Devereaux; **San**  **Third Request to Withhold Consent to a**
    **Bernardino County Board of Supervisors**; Josie    **Magistrate Judge**
27  Gonzales; Brad Mitzelfelt; Neil F. Derry; Janice
    Rutherford; Gary Ovitt; **San Bernardino County**
28  **District Attorney**; Michael Ramos; Jim
    Hackleman;  Dennis Christy; Scott Byrd; Patrick

                              - 1 -

| | |
|---|---|
| 1 | Christianson; Laura Robles; William Gale; Jonathan Robbins; Melinda Spencer; Timothy Dixon; **San Bernardino County Public Defender**; Doreen Boxer; Lauri Ferguson, Phyllis Morris; Geoffrey Canty; Jeffrey Lawrence; Mark Shoup; Kawika Smith; **San Bernardino County Sheriff's Department**; Rodney Hoops; Bill Abernathy; Gregory Garland; Erroll Bechtel; Jay Blankenship; Lori Bachelor; Douglas Wolfe; Craig Harris; Detective Kruger; Bryan Lane; Jeremy King; Christopher Morsch; Alexander Collins; Brent Meelker; Michael McCracken; James Wijnhamer; Michael Broadhurst; Brian Shedd; Deputy J. Long; Deputy J. Massey; Kelly Papp; Doug Smith; **City of Big Bear Lake**; Rick Herrick; Elizabeth Harris; Bill Jahn; Darrell Mulvihill; Michael Karp; **Century Law Group LLP**; Paul Virgo; Edward O. Lear; **Whittier Law School**; Sharon Herzberger; Penelope L. Bryan; John Fitzgerald; **Parsa Law Group, APC**; James M. Parsa; Deborah Parsa; Arash Dastmalchi; Michael Ponzillo; Roya Rohani; **Starbucks, Inc.**; Paula E. Boggs, Dena Davis, Krista Osborne; **Burkhalter, Kessler, Goodman and George LLP**; Alton G. Burkhalter; Daniel J. Kessler; Eric J. Goodman; Gregory C. Clement; Michael Oberbeck; Rosamund Lockwood; Amanda McLaughlin; David A. Berstein; Nicholas D. Myers; Nicholas P. Kohan; M. Masha Rohani; **UDR, Inc.**; **United Dominion Realty, LP**; **UDR Western Residential, Inc.**; **UDR Villa Venetia Apartments, LP**; **UDR California Properties, LLC**; **UDR California G.P., II, LLC**; James Klingbeil; Thomas W. Toomey; Lynne Sagalyn; Mark Sandler; Warren L. Troupe; David L. Messenger; Richard Giannotti; Melissa Hurtado; Tracy L. Saffos; Karissa Harmon; Debi Froude; **Solution Law Group, LLC; Solution Processing LLC**; Jeffrey A. Cancilla; Craig M. Laverty; **Traut Law Group**; Eric V. Traut; James A. Traut; **Todd A. Brisco & Associates, APC**; Todd A. Brisco; Cynthia S. Poer; Daniel Coor; **Automattic, Inc.**; Matthew Mullenweg; Toni Schneider; Scott Dettmer; Thomas Villeneuve; **The Go Daddy Group, Inc.**; Warren Adelman; Robert Parsons; Martin Andelman; Julie Greenfield; Marilyn Moberg; Thomas V. Girardi; Sarah L. Overton; Franz E. Miller; Stacie Turner; Jodi Roa; Janet Taylor; Keith D. White; Patricia A. White; Jane Hewitt; Jason L. Crow; Michael P. Dolan; CSL Computer Service Langenbach, GmbH; and DOES 1 through 200, inclusive;<br><br>***Defendants*** | **Federal Subponeas To Be Served**<br><br>For the Return of Plaintiff's Property Seized on June 19, 2009, on or about August 31, 2009 and on or about February 25, 2010<br><br>**Claims Under 42 USC §1983**<br><br>1. Malicious Prosecution & Seizure<br>2. Excessive Bail & Fines<br>3. Concealment of Evidence<br>4. Fabrication of False Evidence<br>5. Making False Public Statements<br>6. Monell Claims<br>7. Failure to Supervise & Control<br>8. Conspiracy<br>9. Excessive Force<br>10. California Government Code §815.<br>11. False Arrest & Imprisonment<br><br>**California State Law Claims**<br><br>12. Legal Malpractice<br>13. Breach of Fiduciary Duty (Attorney)<br>14. Professional Negligence<br>15. Conspiracy to Commit Legal Malpractice<br>16. Conspiracy to Engage in Breach of Fiduciary Duty<br>17. Conpiracy to Engage in Professional Negligence<br>18.<br>15. Conversion<br>16. Fraud & Deceit<br>17. Constructive Fraud<br>18. Intentional Misrepresentation |

## NATURE OF THE CASE

1. Erin K. Baldwin *("Plaintiff")*, is an investigative reporter and journalist who wrote and published truthful articles and reports about matters of great public concern.

2. Plaintiff's articles were written and published anonymously strictly for the benefit of California consumers and tenant and were 100% absent a profit motive.

3. The articles were "protected speech" under the First Amendment and as such, were immune from defamation lawsuits, injunctions restraining her speech, and retaliation.

4. Beginning in late 2008, Plaintiff noticed a series of events unfolding that appeared to be intentional fraud against consumers.

5. As a public service, Plaintiff documented this series of events in a public forum to inform and warn California homeowners and renters. The series of events included:

    a. An unusually large number of Californians qualifying for "no down-payment, 1-, 3- and 5-year interest-only" sub-prime mortgage loans, they could not afford.

    b. An equally high number of mortgage loan defaults following the "interest only" period.

    c. An increase in foreclosures and corresponding increase in renters flowing into the California apartment marketplace;

    d. An increase in California homeowners seeking a solution to save their home accompanied by unqualified, opportunistic loan modifications service providers;

    e. A hopelessly flawed and unenforced law, the California Foreclosure Consultants Act ("CFCA") codified in California Civil Code §2945, et seq.

    f. An intentional and premeditated "loophole," in the CFCA that prohibited everyone <u>except attorneys</u> from taking fees in advance of work performed.

    g. A trend of "non-attorneys" (primarily subprime mortgage brokers) associating with attorneys to form "attorney-<u>based</u> law firms" with no lawyers on staff.

    h. An epic fraud upon consumers that reasonably relied upon the fact that "law firms" contained qualified and educated lawyers.

    i. A complete inability of these faux law firms to assert the necessary affirmative defenses required to negotiate a loan modification (i.e., RESPA, TILA).

- 3 -

j.      An abysmal lack of consumer protection by the California Attorney General, California State Bar and California Department of Real Estate.

k.      A historic rise in unemployment rates and small business failure.

l.      A non-existent credit market and crash in home values.

m.      A bailout for the banks who sold the bad loans but no bailout for consumers who bought the loans then lost their homes.

n.      A "too little, too late" bill, SB 94, prohibiting all loan modification service providers, including attorneys, from taking fees in advance of work performed.

o.      An expiration date of SB 94 (2013) to coincide with the expiration date of loans on 3-year and 5-year interest only schedules.

6.      Plaintiff's reports examined the above series of events which implicated the liability of California's Attorney General, State Bar, and Department of Real Estate by:

a.      Exposing the corruption and lack of consumer protection of these three agencies designed to protect consumers;

b.      Revealing the collusory relationship between these three agencies to intentionally defraud California consumers in foreclosure;

c.      Announcing her intent to pursue a Writ of Mandate on behalf of California consumers to facilitate restitution by these three agencies.

d.      Demanding the restitution be paid via the California State Bar "Client Security Fund" and California Department of Real Estate's "Recovery Account."

7.      During a six-month period, nearly 185,000 consumers read and were helped by Plaintiff's reports. However, when criminal cash flow is interrupted, someone has to pay.

8.      With the objective of continuing the criminal cash flow, Plaintiff has been the subject of meritless civil lawsuits, baseless criminal charges, and personal attacks.

9.      These acts intentionally and maliciously deprived Plaintiff of her federal rights under the United States Constitution and federal law as well as California state law.

10.      These acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with Plaintiff's constitutional and state rights.

- 4 -

11.     Plaintiff brings the herein action to federal court for redress of said violations, on the authority of federal legislation, 42 U.S.C. §1983 that states:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable..."

12.     Defendants named herein (and others to be named) are:

    a.     public entities, officials, and employees that acted under color of state law; and

    b.     private parties that acted in collusion with said public officials.

13.     In *Dennis v. Sparks*, 449 U.S. 24 (1980), the U.S. Supreme Court held that private parties acting in collusion with public officials also act under color of law, *to wit:*

> "*Private persons, jointly engaged with state officials in a challenged action, are acting "under color" of law for purposes of 1983 actions. And the judge's immunity from damages liability for an official act that was allegedly the product of a corrupt conspiracy involving bribery of the judge does not change the character of his action or that of his co-conspirators.*"

14.     Also, in *United States v. Price* (383 U.S. 787, 794 (1966); 398 U.S., at 152) the U.S. Supreme Court held:

> "*A private party involved in such a conspiracy, even though not an official of the State, can be liable under 1983. Private persons, jointly engaged with state officials in the prohibited action, are acting "under color" of law for purposes of the statute. To act "under color" of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents.*"

15.     As a result of Defendants' actions, Plaintiff has been deprived of constitutional rights guaranteed under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

16.     Defendants knew that the criminal charges and civil actions against Plaintiff were unsupported by facts and probable cause.

17.     Defendant knew that said actions were based on:

- 5 -

1          a.      fabricated evidence;

2          b.      concealed evidence,

3          c.      false public statements;

4          d.      intentional and premeditated fraud;

5          e.      breach of fiduciary duty; and

6          f.      attorney and judicial misconduct.

18.    Defendants' actions evidenced:

      a.      a reckless and callous disregard for and deliberate indifference to Plaintiff's constitutional rights and state law;

      b.      their respective fiduciary duties to Plaintiff;

      c.      responsibility to the criminal justice system;

      d.      the requirement of coming into each action with "clean hands," and staying that way; and

      e.      the very nature of the proper administration of justice.

19.    In addition, due to Defendants' policies, customs, practices and supervisory misconduct, other persons similarly situated as Plaintiff, are also at risk.

20.    Plaintiff also seeks an order and permanent injunction as set forth in detail, *infra,* to protect others similarly situated as Plaintiff.

21.    Plaintiff also seeks to prohibit further acts by Defendants named herein to prejudge and predetermine the outcome of any cases involving Plaintiff.

22.    Plaintiff is informed and believes that certain Defendants acted in concert to prejudge and predetermine the outcome of the criminal and civil cases against Plaintiff.

23.    Said Defendants had no jurisdiction or power to do so, or to corruptly influence the outcome of any of the cases brought against Plaintiff.

24.    Nonetheless, all of the conduct by these Defendants was done *sub rosa* and as such, was and continues to be extremely prejudicial to Plaintiff.

25.    The Court in *Monroe v. Pape*, 365 U.S. 167 (1971) held that Plaintiff need not exhaust any available state court remedies before bringing the herein Complaint.

26.    The primary purpose of 42 U.S.C. §1983 is to open federal courts to claims that federal rights were violated and seek a remedy.

27.    This is a civil action for monetary damages and declaratory and injunctive relief under 42 U.S.C. §1983 and common law claims the California Constitution.

28.    As claims brought under 42 U.S.C. §1983 are an exception to the federal Anti-Injunction rule, Plaintiff requests a stay on the following state court proceedings:

   a.    *Parsa Law Group v. Bad Biz Finder, et al.,* Orange County Superior Court Case No. 30-2009-00117752; and

   b.    *UDR, Inc. v. Erin Baldwin, et al.,* Orange County Superior Court Case No. 30-2009-00125305.

29.    Plaintiff herein demands a jury trial.

30.    Plaintiff herein requests stand by court-appointed counsel.

31.    Plaintiff herein requests permission to file all further pleadings and receive all pleadings and Court notices electronically via the ECF/CM system.

32.    Plaintiff herein requests permission to serve all Defendants the Second Amended Complaint via mail.

33.    Plaintiff herein notifies the Court (for the third time) that she withholds consent to referral to a Magistrate Judge.

34.    Plaintiff herein notifies the Court that she filed claims with the counties of Orange and San Bernardino prior to filing the herein action; and both claims were rejected.

<u>Violations of the First Amendment to the United States Constitution</u>

35.    Plaintiff claims violations of the First Amendment by Defendants acting in their official capacities under color of state law, in collusion and individually, including her right:

   a.    to freedom of speech without prior restraint;

   b.    to speak critically of the government;

   c.    to publish anonymously;

   d.    to protection from strategic lawsuits against public participation;

   e.    to freedom of the press;

   f.    to petition the government for a redress of grievances;

- 7 -

g.      to peaceably assemble for the purpose of petitioning the government for a redress of grievances; and

h.      to associate with others similarly situated.

36.    Plaintiff engaged in speech communicated in a public forum.

37.    Plaintiff's speech was protected by the First Amendment because it was truthful and about matters of public concern;

38.    Plaintiff acted in good faith in engaging in such protected speech.

39.    Plaintiff had every right to engage in such speech.

40.    Defendants knew or should have known that Plaintiff's speech was protected under federal and state law.

41.    Defendants' acts directly, intentionally, and maliciously violated Plaintiff's First Amendment rights including an intentional and malicious prior restraint of her speech.

42.    Silencing Plaintiff and her protected speech, then concealing said acts, was the substantial and motivating factor in the adverse actions taken by Defendants against Plaintiff.

43.    By their acts, Defendants have retaliated against Plaintiff in violation of Plaintiff's First Amendment rights and Article 1, Section 8 of the California Constitution.

44.    Defendants acted in bad faith under color of state law, in collusion with those acting in under color of state law, or in their individual capacities.

<u>Violations of the Fourth Amendment to the United States Constitution</u>

45.    Plaintiff claims violations of the Fourth Amendment by Defendants acting in their official capacities under color of state law, in collusion and individually, including her right:

a.      to be secure in her person, house, papers, and effects;

b.      to be protected from unreasonable searches and seizures;

c.      to only be subject to warrants upon probable cause;

d.      to only be subject to warrants supported by oath or affirmation; and

e.      to only be subject to warrants that describe the place to be searched and the persons or things to be seized.

46.    Plaintiff's property was unlawfully searched at and seized from her Costa Mesa apartment on June 19, 2009 and never returned despite requests for same.

- 8 -

47.     Plaintiff's property was unlawfully searched at and seized from her Costa Mesa storage unit on or about August 31, 2009 and never returned despite requests for same.

48.     Plaintiff's property was unlawfully searched at and seized from her Big Bear City residence on or about February 25, 2010 and never returned despite requests for same.

49.     Plaintiff's person was unlawfully seized from 613 Big Bear Boulevard, Big Bear City, California on October 8, 2009 and falsely arrested and imprisoned.

50.     Plaintiff's person was unlawfully seized from 1017 Mountainview, Big Bear City, California on February 25, 2010 and falsely arrested and imprisoned.

51.     Plaintiff was subjected to a civil bench warrant without probable cause issued on August 31, 2009 and released on September 10, 2009.

52.     Plaintiff was subjected to a civil bench warrant without probable cause issued on August 10, 2011 and released on August 18, 2011.

53.     Plaintiff was subjected to a written and executed "Private Party Arrest Warrant," on September 23, 2009.

54.     Plaintiff was subjected to a written and executed "Private Party Arrest Warrant," on October 17, 2009.

55.     Defendants knew or should have known that Plaintiff's person, house, papers, and effects were protected from unlawful search and seizure.

56.     Defendants knew or should have known that civil bench warrants issued on a void order had no force of law.

57.     Defendants knew or should have known that "Private Party Arrest Warrants" had no force of law.

58.     Defendants' acts directly, intentionally, and maliciously violated Plaintiff's Fourth Amendment rights.

59.     Silencing Plaintiff and her protected speech, then concealing said acts, was the substantial and motivating factor in the adverse actions taken by Defendants against Plaintiff.

60.     By their acts, Defendants retaliated against Plaintiff for exercising her constitutional rights.

61.     Defendants acted in bad faith under color of state law, in collusion with those

- 9 -

1    acting in under color of state law, or in their individual capacities.

2        62.    Plaintiff seeks a remedy to Defendants' acts in violation of her Fourth

3    Amendment rights by way of this Complaint under 42 U.S.C. §1983.

4        63.    In *Mapp v. Ohio*, 367 U.S. 643 (1961), the U.S. Supreme Court ruled the Fourth

5    Amendment applies to the states by way of the Due Process Clause of the 14th Amendment.

6        64.    In *Mapp v. Ohio*, the Court also ruled that certain searches and seizures violate

7    the Fourth Amendment even when a warrant was properly granted.

8        65.    In *Soldal v. Cook County* (506 U.S. 56, 61, 113 S.Ct. 538, 543 (1992)), the

9    United States Supreme Court held:

10       *"A seizure of property occurs when there is meaningful interference by the government with an individual's possessory interests, <u>such as when police officers take personal property away from an owner to use as evidence</u>."*

11

12        66.    In *United States v. Mendenhall*, 446 U.S. 544, 551, 64 L. Ed. 2d 497, 100 S. Ct.

13    1870 (1980), the Supreme Court held:

14       *"The Fourth Amendment also protects against unreasonable seizure of the person, including a brief detention. <u>The government may not detain an individual even momentarily without reasonable, objective grounds</u>. For example, a person's refusal to listen or answer does not by itself furnish such grounds. A person is seized within the meaning of the Fourth Amendment only when by means of physical force or show of authority <u>his freedom of movement is restrained</u>, and in the circumstances surrounding the incident, a reasonable person would believe that he was not free to leave."*

15

16

17

18

19      <u>Violations of the Fifth Amendment to the United States Constitution</u>

20        67.    Plaintiff claims violations of the Fifth Amendment by Defendants acting in

21    their official capacities under color of state law, in collusion and individually, including her

22    right:      a.      to be protected against prosecution for the same offense;

23          b.      to be protected against being compelled in any criminal case to be a

24    witness against herself;

25          c.      to be protected against the deprivation of liberty without due process of

26    law;

27          d.      to be protected against the deprivation of property without due process

28    of law.

- 10 -

1            e.      to be protected against abuse of government authority in a legal
2    procedure;  and

3            f.      to be protected against the use of evidence illegally obtained by law
4    enforcement officers or in collusion with law enforcement officers.

5       68.     Plaintiff was charged with the crime of contempt on August 31, 2009 in *Parsa*
6    *Law Group v. Bad Biz Finder, et al.* Said contempt charges were dismissed in Plaintiff's favor.

7       69.     Plaintiff was charged with the same crime on November 10, 2009 in a case that
8    on September 2, 2009 was related by law to the case from the first contempt charge.

9       70.     Plaintiff was charged with the crime of contempt on November 10, 2009 in
10   UDR, Inc. v. Bad Biz Finder, et al. Said contempt charges are still pending.

11      71.     On June 19, 2009, Plaintiff was deprived of her property seized from her Costa
12   Mesa apartment without due process of law.

13      72.     On or about August 31, 2009, Plaintiff was deprived of her property seized
14   from her Costa Mesa storage unit without due process of law.

15      73.     On or about February 25, 2010, Plaintiff was deprived of her property seized
16   from her Big Bear City residence without due process of law.

17      74.     On October 8, 2009, Plaintiff was deprived of liberty when she was falsely
18   arrested and imprisoned without due process of law.

19      75.     Defendants knew or should have known that double jeopardy attached at the
20   arraignment of Plaintiff for the second charge of criminal contempt.

21      76.     Defendants knew or should have known that seizure of Plaintiff's property on
22   June 19, 2009 deprived her of her property without due process of law.

23      77.     Defendants knew or should have known that seizure of Plaintiff's property on or
24   about August 31, 2009, deprived her of her property without due process of law.

25      78.     Defendants knew or should have known that seizure of Plaintiff's property on or
26   about February 25, 2010 deprived her of property of her property without due process of law.

27      79.     Defendants knew or should have known that seizure of Plaintiff's person on
28   October 8, 2009 deprived her of her liberty without due process of law.

- 11 -

1      80.    Defendants knew or should have known that seizure of Plaintiff's person on

2  February 25, 2010 deprived her of her liberty without due process of law.

3      81.    Defendants' acts directly, intentionally, and maliciously violated Plaintiff's

4  Fifth Amendment rights.

5      82.    Silencing Plaintiff and her protected speech, then concealing said acts, was the

6  substantial and motivating factor in the adverse actions taken by Defendants against Plaintiff.

7      83.    By their acts, Defendants retaliated against Plaintiff for exercising her

8  constitutional rights.

9      84.    Defendants acted in bad faith under color of state law, in collusion with those

10  acting in under color of state law, or in their individual capacities.

11      85.    Plaintiff seeks a remedy to Defendants' acts in violation of her Fifth

12  Amendment rights by way of this Complaint under 42 U.S.C. §1983.

13          Violations of the Sixth Amendment to the United States Constitution

14      86.    Plaintiff claims violations of the Sixth Amendment by Defendants acting in

15  their official capacities under color of state law, in collusion and individually, including her

16  rights as a criminal defendant:

17          a.    To a speedy and public trial by an impartial jury;

18          b.    To be informed of the nature and cause of the accusation;

19          c.    To be confronted with the witnesses against her;

20          d.    To have compulsory process for obtaining witnesses in her favor; and

21          e.    To have effective assistance of counsel for her defense.

22      87.    Plaintiff was denied the right to a speedy and public trial by an impartial jury

23  when charged with the crime of contempt on August 31, 2009.

24      88.    Plaintiff was denied the right to a speedy and public trial by an impartial jury

25  when charged with the crime of contempt on November 10, 2010.

26      89.    Plaintiff was denied the right to a speedy and public trial by an impartial jury

27  when charged with crimes associated with MSB906348 on October 28, 2010.

28      90.    Plaintiff was denied the right to a speedy and public trial by an impartial jury

when charged with the crime of battery on January 25, 2010.

- 12 -

91.    Plaintiff was denied the right to a speedy and public trial by an impartial jury when charged with the crime of assault with a deadly weapon on February 25, 2010.

92.    Plaintiff was denied the right to be informed of the nature and cause of the accusation when charged with the crime of contempt on August 31, 2009.

93.    Plaintiff was denied the right to be informed of the nature and cause of the accusation when charged with the crime of contempt on November 10, 2009.

94.    Plaintiff was denied the right to be informed of the nature and cause of the accusation when charged with crimes associated with MSB906348 on October 28, 2009.

95.    Plaintiff was denied the right be informed of the nature and cause of the accusation when charged with the crime of battery on January 25, 2010.

96.    Plaintiff was denied the right to be informed of the nature and cause of the accusation when charged with the crime of assault with a deadly weapon on February 25, 2010.

97.    Plaintiff was denied the right to be confronted with the witnesses against her when charged with the crime of contempt on August 31, 2009.

98.    Plaintiff was denied the right to be confronted with the witnesses against her when charged with the crime of contempt on November 10, 2009.

99.    Plaintiff was denied the right to be confronted with the witnesses against her when charged with crimes associated with MSB906348 on October 28, 2009.

100.    Plaintiff was denied the right to be confronted with the witnesses against her when charged with the crime of battery on January 25, 2010.

101.    Plaintiff was denied the right to be confronted with the witnesses against her when charged with the crime of assault with a deadly weapon on February 25, 2010.

102.    Plaintiff was denied the right to obtain witnesses in her favor when charged with the crime of contempt on August 31, 2009.

103.    Plaintiff was denied the right to obtain witnesses in her favor when charged with the crime of contempt on November 10, 2009.

104.    Plaintiff was denied the right to obtain witnesses in her favor when charged with crimes associated with MSB906348 on October 28, 2009.

- 13 -

105. Plaintiff was denied the right to obtain witnesses in her favor when charged with the crime of battery on January 25, 2010.

106. Plaintiff was denied the right to obtain witnesses in her favor when charged with the crime of assault with a deadly weapon on February 25, 2010.

107. Plaintiff was denied the right to have effective assistance of counsel for her defense when charged with the crime of contempt on August 31, 2009.

108. Plaintiff was denied the right to have effective assistance of counsel for her defense when charged with the crime of contempt on November 10, 2009.

109. Plaintiff was denied the right to have effective assistance of counsel for her defense when charged with crimes associated with MSB906348 on October 28, 2009.

110. Plaintiff was denied the right to have effective assistance of counsel for her defense when charged with the crime of battery on January 25, 2010.

111. Plaintiff was denied the right to have effective assistance of counsel for her defense when charged with the crime of assault with a deadly weapon on February 25, 2010.

112. Defendants knew or should have known that Plaintiff was a criminal defendant and entitled to a speedy and public trial by an impartial jury.

113. Defendants knew or should have known that Plaintiff was a criminal defendant and entitled to be informed of the nature and cause of the accusation against her.

114. Defendants knew or should have known that Plaintiff was a criminal defendant and entitled to confront the witnesses against her.

115. Defendants knew or should have known that Plaintiff was a criminal defendant and entitled to obtain witnesses in her favor.

116. Defendants knew or should have known that Plaintiff was a criminal defendant and entitled to have effective assistance of counsel for her defense.

117. Defendants' acts directly, intentionally, and maliciously violated Plaintiff's Sixth Amendment rights.

118. Silencing Plaintiff and her protected speech, then concealing said acts, was the substantial and motivating factor in the adverse actions taken by Defendants against Plaintiff.

119. By their acts, Defendants retaliated against Plaintiff for exercising her constitutional rights.

120. Defendants acted in bad faith under color of state law, in collusion with those acting in under color of state law, or in their individual capacities.

121. Plaintiff seeks a remedy to Defendants' acts in violation of her Sixth Amendment rights by way of this Complaint under 42 U.S.C. §1983.

122. In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court enunciated a test to determine whether the right to speedy trial right has been violated:

    a.      length of delay;

    b.       reason for the delay;

    c.      time and manner in which the defendant has asserted her right;

    d.      degree of prejudice to the defendant which the delay has caused.

123. In *Strunk v. United States* 412 U.S. 434 (1973), the U.S. Supreme Court held:

> *"If the reviewing court finds that a defendant's right to a speedy trial was violated, then the indictment must be dismissed and/or the conviction overturned ...Since the delayed trial is the state action which violates the defendant's rights, no other remedy would be appropriate. Thus, a reversal or dismissal of a criminal case on speedy trial grounds means that no further prosecution for the alleged offense can take place."*

124. In Brewer v. Williams, 430 U.S. 387 (1977), the U.S. Supreme Court held:

> *"The right to counsel means at least that a person is entitled to the help of a lawyer at or after the time that judicial proceedings have been initiated against him, whether by formal charge, preliminary hearing, indictment, information, or arraignment."*
>
> *"Once adversary proceeding have begun against a defendant, he has a right to legal representation when the government interrogates him and that when a defendant is arrested, arraigned on an arrest warrant before a judge and committed by the court to confinement, there can be no doubt that judicial proceedings have been initiated."*

125. In Faretta v. California, 422 U.S. 806 (1975), the U.S. Supreme Court held:

> *"The power to choose or waive counsel lies with the accused, and a state cannot intrude."*

126. The Supreme Court has applied the protections of this amendment to the states through the Due Process Clause of the Fourteenth Amendment.

- 15 -

127.     Defendants' acts directly, intentionally, and maliciously violated Plaintiff's Sixth Amendment rights.

128.     Silencing Plaintiff and her protected speech, then concealing said acts, was the substantial and motivating factor in the adverse actions taken by Defendants against Plaintiff.

129.     By their acts, Defendants retaliated against Plaintiff for exercising her constitutional rights.

130.     Defendants acted in bad faith under color of state law, in collusion with those acting in under color of state law, or in their individual capacities.

131.     Plaintiff seeks a remedy to Defendants' acts in violation of her Sixth Amendment rights by way of this Complaint under 42 U.S.C. §1983.

<u>Violations of the Eighth Amendment to the United States Constitution</u>

132.     Plaintiff claims violations of the Eighth Amendment by Defendants acting in their official capacities under color of state law, in collusion, individually, including her right:

     a.     To be protected against excessive bail;

     b.     To be protected against excessive fines; and

     c.     To be protected against cruel and unusual punishment.

133.     On March 10, 2010, Plaintiff was subjected to excessive bail in connection with San Bernardino County Case No. FSB1000789;

134.     On March 18, 2010, Plaintiff was subjected to excessive bail in connection with San Bernardino County Case No. MSB906348;

135.     On March 18, 2010, Plaintiff was subjected to excessive bail in connection with San Bernardino County Case No. MSB905837;

136.     On March 26, 2010, Plaintiff was subjected to excessive fines in connection with San Bernardino County Case No. MSB906348;

137.     On March 26, 2010, Plaintiff was subjected to excessive fines in connection with San Bernardino County Case No. MSB905837;

138.     On October 8-9, 2009, Plaintiff was subjected to cruel and unusual punishment in the custody of the San Bernardino County Sheriff's Department.

- 16 -

139.    Defendants knew or should have known that Plaintiff was a criminal defendant and entitled to protection against excessive bail.

140.    Defendants knew or should have known that Plaintiff was a criminal defendant and entitled to protection against excessive fines.

141.    Defendants knew or should have known that Plaintiff was a criminal defendant and entitled to protection against cruel and unusual punishment.

142.    In Furman v. Georgia (408 U.S. 238 (1972)), Justice Brennan wrote:

> *"There are, then, four principles by which we may determine whether a particular punishment is "cruel and unusual": (a) a punishment must not by its severity be degrading to human dignity; (b) a severe punishment that is obviously inflicted in wholly arbitrary fashion; (c) a severe punishment that is clearly and totally rejected throughout society; and (d) A severe punishment that is patently unnecessary."*

143.    In *United States v. Salerno*, 481 U.S. 739 (1987), the U.S. Supreme Court held:

> *"The only limitation imposed by the bail clause is that the government's proposed conditions of release or detention not be excessive in light of the perceived evil."*

144.    Defendants' acts directly, intentionally, and maliciously violated Plaintiff's Eighth Amendment rights.

145.    The Supreme Court has applied the protections of this amendment to the states through the Due Process Clause of the Fourteenth Amendment.

146.    Silencing Plaintiff and her protected speech, then concealing said acts, was the substantial and motivating factor in the adverse actions taken by Defendants against Plaintiff.

147.    By their acts, Defendants retaliated against Plaintiff for exercising her constitutional rights.

148.    Defendants acted in bad faith under color of state law, in collusion with those acting in under color of state law, or in their individual capacities.

149.    Plaintiff seeks a remedy to Defendants' acts in violation of her Eighth Amendment rights by way of this Complaint under 42 U.S.C. §1983.

- 17 -

1   <u>Violations of the Fourteenth Amendment to the United States Constitution</u>

2       150.    Plaintiff claims violations of the Fourteenth Amendment by Defendants acting

3   in their official capacities under color of state law, in collusion and individually.

4       151.    Four principles are asserted in the text of the 14th amendment.

5           a.    State and federal citizenship for all persons regardless of race both born

6   or naturalized in the United States was reaffirmed.

7           b.    No state would be allowed to abridge the "privileges and immunities" of

8   citizens.

9           c.    No person was allowed to be deprived of life, liberty, or property

    without "due process of law."

10          d.    No person could be denied "equal protection of the laws."

11      152.    The U.S. Supreme Court ruled that, in certain circumstances, the Due Process

12  Clause requires a judge to recuse himself when there is a conflict of interest.

13      153.    If a judge refuses to recuse himself or the Court of Appeal refuses to disqualify

14  him, Plaintiff's due process rights under the Fourteenth Amendment are violated.

15      154.    As such, Plaintiff's Fourteenth Amendment rights have been violated in the

16  following instances:

17          <u>*Parsa Law Group v. Bad Biz Finder, Erin Baldwin, et al.*</u>

18          a.    On September 18, 2009, Plaintiff filed a 170.6 Peremptory Challenge

19  against Judge Franz E. Miller ("Judge Miller"); it was denied by Judge Miller.

20          b.    On February 24, 2011, Plaintiff filed a Verified Statement & Challenge

21  for Cause against Judge Miller.

22          c.    On March 3, 2011, Judge Miller filed a Verified Answer refusing to

23  recuse himself.

24          d.    On March 17, 2011, Plaintiff filed a Petition for Writ of Mandate

25  against Judge Franz E. Miller mandating his disqualification.

26          e.    On May 5, 2011 the Petitiion was denied by the Court of Appeal.

            <u>*UDR, Inc. v. Bad Biz Finder, Erin Baldwin, et al.*</u>

27          f.    On April 21, 2011, Plaintiff filed a Verified Statement & Challenge for

28

- 18 -

1    Cause against Judge Steven L. Perk who acted onbehalf of Judge Miller when the case was

2    stayed.

3           g.     On April 25, 2011, Plaintiff filed a Verified Statement & Challenge for

4    Cause against Judge Miller.

5           h.     On April 27, 2011, Judge Miller filed a filed a Verified Answer

6    refusing to recuse himself.

7           i.     On May 2, 2011, Plaintiff filed a Writ of Manadate and Request for

8    Emergency Stay of Proceedings.

9           j.     On May 5, 2011 the Petitiion and Request for Emergency Stay of

10   Proceedings were denied by the Court of Appeal.

11          155.   In Monroe v. Pape, 365 U.S. 167 (1961), the U.S. Supreme Court held:

12          *"The involvement of a state official in such a conspiracy plainly
            provides the state action essential to show a direct violation of petitioner's
            Fourteenth Amendment equal protection rights, whether or not the actions of
13          the police were officially authorized, or lawful; see United States v. Classic,
            313 U.S. 299, 326 (1941); Screws v. United States, 325 U.S. 91, 107 -111
14          (1945); Williams v. United States, 341 U.S. 97, 99 -100 (1951).*

15

16          156.   Defendants' acts directly, intentionally, and maliciously violated Plaintiff's

17   Fourteenth Amendment rights.

18          157.   Silencing Plaintiff and her protected speech, then concealing said acts, was the

19   substantial and motivating factor in the adverse actions taken by Defendants against Plaintiff.

20          158.   By their acts, Defendants retaliated against Plaintiff for exercising her

21   constitutional rights.

22          159.   Defendants acted in bad faith under color of state law, in collusion with those

23   acting in under color of state law, or in their individual capacities.

24          160.   Plaintiff seeks a remedy to Defendants' acts in violation of her Fourteenth

25   Amendment rights by way of this Complaint under 42 U.S.C. §1983.

26          161.   Plaintiff's position as the owner and operator of an Internet site constituted a

27   property and liberty interest protected by the Due Process Clause of the 14th Amendment.

28          162.   Defendants' acts constituted a forced interruption of and interference with

- 19 -

1    Plaintiff's property and/or liberty interest protected by the of the 14th Amendment.

2                                Doctrine of Unclean Hands

3        163.    California has long recognized the maxim that: "No one can take advantage of

4    his own wrong." (Civ. Code. § 3517.)

5        164.    The foundation of the Unclean Hands Doctrine was elucidated in Kendall-

6    Jackson Winery, Ltd v. Superior Court (1999) 76 Cal. App.4th 970, 978:

7               *"The unclean hands doctrine protests judicial integrity and promotes
                justice.*

8               *"It protects judicial integrity because allowing a plaintiff with unclean
                hands to recover in an action creates doubts as to the justice provided by the*

9               *judicial system.*

10              *"Thus, precluding recovery to the unclean plaintiff protects the courts,
                rather than the opposing parties' interest.*

11              *"The doctrine promotes justice by making a plaintiff answer for its own
                misconduct in the action.*

12              *"It prevents "a wrongdoer from enjoying the fruits of his transgression.
                "A plaintiff must act fairly in the matter for which he seeks a remedy.*

13              *"He must come into court with clean hands, and keep them clean, or he
                will be denied relief, regardless of the merits of his claim."*

14

15       165.    At least one recent California case suggests the defense of unclean hands may

16   be submitted to the jury. (Fuller-Austin Insulation Company v. Highlands Insurance Company

17   (2006) 135 Cal.App.4th 958, 974.)

18       166.    The Court in Dickson, Carlson & Campillo v. Pole (2000) 83 Cal. App. 4th

19   436, 446 held:

20              *"A plaintiff's inequitable conduct in connection with the matter in controversy
                provides a complete defense to the plaintiff's action. ... Conduct is sufficient to*

21              *constitute unclean hands if it "violates conscience, or good faith, or other
                equitable standards of conduct."*

22

23       167.    The Court in Fladeboe v. American Isuzu Motors, Inc. (2007) 150 Cal.App.4th

24   42, 56. held:

25              *"The Doctrine of Unclean Hands also applies to bad faith conduct by the
                plaintiff in connection with the matter in controversy."*

26       168.    California Courts have long recognized that fraud in the underlying transaction

27   or other inequitable conduct bars relief. (See, Powell v. Bank of Lemoore (1899) 125 Cal.

28
                                            - 20 -

468; Jose v. Utley (1921) 185 Cal. 656; London v. Marco (1951) 103 Cal. App. 2nd 450.)

169. As demonstrated, *supra,* and as will continue to be demonstrated, *infra,* defendants in this action have unclean hands, and have demonstrated bad faith.

170. Plaintiff has been severely prejudiced by the tactics of the Defendants in this action as they were the decision-makers and the ones with all the power.

171. Plaintiff requests no special treatment; only equal treatment and a judicial officer that will be impartial and fair to all regardless of their professional or financial status.

172. Plaintiff hereby requests legal assistance by way of a stand-by counsel.

### B.    JURISDICTION AND VENUE

173. Plaintiff chose to bring her claim in federal court because for 3 years, California state courts actively participated in and allowed many of the herein claims to occur.

174. The original Complaint was filed on August 16, 2011 at the United States District Court, Central District, Eastern Division.

175. The Second Amnded Complaint was filed on September 28, 2011.

176. Regrettably, Plaintiff is experiencing in federal court much of the same participation and allowance as previously experienced on the state level.

177. These facts are set forth in the first section of the Statement of Facts," *infra.*

178. Plaintiff reserves the right to remove her claim directly to the United States Supreme Court if these activities continue.

179. This action arises under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution as well as corollary articles and sections of the Constitution of the State of California, 42 U.S.C. §1983, California law.

180. This Court has original jurisdiction over Plaintiffs' constitutional and federal law claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a).

181. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because they are part of the same case and controversy described by Plaintiffs' federal claims, and independent original jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1332 because this action is between citizens of

1   different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest

2   and costs.

3       182.    Venue is proper in the Central District of California pursuant to 28 U.S.C.

4   §§1391(b)(1), (2), and (3), Eastern Division, because Plaintiff resides in Riverside County and

5   over half of the Defendants reside or work in San Bernardino County and a substantial part of

6   the events giving rise to these claims occurred in the Central District of California, Eastern

7   Division.

## C.    PARTIES TO THE ACTION

### Introduction

8       183.    The definition of "under color of state law" relevant to Plaintiff's claims for

10   relief under 28 U.S.C. §1983 include:

12       a.    Any person that acts beyond the bounds of lawful authority, but in such

   a manner that the unlawful acts were done while the official was purporting or pretending to

13   act in the performance of his official duties.

14       b.    Plaintiff asserts that the public officials named herein maintain a

15   dangerous attitude that they are "untouchable," that they could not possibly be held

16   accountable for their actions against Plaintiff, for three primary reasons:

17       i.    No one has ever successfully held them accountable before,

18   which fact  exacerbates their false sense of security and arrogance;

19       ii.    They believe they are "covered" by a blanket of immunity that

20   prevents Plaintiff from getting close enough to hold them accountable where it hurts the most,

21   their wallets, reputation and liberty;

22       iii.    Their elevated financial and social status made possible by their

23   positions in local, county and state government form a barrier between them and the common

24   citizen (like Plaintiff), particularly when the common citizen is poor and must fight the battle

25   without a lawyer.

26       b.    The unlawful acts must consist of an abuse or misuse of power which is

27   possessed by the official only because he is an official.

28

- 22 -

1       c.     A person may be found guilty even though he was not an official or employee of the State, or of any county, city, or other governmental unit.

3       d.     A private party who acts as a willing participant with public officials and commits such acts, are just as liable as the public officials with whom they colluded.

5       e.     The non-public official defendants named herein are, without exception, private individuals that acted in collusion with the named public official defendants.

7       f.     They did so for the exact same reasons as the public officials did -- for money, power, prestige or a favor.

184.    The U.S. Supreme Court, in *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989), held:

> *a.    California State Agencies and Departments, as government entities, can only be sued for injunctive and declaratory relief, not for monetary damages.*
> *b.    However, officials and employees of California State Agencies can be sued for monetary damages, if they sued in their individual capacities.*
> *c.    As individuals, state officials and employees they have no immunity for their actions, and are liable for money damages as well as injunctive and declaratory relief.*

185.    These California State Agencies and their respective Defendants are:

a.    <u>California Attorney General's Office</u>:  Kamala Harris, serving as the current Attorney General; and Edmund G. Brown, as the former Attorney General; sued in their individual capacities.

b.    <u>California State Bar</u>: Robert A. Hawley; Paul O'Brien; Thomas Layton; John Noonen; Douglas Winthrop; Howard Miller; William Hebert; Joseph L. Dunn; Judy Johnson; Gwen Moore; Jon Streeter; and Jeannine English; sued in their individual capacities.

c.    <u>California Law Enforcement Agencies</u>:  The agencies below are participating agencies and voluntary members of the State of California Commission on Peace Officer Standards & Training ("POST"):

i.    ***Orange County District Attorney:***  Tony Rackauckas; Joseph D'Agostino; Elizabeth Henderson;

- 23 -

    ii. **Orange County Sheriff's Department**: Sandra Hutchens; Brian Cossairt; Wilfred Moreno; T.J. Young;

    iii. **San Bernardino County District Attorney**: Michael Ramos; Jim Hackleman; Dennis Christy; Scott Byrd; Patrick Christianson; Laura Robles; William Gale; Jonathan Robbins; Melinda Spencer; Timothy Dixon; and

    iv. **San Bernardino County Sheriff's Department**: Rodney Hoops; Bill Abernathy; Gregory Garland; Erroll Bechtel; Jay Blankenship; Lori Bachelor; Douglas Wolfe; Craig Harris; Detective Kruger; Bryan Lane; Jeremy King; Christopher Morsch; Alexander Collins; Brent Meelker; Michael McCracken; James Wijnhamer; Michael Broadhurst; Brian Shedd; Deputy J. Long; Deputy J. Massey;

    d. California Business, Transportation, & Housing Agency: Traci Stevens

    e. California Courts: Stacie Turner and Jodi Roa

    f. California Court Reporters Board: Janet Taylor

    g. California Courts of Appeal: Kathleen Rossi

  186. "Persons" include officials/ employees of California State Departments and are sued herein in their individual capacities and have no immunity against liability.

    a. California Department of Justice: Kamala Harris, as the current Attorney General and Edmund G. Brown, as the former Attorney General.

    b. California Department of Real Estate: Jeff Davi; Barbara Bigby; Steven Ellis; William Moran; Thomas Pool; Wayne Bell; Dionne Young; Erik Duckworth;

    c. California Department of Public Health: Brian Cronin; Kelly Papp; Doug Smith.

  187. Counties and cities are "persons" subject to suit for money damages and prospective relief. (See, *Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 701 (1978)).

  188. Employees of local government can be sued in their individual capacities for monetary damages, declaratory or injunctive relief. (See, City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985)).

  189. Plaintiff seeks a remedy for acts by an official in their individual capacities:

a.   Under a State law;

b.   Under any ordinance of a county or municipality of the State;

c.   Under any regulation issued by any State, County or Municipal official,

d.   By an official under color of some State or local custom.

190.   Plaintiff also seeks a remedy for acts done by private parties in collusion with public officials.

191.   In A state is not a "person", but state officials named in their personal capacity are "persons," for purposes of and not in their professional capacity.

192.   In *United States v. Classic*, 313 U.S. 299, 61 S. Ct. 1031, 85 L. Ed. 1368 [1941]) the U.S. Supreme Court held:

> *"The Supreme Court has broadly construed the provision "under color of any statute" to include virtually any state action including the exercise of power of one "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."*

193.   Thus, Defendant's employment with the government may indicate state action, although it does not conclusively prove it.

a.   Even if Defendant's acts are not pursuant to a state statute, Plaintiff may still demonstrate that he acted pursuant to a "custom or usage" that has the same force of law.

b.   In *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970), the U.S. Supereme Court held:

> *"The plaintiff prove[d] that she was refused service in a restaurant due to her race because of a state-enforced custom of racial segregation, even though no state statute promoted racial segregation in restaurants."*

194.   A successful section 1983 claim also requires a showing of the deprivation of a constitutional or federal statutory "right."

195.   This showing is required because section 1983 creates a remedy when rights are violated but does not create any rights itself.

196.   It is not enough to show a violation of a federal law because all federal laws do not necessarily create federal rights.

197.   A violation of the Fourth Amendment's guarantee against unreasonable searches and seizures is an example of a federal constitutional right that may be deprived.

- 25 -

198.   Deprivation of federal statutory rights is also actionable when it can be shown that the statute creates a federal right.

199.   To show that a federal statute creates a federal right, the plaintiff must demonstrate that the federal law was designed and clearly intended to benefit the plaintiff.

200.   The result of this demonstration will be the creation of a federal right.

201.   For example, in *Maine v. Thiboutot,* 448 U.S. 1, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980), the U.S. Supreme Court held:

> *"A person's entitlement to welfare benefits under the federal Social Security Act is a federal right stemming from a federal statute that can be protected by section 1983."*

## C.   PARTIES TO THE ACTION

### Plaintiff

202.   Erin K. Baldwin ("Plaintiff") is an investigative reporter and journalist who wrote and published truthful, fact-based, and legally-substantiated articles and reports about matters of great public concern.

203.   This work was done strictly for the benefit of California consumers and tenants, anonymously (at least initially), and was 100% absent a profit motive.

204.   Accordingly, these articles and reports were "protected speech" under the First Amendment, immune from defamation lawsuits, injunctions restraining her speech, and retaliation.

205.   The underlying theme of this entire action is that Plaintiff was very good at what she did; *__too__* good as far as Defendants were concerned.

206.   Plaintiff knows how to conduct indepth research and wrote compelling and timely articles that exposed Defendants' fraud, corruption and collusion with others.

207.   Defendants would rather have kept that information to themselves as it was making them very rich at the expense of vulnerable consumers in foreclosure and others.

208.   Plaintiff's primary categories of investigation were:

    a.   California loan modification fraud;

    b.   The unlawful California leases landlord, UDR, Inc.

c.    The oppressive and corrupt judicial, law enforcement, legal, and political systems in the ccounties of Orange and San Bernardino.

d.    The lack of consumer protection in the California Attorney General's Office, the California State Bar and the the California Department of Real Estate.

nvironment in San Bernardino County law enforcement, judicial system, public legal offices, and politicians in general.

209.    This Complaint describes thirty-five separate civil and criminal actions taken against Plaintiff to silence her and her reports, all of which violated her constitutional rights.

## C.    PARTIES TO THE ACTION
### Introduction to Defendants

210.    Bank of America *("Defendant BOA")* is the single largest beneficiary of mortgage fraud in California.

211.    This is due, in large part, to its collusory relationship with the:

a.    California Attorney General's Office *("Defendant CAG");*

b.    California State Bar *("Defendant CSB"),* and

c.    California Department of Real Estate *("Defendant DRE").*

212.    Plaintiff now represents an obstacle to Defendant BOA's surreptitious strategy to finalize a settlement deal of its outstanding consumer claims.

213.    The strategy was for Defendant BOA's to pay off its consumer claims directly to Defendants CAG, CSB, and DRE for pennies on the dollar.

214.    In exchange, Defendants CAG, CSB, and DRE would agree to stall, then reject, all consumer claims, thereby circumventing restitution to the claimants altogether.

215.    Due to the fact that Plaintiff is neither an attorney nor real estate professional, Defendants CAG, CSB, and DRE has no jurisdiction over her.

216.    Therefore, they had to call upon non-public entities to implement their objectives pertaining to Plaintiff. They called upon:

a.    Non-public conspirator and beneficiary Thomas V. Girardi, Esq. *("Defendant Girardi")* and his associates; and

- 27 -

b.    Non-public conspirator and beneficiary James M. Parsa *("Defendant Parsa")* and his associates.

217.    Defendant Girardi's associates are predominately (but not limited to) public officials acting under color of state law at Defendants CAG, CSB, and DRE (past and present), as well as public officials (past and present) acting under color of state law in the counties of Orange and San Bernardino.

218.    Defendant Parsa's associates are predominately (but not limited to) private parties in collusion with public officials acting under color of state law. *Dennis v. Sparks, supra,* clearly enunciated that private parties in collusion with public officials are just as liable, under 42 U.S.C. §1983, as the public officials with whom they collude.

219.    Defendant Parsa's associates also include fellow loan modification fraud attorneys that, prior to the enactment of Senate Bill 94, unlawfully and intentionally associated with non-attorneys to assist them evade the law prohibiting all loan modification service providers (*except attorneys*) from collecting fees in advance of work performed.

220.    And finally, Defendant Parsa's associates include open forum media outlets to the public and electronic communication channels that that have a history of colluding with public officials for financial gain as well as attorneys acting on behalf of loan modification service providers to violate Plaintiff's constitutional right to unrestrained and protected speech about matters of public concern.

221.    The bridge that connects Defendants Girardi and Parsa is Century Law Group LLC *("Defendant CLG")*, run by two former California State Bar employees, Edward O. Lear, Esq. *("Defendant Lear")* and Paul J. Virgo, Esq. *("Defendant Virgo")*. Defendant CLG's primary practice area is to protect attorneys with large client trust accounts that get caught breaking the law. Defendant CSB is Defendant CLG's primary referral source.

222.    The actions taken against Plaintiff, almost without exception, are offenses that can be traced to Defendants BOA, CAG, CSB, DRE, Girardi and his associates and Defendant Parsa and his associates. This is not to say that all defendants named in this complaint colluded and conspired with all other defendants in this complaint, creating one grand conspiracy. That is not correct, however, Plaintiff's investigative reports exposing fraud in

- 28 -

matters of public concern united all defendants together in one common cause, to silence Plaintiff in order to continue the fraud resulting in unjust enrichment against California consumers and tenants.

## PARTIES TO THE ACTION

### Defendants

223.   **Bank of America Corporation** *("Defendant BOA")* is a Delaware corporation, doing business under said name in California since December 28, 1998, Corporate Number C2128692.  It maintains its principal place of business in Charlotte, North Carolina and maintains a California agent for service of process at CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017.

224.   **Brian T. Moynihan** *("Defendant Moynihan")* was at all times relevant to this case President and Chief Executive Officer of Defendant BOA.

      a.   Upon information and belief, Defendant Moynihan, is and has been, at all times relevant to this action, a citizen and resident of the state of North Carolina.

      b.   Defendant Moynihan acted in his official capacity to further the agenda of Defendant BOA in collusion with Defendants CAG, CSB, and DRE to silence Plaintiff reports, thereby intentionally and maliciously violating her constitutional rights.

      c.   Defendant Moynihan acted in his individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

      d.   Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

      e.   Defendant Moynihan's acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with  Plaintiff's constitutional rights and her rights under California state law.

      f.   Plaintiff seeks action against Defendant Moynihan in both his official and individual capacities.

225.   **Sandor Samuels** *("Defendant Samuels")* was at all times relevant to this case General Counsel of Countrywide Financial purchased by Bank of America on July 1, 2008.

      a.   Upon information and belief, Defendant Harris is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

b.      Defendant Harris acted in her official capacity to further the agenda of her office as well as Defendants BOA, CSB, and DRE to silence Plaintiff reports, thereby intentionally and maliciously violating her constitutional rights.

c.      Defendant Harris acted in her individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

d.      Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

e.      Defendant Harris' acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights and her rights under California state law.

f.      Plaintiff seeks action against Defendant Harris in both her official and individual capacities.

226.    **The California Attorney General's Office**, is a California State Agency *("Defendant CAG")*.

227.    **Kamala Harris** *("Defendant Harris")* was at all times relevant to this case the current California Attorney General employed by a California State Agency, Defendant CAG.

a.      Upon information and belief, Defendant Harris is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

b.      Defendant Harris acted in her official capacity to further the agenda of her office as well as Defendants BOA, CSB, and DRE to silence Plaintiff reports, thereby intentionally and maliciously violating her constitutional rights.

c.      Defendant Harris acted in her individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

d.      Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

e.      Defendant Harris' acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights and her rights under California state law.

f.      Plaintiff seeks action against Defendant Harris in both her official and individual capacities.

228.    **Edmund G. Brown** *("Defendant Brown")* was at all times relevant to this case

- 30 -

the former California Attorney General employed by a California State Agency, Defendant CAG.

      a.    Upon information and belief, Defendant Brown is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

      b.    Defendant Brown acted in his official capacity to further the agenda of his office as well as Defendants BOA, CSB, and DRE to silence Plaintiff reports, thereby intentionally and maliciously violating her constitutional rights.

      c.    Defendant Brown acted in his individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

      d.    Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

      e.    Defendant Brown 's acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights and her rights under California state law.

      f.    Plaintiff seeks action against Defendant Brown in both his official and individual capacities.

229.    **The State Bar of California** *("Defendant CSB")* is a California State Agency.

230.    **The Client Security Fund** *("Defendant CSB-CSF")* was set up to be the Consumer Protection Division of Defendant CSB.

231.    **The California State Bar Foundation** *("Defendant CSB-F")* is a 501(c)(3) nonprofit organization founded in 1990, affiliated with the Defendant CSB.

232.    **Robert A. Hawley** ("*Defendant Hawley*") was at all times relevant to this case the Deputy Executive Director of Defendant CSB.

      a.    Upon information and belief, Defendant Hawley is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

      b.    Defendant Hawley acted in his official capacity to further the agenda of Defendant CSB to silence Plaintiff reports, thereby intentionally and maliciously violating her constitutional rights.

      c.    Defendant Hawley acted in his individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

      d.    Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

- 31 -

e. Defendant O'Brien's acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights and her rights under California state law.

f. Plaintiff seeks action against Defendant O'Brien in both his official and individual capacities.

233. **Paul O'Brien** ("*Defendant O'Brien*") was at all times relevant to this case an Attorney employed by Defendant CSB.

a. Upon information and belief, Defendant O'Brien is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

b. Defendant O'Brien acted in his official capacity to further the agenda of Defendant CSB to silence Plaintiff reports, thereby intentionally and maliciously violating her constitutional rights.

c. Defendant O'Brien acted in his individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

d. Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

e. Defendant O'Brien's acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights and her rights under California state law.

f. Plaintiff seeks action against Defendant O'Brien in both his official and individual capacities.

234. **Thomas Layton** ("*Defendant Layton*") was at all times relevant to this case an Investigator employed by Defendant CSB.

a. Upon information and belief, Defendant Layton is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

b. Defendant Layton acted in his official capacity to further the agenda of Defendant CSB to silence Plaintiff reports, thereby intentionally and maliciously violating her constitutional rights.

c. Defendant Layton acted in his individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

d. Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

- 32 -

1

2          e.      Defendant Layton 's acts evidenced a reckless and callous disregard for,
deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights
3    and her rights under California state law.

4          f.      Plaintiff seeks action against Defendant Layton in both his official and
individual capacities.

5

6    235.    **John Noonen** ("*Defendant Noonen*") was at all times relevant to this case an
Investigator employed by Defendant CSB.

7

8          a.      Upon information and belief, Defendant Noonen is, and has been, at all
times relevant to this action, a citizen and resident of the state of California.

9          b.      Defendant Noonen acted in his official capacity to further the agenda of
Defendant CSB to silence Plaintiff reports, thereby intentionally and maliciously violating her
10   constitutional rights.

11         c.      Defendant Noonen acted in his individual capacity, in collusion with
12   public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and
maliciously violating her constitutional rights.

13         d.      Said reports exposed the fraud, corruption and collusory relationships of
14   Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

15         e.      Defendant Noonen 's acts evidenced a reckless and callous disregard for,
16   deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights
and her rights under California state law.

17         f.      Plaintiff seeks action against Defendant Noonen in both his official and
18   individual capacities.

19   236.    **Douglas Winthrop** ("*Defendant Winthrop*") was at all times relevant to this
20   case the Chairman of Defendant CSB-F.

21         a.      Upon information and belief, Defendant Winthrop is, and has been, at
22   all times relevant to this action, a citizen and resident of the state of California.

23         b.      Defendant Winthrop acted in his official capacity to further the agenda
of Defendant CSB to silence Plaintiff reports, thereby intentionally and maliciously violating
24   her constitutional rights.

25         c.      Defendant Winthrop acted in his individual capacity, in collusion with
public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and
26   maliciously violating her constitutional rights.

27         d.      Said reports exposed the fraud, corruption and collusory relationships of
28   Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

- 33 -

1

2       e.      Defendant Winthrop's acts evidenced a reckless and callous disregard
for, deliberate indifference to, and an intentional interference with  Plaintiff's constitutional

3  rights and her rights under California state law.

4       f.      Plaintiff seeks action against Defendant Winthrop in both his official
and individual capacities.

5

6       237.    **Howard Miller** ("*Defendant Miller*") was at all times relevant to this case the
President of Defendant CSB.

7

8       a.      Upon information and belief, Defendant Miller is, and has been, at all times
relevant to this action, a citizen and resident of the state of California.

9

10      b.      Defendant Miller acted in his official capacity to further the agenda of
Defendant CSB to silence Plaintiff reports, thereby intentionally and maliciously violating her
constitutional rights.

11

12      c.      Defendant Miller acted in his individual capacity, in collusion with
public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and
maliciously violating her constitutional rights.

13

14      d.      Said reports exposed the fraud, corruption and collusory relationships of
Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

15

16      e.      Defendant Miller acts evidenced a reckless and callous disregard for,
deliberate indifference to, and an intentional interference with  Plaintiff's constitutional rights
and her rights under California state law.

17

18      f.      Plaintiff seeks action against Defendant Miller in both his official and
individual capacities.

19

20      238.    **William Hebert** ("*Defendant Hebert*") was at all times relevant to this case the
President of Defendant CSB.

21

22      a.      Upon information and belief, Defendant Hebert is, and has been, at all
times relevant to this action, a citizen and resident of the state of California.

23

24      b.      Defendant Hebert acted in his official capacity to further the agenda of
Defendant CSB to silence Plaintiff reports, thereby intentionally and maliciously violating her
constitutional rights.

25

26      c.      Defendant Hebert acted in his individual capacity, in collusion with
public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and
maliciously violating her constitutional rights.

27

28      d.      Said reports exposed the fraud, corruption and collusory relationships of
Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

- 34 -

e. Defendant Hebert acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights and her rights under California state law.

f. Plaintiff seeks action against Defendant Hebert in both his official and individual capacities.

239. **Joseph L. Dunn** ("*Defendant Dunn*") was at all times relevant to this case the Executive Director of Defendant CSB.

a. Upon information and belief, Defendant Dunn is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

b. Defendant Dunn acted in his official capacity to further the agenda of Defendant CSB to silence Plaintiff reports, thereby intentionally and maliciously violating her constitutional rights.

c. Defendant Dunn acted in his individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

d. Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

e. Defendant Dunn acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights and her rights under California state law.

f. Plaintiff seeks action against Defendant Dunn in both his official and individual capacities.in both his official and individual capacities.

240. **Judy Johnson** ("*Defendant Johnson*") was at all times relevant to this case the Executive Director of Defendant CSB.

a. Upon information and belief, Defendant Johnson is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

b. Defendant Johnson acted in her official capacity to further the agenda of Defendant CSB to silence Plaintiff reports, thereby intentionally and maliciously violating her constitutional rights.

c. Defendant Johnson acted in her individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

d. Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

- 35 -

1

2    e.    Defendant Johnson's acts evidenced a reckless and callous disregard for,
deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights

3    and her rights under California state law.

4    f.    Plaintiff seeks action against Defendant Johnson in both his official and
individual capacities.in both his official and individual capacities.

5

6    241.   **Gwen Moore** ("*Defendant Moore*") was at all times relevant to this case a
Public Member of Defendant CSB's Board of Governors.

7

8    a.    Upon information and belief, Defendant Moore is, and has been, at all
times relevant to this action, a citizen and resident of the state of California.

9

10   b.    Defendant Moore acted in her official capacity to further the agenda of
Defendant CSB to silence Plaintiff reports, thereby intentionally and maliciously violating her
constitutional rights.

11

12   c.    Defendant Moore acted in her individual capacity, in collusion with
public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and

13   maliciously violating her constitutional rights.

14   d.    Said reports exposed the fraud, corruption and collusory relationships of
Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

15

16   e.    Defendant Moore's acts evidenced a reckless and callous disregard for,
deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights
and her rights under California state law.

17

18   f.    Plaintiff seeks action against Defendant Moore in both his official and
individual capacities.in both his official and individual capacities.

19

20   242.   **Jon Streeter** ("*Defendant Streeter*") was at all times relevant to this case the
President of Defendant CSB and Member of Defendant CSB's Board of Governors.

21

22   a.    Upon information and belief, Defendant Streeter is, and has been, at all
times relevant to this action, a citizen and resident of the state of California.

23   b.    Defendant Streeter acted in his official capacity to further the agenda of
Defendant CSB to silence Plaintiff reports, thereby intentionally and maliciously violating her

24   constitutional rights.

25   c.    Defendant Streeter acted in his individual capacity, in collusion with
public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and

26   maliciously violating her constitutional rights.

27   d.    Said reports exposed the fraud, corruption and collusory relationships of
28   Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

- 36 -

e.      Defendant Streeter's acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights and her rights under California state law.

f.      Plaintiff seeks action against Defendant Streeter in both his official and individual capacities.in both his official and individual capacities.

243.   **Jeannine English** ("*Defendant English*") was at all times relevant to this case a Public Member of Defendant CSB's Board of Governors.

a.      Upon information and belief, Defendant English is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

b.      Defendant English acted in her official capacity to further the agenda of Defendant CSB to silence Plaintiff reports, thereby intentionally and maliciously violating her constitutional rights.

c.      Defendant English acted in her individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

d.      Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

e.      Defendant English's acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights and her rights under California state law.

f.      Plaintiff seeks action against Defendant English in both his official and individual capacities.in both his official and individual capacities.

244.   **The California Department of Real Estate** *("Defendant DRE")* is a California State Agency.

245.   **The Recovery Account** ("Defendant DRE-RA") was set up to be the Consumer Protection Division of Defendant DRE.

246.   **Traci Stevens** ("*Defendant Stevens*") was at all times relevant to this case Acting Undersecretary to the California Business, Transportation and Housing Agency overseeing the California Department of Real Estate.

a.      Upon information and belief, Defendant Stevens is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

1

                b.     Defendant Stevens acted in her official capacity to further the agenda of

2

Defendant CSB to silence Plaintiff reports, thereby intentionally and maliciously violating her constitutional rights.

3

                c.     Defendant Stevens acted in her individual capacity, in collusion with

4

public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

5

                d.     Said reports exposed the fraud, corruption and collusory relationships of

6

Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

7

                e.     Defendant Stevens's acts evidenced a reckless and callous disregard for,

8

deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights and her rights under California state law.

9

                f.     Plaintiff seeks action against Defendant Stevens in both his official and

10

individual capacities.in both his official and individual capacities.

11

    247.   **Jeff Davi** ("*Defendant Davi*") was at all times relevant to this case

12

Commissioner of Defendant DRE.

13

                a.     Upon information and belief, Defendant Davi is, and has been, at all

14

times relevant to this action, a citizen and resident of the state of California.

15

                b.     Defendant Davi acted in his official capacity to further the agenda of

16

Defendant DRE to silence Plaintiff reports, thereby intentionally and maliciously violating her constitutional rights.

17

                c.     Defendant Davi acted in his individual capacity, in collusion with public

18

officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

19

                d.     Said reports exposed the fraud, corruption and collusory relationships of

20

Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

21

                e.     Defendant Davi's acts evidenced a reckless and callous disregard for,

22

deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights and her rights under California state law.

23

                f.     Plaintiff seeks action against Defendant Davi in both his official and

24

individual capacities.in both his official and individual capacities.

25

    248.   **Barbara Bigby** ("*Defendant Bigby*") was at all times relevant to this case Chief

26

Deputy Commissioner and now Acting Commissioner of Defendant DRE.

27

        a.     Upon information and belief, Defendant Bigby is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

28

1

        b.     Defendant Bigby acted in her official capacity to further the agenda of Defendant DRE to silence Plaintiff reports, thereby intentionally and maliciously violating her constitutional rights.

2

3

        c.     Defendant Bigby acted in her individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

4

5

        d.     Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

6

7

        e.     Defendant Bigby's acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with  Plaintiff's constitutional rights and her rights under California state law.

8

9

        f.     Plaintiff seeks action against Defendant Bigby in both his official and individual capacities.in both his official and individual capacities.

10

11

    249.   **Steven Ellis** ("*Defendant Ellis*") was at all times relevant to this case Head of the Administration & Licensing Division of Defendant DRE.

12

13

        a.     Upon information and belief, Defendant Ellis is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

14

15

        b.     Defendant Ellis acted in his official capacity to further the agenda of Defendant DRE to silence Plaintiff reports, thereby intentionally and maliciously violating her constitutional rights.

16

17

        c.     Defendant Ellis acted in his individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

18

19

        d.     Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

20

21

        e.     Defendant Ellis' acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with  Plaintiff's constitutional rights and her rights under California state law.

22

23

        f.     Plaintiff seeks action against Defendant Ellis in both his official and individual capacities.in both his official and individual capacities.

24

25

    250.   **Wayne Bell** ("*Defendant Bell*") was at all times relevant to this case Head of the Legal Division of Defendant DRE.

26

27

        a.     Upon information and belief, Defendant Bell is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

28

- 39 -

1        b.      Defendant Bell acted in his official capacity to further the agenda of
2  Defendant DRE to silence Plaintiff reports, thereby intentionally and maliciously violating her
   constitutional rights.

3        c.      Defendant Bell acted in his individual capacity, in collusion with public
4  officials, acting under color of state law, to harm Plaintiff, thereby intentionally and
   maliciously violating her constitutional rights.

5        d.      Said reports exposed the fraud, corruption and collusory relationships of
6  Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

7        e.      Defendant Bell's acts evidenced a reckless and callous disregard for,
8  deliberate indifference to, and an intentional interference with  Plaintiff's constitutional rights
   and her rights under California state law.

9        f.      Plaintiff seeks action against Defendant Bell in both his official and
10 individual capacities.in both his official and individual capacities.

11     251.    **William Moran** ("*Defendant Moran*") was at all times relevant to this case
12 Head of the Enforcement Division of Defendant DRE.

13       a.      Upon information and belief, Defendant Moran is, and has been, at all
14 times relevant to this action, a citizen and resident of the state of California.

15       b.      Defendant Moran acted in his official capacity to further the agenda of
16 Defendant DRE to silence Plaintiff reports, thereby intentionally and maliciously violating her
   constitutional rights.

17       c.      Defendant Moran acted in his individual capacity, in collusion with
18 public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and
   maliciously violating her constitutional rights.

19       d.      Said reports exposed the fraud, corruption and collusory relationships of
20 Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

21       e.      Defendant Moran's acts evidenced a reckless and callous disregard for,
22 deliberate indifference to, and an intentional interference with  Plaintiff's constitutional rights
   and her rights under California state law.

23       f.      Plaintiff seeks action against Defendant Moran in both his official and
24 individual capacities.in both his official and individual capacities.

25     252.    **Thomas Pool** ("*Defendant Pool*") was at all times relevant to this case Head of
26 the Legislation & Public Information Division of Defendant DRE.

27       a.      Upon information and belief, Defendant Pool is, and has been, at all
28 times relevant to this action, a citizen and resident of the state of California.

- 40 -

b.      Defendant Pool acted in his official capacity to further the agenda of Defendant DRE to silence Plaintiff reports, thereby intentionally and maliciously violating her constitutional rights.

c.      Defendant Pool acted in his individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

d.      Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

e.      Defendant Pool's acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights and her rights under California state law.

f.      Plaintiff seeks action against Defendant Pool in both his official and individual capacities.in both his official and individual capacities.

253.    **Dionne Young** ("*Defendant Young*") was at all times relevant to this case a Deputy Commissioner of Defendant DRE acting as Supervisor of Defendant Duckworth, *infra.*

a.      Upon information and belief, Defendant Young is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

b.      Defendant Young acted in his official capacity to further the agenda of Defendant DRE to silence Plaintiff reports, thereby intentionally and maliciously violating her constitutional rights.

c.      Defendant Young acted in his individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

d.      Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

e.      Defendant Young's acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights and her rights under California state law.

f.      Plaintiff seeks action against Defendant Young in both his official and individual capacities.in both his official and individual capacities.

254.    **Erik Duckworth** ("*Defendant Duckworth*") was at all times relevant to this case a Deputy Commissioner of Defendant DRE.

a.      Upon information and belief, Defendant Duckworth is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

- 41 -

b.      Defendant Duckworth acted in his official capacity to further the agenda of Defendant DRE to silence Plaintiff reports, thereby intentionally and maliciously violating her constitutional rights.

c.      Defendant Duckworth acted in his individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

d.      Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as others.

e.      Defendant Duckworth's acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with  Plaintiff's constitutional rights and her rights under California state law.

f.      Plaintiff seeks action against Defendant Duckworth in both his official and individual capacities.in both his official and individual capacities.

255.    **County of Orange** *("Defendant County of Orange")* is a California Municipality.

256.    **Nicholas Chrisos** ("*Defendant Chrisos*") was at all times relevant to this case County Counsel for the County of Orange.

a.      Upon information and belief, Defendant Chrisos is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

b.      Defendant Chrisos acted in his official capacity to further the agenda of Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD to silence Plaintiff's reports, and conceal the fraud and corruption surrounding the County of Orange litigation against Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

c.      Defendant Chrisos acted in his individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

d.      Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD and others.

e.      Defendant Chrisos's acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with  Plaintiff's constitutional rights and her rights under California state law.

f.      Plaintiff seeks action against Defendant Chrisos in both his official and individual capacities.in both his official and individual capacities.

- 42 -

257. **Thomas Mauk** ("*Defendant Mauk*") was at all times relevant to this Executive Officer of the County of Orange.

    a.    Upon information and belief, Defendant Mauk is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

    b.    Defendant Mauk acted in his official capacity to further the agenda of Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD to silence Plaintiff's reports, and conceal the fraud and corruption surrounding the County of Orange litigation against Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

    c.    Defendant Mauk acted in his individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

    d.    Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD and others.

    e.    Defendant Mauk's acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights and her rights under California state law.

    f.    Plaintiff seeks action against Defendant Mauk in both his official and individual capacities.in both his official and individual capacities.

258. **Steve Dunivent** ("*Defendant Dunivent*") was at all times relevant to this case Deputy County Executive Officer for Government and Public Services for the County of Orange with direct oversight of the Orange County Public Defender's Office.

    a.    Upon information and belief, Defendant Dunivent is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

    b.    Defendant Dunivent acted in his official capacity to further the agenda of Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD to silence Plaintiff's reports, and conceal the fraud and corruption surrounding the County of Orange litigation against Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

    c.    Defendant Dunivent acted in his individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

    d.    Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD and others.

- 43 -

e.     Defendant Dunivent's acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights and her rights under California state law.

f.     Plaintiff seeks action against Defendant Dunivent in both his official and individual capacities.in both his official and individual capacities.

259.     **Orange County Board of Supervisors** *("Defendant OCBS")* is a County Agency for Defendant County of Orange.

260.     **William Campbell** (*"Defendant Campbell"*) was at all times relevant to this case a Chairman of the Orange County Board of Supervisor and Supervisor for the Third District.

a.     Upon information and belief, Defendant Campbell is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

b.     Defendant Campbell acted in his official capacity to further the agenda of Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD to silence Plaintiff's reports, and conceal the fraud and corruption surrounding the County of Orange litigation against Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

c.     Defendant Campbell acted in his individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

d.     Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD and others.

e.     Defendant Campbell's acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights and her rights under California state law.

f.     Plaintiff seeks action against Defendant Campbell in both his official and individual capacities.in both his official and individual capacities.

261.     **John M.W. Moorlach** (*"Defendant Moorlach"*) was at all times relevant to this case a Vice Chairman of the Orange County Board of Supervisor and Supervisor for the Second District.

a.     Upon information and belief, Defendant Moorlach is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

b.     Defendant Moorlach acted in his official capacity to further the agenda of Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD to silence Plaintiff's

- 44 -

reports, and conceal the fraud and corruption surrounding the County of Orange litigation against Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

c. Defendant Moorlach acted in his individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

d. Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD and others.

e. Defendant Moorlach's acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights and her rights under California state law.

f. Plaintiff seeks action against Defendant Moorlach in both his official and individual capacities.in both his official and individual capacities.

262. **Janet Nguyen** ("*Defendant Nguyen*") was at all times relevant to this case a Supervisor of the Orange County Board of Supervisors representing the First District.

a. Upon information and belief, Defendant Nguyen is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

b. Defendant Nguyen acted in her official capacity to further the agenda of Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD to silence Plaintiff's reports, and conceal the fraud and corruption surrounding the County of Orange litigation against Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

c. Defendant Nguyen acted in her individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

d. Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD and others.

e. Defendant Nguyen's acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights and her rights under California state law.

f. Plaintiff seeks action against Defendant Nguyen in both her official and individual capacities.in both his official and individual capacities.

263. **Shawn Nelson** ("*Defendant Nelson*") was at all times relevant to this case a Supervisor of the Orange County Board of Supervisors representing the Fourth District.

1          a.      Upon information and belief, Defendant Nelson is, and has been, at all

2    times relevant to this action, a citizen and resident of the state of California.

3          b.      Defendant Nelson acted in his official capacity to further the agenda of
     Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD to silence Plaintiff's reports,
4    and conceal the fraud and corruption surrounding the County of Orange litigation against
     Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

5

6          c.      Defendant Nelson acted in his individual capacity, in collusion with
     public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and
7    maliciously violating her constitutional rights.

8          d.      Said reports exposed the fraud, corruption and collusory relationships of
     Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as Defendants County of
9    Orange, OCBS, OCDA, OCPD, and OCSD and others.

10         e.      Defendant Nelson's acts evidenced a reckless and callous disregard for,
     deliberate indifference to, and an intentional interference with  Plaintiff's constitutional rights
11   and her rights under California state law.

12         f.      Plaintiff seeks action against Defendant Nelson in both his official and
13   individual capacities.in both his official and individual capacities.

14         264.    **Patricia Bates** *("Defendant Bates")* was at all times relevant to this case a

15   Supervisor of the Orange County Board of Supervisors representing the Fifth District.

16         a.      Upon information and belief, Defendant Bates is, and has been, at all
     times relevant to this action, a citizen and resident of the state of California.
17

18         b.      Defendant Bates acted in her official capacity to further the agenda of
     Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD to silence Plaintiff's reports,
19   and conceal the fraud and corruption surrounding the County of Orange litigation against
     Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

20

21         c.      Defendant Bates acted in her individual capacity, in collusion with
     public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and
22   maliciously violating her constitutional rights.

23         d.      Said reports exposed the fraud, corruption and collusory relationships of
     Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, as well as Defendants County of
24   Orange, OCBS, OCDA, OCPD, and OCSD and others.

25         e.      Defendant Bates' acts evidenced a reckless and callous disregard for,
     deliberate indifference to, and an intentional interference with  Plaintiff's constitutional rights
26   and her rights under California state law.

27         f.      Plaintiff seeks action against Defendant Bates in both her official and
28   individual capacities.in both his official and individual capacities.

265.    **Orange County District Attorney** ("Defendant OCDA") is a California State Agency.

266.    **Tony Rackauckas** ("*Defendant Rackauckas*") was at all times relevant to this case District Attorney for the County of Orange.

a.      Upon information and belief, Defendant Rackauckas is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

b.      Defendant Rackauckas acted in his official capacity to further the agenda of Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD to silence Plaintiff's reports, and conceal the fraud and corruption surrounding the County of Orange litigation against Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

c.      Defendant Rackauckas acted in his individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

d.      Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, UDR, Girardi and Parsa, as well as Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD and others.

e.      Defendant Rackauckas' acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights and her rights under California state law.

f.      Plaintiff seeks action against Defendant Rackauckas in both his official and individual capacities.in both his official and individual capacities.

267.    **Joseph D'Agostino** ("*Defendant D'Agostino*") was at all times relevant to this case Deputy District Attorney for the County of Orange.

a.      Upon information and belief, Defendant D'Agostino is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

b.      Defendant D'Agostino acted in his official capacity to further the agenda of Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD to silence Plaintiff's reports, and conceal the fraud and corruption surrounding the County of Orange litigation against Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

c.      Defendant D'Agostino acted in his individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

1          d.      Said reports exposed the fraud, corruption and collusory relationships of
2   Defendants BOA, CSB, CAG, DRE, UDR, Girardi and Parsa, as well as Defendants County of
    Orange, OCBS, OCDA, OCPD, and OCSD and others.

3          e.      Defendant D'Agostino's acts evidenced a reckless and callous disregard
4   for, deliberate indifference to, and an intentional interference with  Plaintiff's constitutional
    rights and her rights under California state law.

5
6          f.      Plaintiff seeks action against Defendant D'Agostino in both his official
    and individual capacities.in both his official and individual capacities.

7       268.    **Elizabeth Henderson** ("*Defendant Henderson*") was at all times relevant to

8   this case a Deputy District Attorney for Orange County District Attorney's Office, Head of the

9   Major Fraud Unit, and Director and Fund Administrator of the Fraud Protection Trust Fund.

10         a.      Upon information and belief, Defendant Henderson is, and has been, at
11  all times relevant to this action, a citizen and resident of the state of California.

12         b.      Defendant Henderson acted in her official capacity to further the agenda
    of Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD to silence Plaintiff's
13  reports, and conceal the fraud and corruption surrounding the County of Orange litigation
    against Plaintiff, thereby intentionally and maliciously violating her constitutional rights.
14

15         c.      Defendant Henderson acted in her individual capacity, in collusion with
    public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and
16  maliciously violating her constitutional rights.

17         d.      Said reports exposed the fraud, corruption and collusory relationships of
    Defendants BOA, CSB, CAG, DRE, UDR, Girardi and Parsa, as well as Defendants County of
18  Orange, OCBS, OCDA, OCPD, and OCSD and others.

19         e.      Defendant Henderson's acts evidenced a reckless and callous disregard
20  for, deliberate indifference to, and an intentional interference with  Plaintiff's constitutional
    rights and her rights under California state law.

21
22         f.      Plaintiff seeks action against Defendant Henderson in both her official
    and individual capacities.in both his official and individual capacities.

23      269.    **Orange County Public Defender** ("Defendant OCPD") is a County Agency.

24      270.    **Deborah A. Kwast** ("*Defendant Kwast*") was at all times relevant to this case

25  the Public Defender of the County of Orange.

26         a.      Upon information and belief, Defendant Kwast is, and has been, at all
    times relevant to this action, a citizen and resident of the state of California.
27

28
                                    - 48 -

1

        b.      Defendant Kwast acted in her official capacity to further the agenda of

2 Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD to silence Plaintiff's reports, and conceal the fraud and corruption surrounding the County of Orange litigation against

3 Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

4

        c.      Defendant Kwast acted in her individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and

5 maliciously violating her constitutional rights.

6

        d.      Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, Judge Miller, BKGG, CLG, Lear,

7 Virgo, as well as Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD and

8 others.

9

        e.      Defendant Kwast's acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights

10 and her rights under California state law.

11

        f.      Plaintiff seeks action against Defendant Kwast in both her official and

12 individual capacities.in both his official and individual capacities.

13     271.   **Frank Ospino** ("*Defendant Ospino*") was at all times relevant to this case

14 Assistant Public Defender and is now Interim Public Defender for the County of Orange.

15

        a.      Upon information and belief, Defendant Ospino is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

16

17

        b.      Defendant Ospino acted in his official capacity to further the agenda of Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD to silence Plaintiff's reports, and conceal the fraud and corruption surrounding the County of Orange litigation against

18 Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

19

        c.      Defendant Ospino acted in her individual capacity, in collusion with

20 public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

21

        d.      Said reports exposed the fraud, corruption and collusory relationships of

22 Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, Judge Miller, BKGG, CLG, Lear, Virgo, as well as Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD and

23 others.

24

        e.      Defendant Ospino's acts evidenced a reckless and callous disregard for,

25 deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights and her rights under California state law.

26

        f.      Plaintiff seeks action against Defendant Ospino in both his official and

27 individual capacities.in both his official and individual capacities.

28

- 49 -

272. **Jean Wilkinson** ("*Defendant Wilkinson*") was at all times relevant to this case Chief Deputy Public Defender for the County of Orange.

    a. Upon information and belief, Defendant Wilkinson is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

    b. Defendant Wilkinson acted in her official capacity to further the agenda of Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD to silence Plaintiff's reports, and conceal the fraud and corruption surrounding the County of Orange litigation against Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

    c. Defendant Wilkinson acted in her individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

    d. Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, Judge Miller, BKGG, CLG, Lear, Virgo, as well as Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD and others.

    e. Defendant Wilkinson's acts evidenced a reckless and callous disregard for, deliberate indifference to, and an intentional interference with Plaintiff's constitutional rights and her rights under California state law.

    f. Plaintiff seeks action against Defendant Wilkinson in both her official and individual capacities.in both his official and individual capacities.

273. **Denise Gragg** ("*Defendant Gragg*") was at all times relevant to this case a Senior Assistant Public Defender, Assistant Public Defender for the Writs and Appeals Division and Supervisor of Deputy Public Defender, Jennifer Nicolalde.

    a. Upon information and belief, Defendant Gragg is, and has been, at all times relevant to this action, a citizen and resident of the state of California.

    b. Defendant Gragg acted in her official capacity to further the agenda of Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD to silence Plaintiff's reports, and conceal the fraud and corruption surrounding the County of Orange litigation against Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

    c. Defendant Gragg acted in her individual capacity, in collusion with public officials, acting under color of state law, to harm Plaintiff, thereby intentionally and maliciously violating her constitutional rights.

    d. Said reports exposed the fraud, corruption and collusory relationships of Defendants BOA, CSB, CAG, DRE, Girardi and Parsa, Judge Miller, BKGG, CLG, Lear, Virgo, as well as Defendants County of Orange, OCBS, OCDA, OCPD, and OCSD and others.

- 50 -