branch of government, serving as an arm of the California Supreme Court. All State Bar members are officers of the court.

125. **The Client Security Fund** *("Defendant CSB-CSF")* is a public service of the California legal profession sponsored by Defendant CSB to help protect consumers of legal services by alleviating losses resulting from the dishonest conduct of its attorney members. The State Bar's authority to operate the Client Security Fund is found in Business & Professions Code section 6140.5. This Legislation, effective March 4, 1972, was a result of a Board resolution dated June 17, 1971 and a Bar-sponsored bill, Section 6140.5(a).

126. **The State Bar Education Foundation** *("Defendant CSB-Foundation")* (also known as the "California Bar Foundation") is a California Corporation, Entity Number: C1967571, incorporated on April 30, 1996. Its principal place of business in 180 Howard Street, San Francisco, CA 94105. Defendant CSB-Foundation's agent for service of process is Pamela Wilson also at 180 Howard Street, San Francisco, CA 94105. Defendant CSB-Foundation is a 501(c)(3) nonprofit organization founded in 1990, affiliated with Defendant CSB.

127. **Robert A. Hawley** ("*Defendant Hawley*") was at all times relevant to this case the Deputy Executive Director of Defendant CSB, and upon information and belief, is a citizen and resident of the state of California. Defendant Hawley is named as: (a) an official of Defendant CSB who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Hawley in both his official and individual capacities.

128. **Paul O'Brien** ("*Defendant O'Brien*") was at all times relevant to this case an Attorney employed at Defendant CSB, and upon information and belief, is a citizen and resident of the state of California. Defendant O'Brien is named herein as: (a) an official of Defendant CSB who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant O'Brien in both his official and individual capacities.

129. **Thomas Layton** ("*Defendant Layton*") was at all times relevant to this case an Investigator employed at Defendant CSB, and upon information and belief, is a citizen and

resident of the state of California. Defendant Layton is named herein as: (a) an official of Defendant CSB who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Layton in both his official and individual capacities.

130.  **John Noonen** ("*Defendant Noonen*") was at all times relevant to this case an Investigator employed by Defendant CSB Layton, and upon information and belief, is a citizen and resident of the state of California. Defendant Noonen is named herein as: (a) an official of Defendant CSB in who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Noonen in both his official and individual capacities.

131.  **Douglas Winthrop** ("*Defendant Winthrop*") was at all times relevant to this case the Chairman of Defendant CSB-Foundation, and upon information and belief, is a citizen and resident of the state of California. Defendant Winthrop is named herein as: (a) an official of Defendant CSB Foundation who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials, acting under color of state law. Plaintiff seeks action against Defendant Winthrop in both his official and individual capacities.

132.  **Howard Miller** ("*Defendant Miller*") was at all times relevant to this case the President of Defendant CSB for the term 2009-2010. During said time, he was also a partner at Girardi & Keese in joint participation with Defendant Girardi. Upon information and belief, Defendant Miller is a citizen and resident of the state of California. Defendant Miller is a partner at Girardi & Keese in Los Angeles and during the period of severe retaliation against Plaintiff where he does trial and appellate work in commercial litigation, intellectual property and class actions. In 2009-2010, he served as president of the State Bar of California. Defendant Miller served as President of Defendant CSB is named herein as: (a) a former official of Defendant CSB who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Miller in both his official and individual capacities.

133.  **William Hebert** ("*Defendant Hebert*") was at all times relevant to this case the President of Defendant CSB, and upon information and belief, is a citizen and resident of the

1  state of California. Defendant Hebert is named herein as: (a) a former official of Defendant
2  CSB who acted in collusion with other defendants named herein; and (b) an individual who
3  acted in collusion with public officials acting under color of state law. Plaintiff seeks action
4  against Defendant Hebert in both his official and individual capacities.

5      134.   **Joseph Dunn** ("*Defendant Dunn*") was at all times relevant to this case the
6  Executive Director of Defendant CSB, and upon information and belief, is a citizen and
7  resident of the state of California. Defendant Dunn is named herein as: (a) an official of
8  Defendant CSB who acted in collusion with other defendants named herein; and (b) an
9  individual who acted in collusion with public officials acting under color of state law. Plaintiff
10  seeks action against Defendant Dunn in both his official and individual capacities.

11     135.   **Judy Johnson** ("*Defendant Johnson*") <u>was at all times relevant to this case</u> the
12  Executive Director of Defendant CSB, and upon information and belief, is a citizen and
13  resident of the state of California. Defendant Johnson is named herein as: (a) a former official
14  of Defendant CSB who acted in collusion with other defendants named herein; and (b) an
15  individual, who acted in collusion with public officials acting under color of state law. Plaintiff
   seeks action against Defendant Johnson in both her official and individual capacities.

16     136.   **Gwen Moore** ("*Defendant Moore*") was at all times relevant to this case a
17  Public Member of Defendant CSB's Board of Governors, and upon information and belief, is a
18  citizen and resident of the state of California. Defendant Moore is named herein as: (a) an
19  official of Defendant CSB who acted in collusion with other defendants named herein; and (b)
20  an individual who acted in collusion with public officials, acting under color of state law.
21  Plaintiff seeks action against Defendant Moore in both her official and individual capacities.

22     137.   **Jon Streeter** ("*Defendant Streeter*") was at all times relevant to this case the
23  President of Defendant CSB and Member of Defendant CSB's Board of Governors, and upon
24  information and belief, is a citizen and resident of the state of California. Defendant Streeter is
25  named herein as: (a) an official of Defendant CSB who acted in collusion with other
26  defendants named herein; and (b) an individual, who acted in collusion with public officials
27  acting under color of state law. Plaintiff seeks action against Defendant Streeter in both his
28  official and individual capacities.

PLAINTIFF'S SECOND AMENDED COMPLAINT

138.   **Jeannine English** ("*Defendant English*") was at all times relevant to this case a Public Member of Defendant CSB's Board of Governors, and upon information and belief, is a citizen and resident of the state of California. Defendant English is named herein as: (a) an official of Defendant CSB who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant English in both her official and individual capacities.

139.   **The California Department of Real Estate**   ("*Defendant DRE*") is a California State Agency.

140.   **The Recovery Account** ("Defendant DRE-RA") is the Consumer Protection Division of Defendant DRE.

141.   **Traci Stevens** ("*Defendant Stevens*") was at all times relevant to this case Acting Undersecretary to the California Business, Transportation and Housing Agency overseeing the California Department of Real Estate, and upon information and belief, is a citizen and resident of the state of California. Defendant Stevens is named herein as: (a) an official of Defendant DRE who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Stevens in both her official and individual capacities, asserting that as an individual, Defendant Stevens is also liable under the Joint Participation Doctrine,  Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970); United States v. Price 387 U.S. 787 (1966).

142.   **Jeff Davi** ("*Defendant Davi*") <u>was at all times relevant to this case</u> Commissioner of Defendant DRE, and upon information and belief, is a citizen and resident of the state of California. Defendant Davi is named herein as: (a) an official of Defendant DRE who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Davi in both his official and individual capacities, asserting that as an individual, Defendant Davi is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

143.    **Barbara Bigby** ("*Defendant Bigby*") was at all times relevant to this case Chief Deputy Commissioner and now Acting Commissioner of Defendant DRE, and   upon information and belief, is a citizen and resident of the state of California. Defendant Bigby is named herein as: (a) an official of Defendant DRE who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Bigby in both her official and individual capacities, asserting that as an individual, Defendant Bigby is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

144.    **Steven Ellis** ("*Defendant Ellis*") was at all times relevant to this case Head of the Administration & Licensing Division of Defendant DRE, and upon information and belief, is a citizen and resident of the state of California. Defendant Ellis is named herein as: (a) an official of Defendant DRE who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials, acting under color of state law. Plaintiff seeks action against Defendant Ellis in both his official and individual capacities, asserting that as an individual, Defendant Ellis is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

145.    **Wayne Bell** ("*Defendant Bell*") was at all times relevant to this case Head of the Legal Division of Defendant DRE, and upon information and belief, is a citizen and resident of the state of California. Defendant Bell is named herein as: (a) an official of Defendant DRE who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials, acting under color of state law. Plaintiff seeks action against Defendant Bell in both his official and individual capacities, asserting that as an individual, Defendant Bell is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

146.    **William Moran** ("*Defendant Moran*") was at all times relevant to this case Head of the Enforcement Division of Defendant DRE, and upon information and belief, is a

1  citizen and resident of the state of California. Defendant Moran is named herein as: (a) an

2  official of Defendant DRE who acted in collusion with other defendants named herein; and (b)

3  an individual, who acted in collusion with public officials acting under color of state law.

4  Plaintiff seeks action against Defendant Moran in both his official and individual capacities,

5  asserting that as an individual, Defendant Moran is also liable under the Joint Participation

6  Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S.

7  787 (1966).

8      147.    **Thomas Pool** ("*Defendant Pool*") was at all times relevant to this case Head of

9  the Legislation & Public Information Division of Defendant DRE, and  upon information and

10  belief, is a citizen and resident of the state of California. Defendant Pool is named herein as:

11  (a) an official of Defendant DRE who acted in collusion with other defendants named herein;

12  and (b) an individual, who acted in collusion with public officials acting under color of state

13  law.   Plaintiff seeks action against Defendant Pool in both his official and individual

14  capacities, asserting that as an individual, Defendant Pool is also liable under the Joint

15  Participation Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v.*

16  *Price* 387 U.S. 787 (1966).

17      148.    **Dionne Young** ("*Defendant Young*") was at all times relevant to this case a

18  Supervisory Deputy Commissioner of Defendant DRE, and upon information and belief, is a

19  citizen and resident of the state of California. Defendant Young is named herein as: (a) an

20  official of Defendant DRE who acted in collusion with other defendants named herein; and (b)

21  an individual, who acted in collusion with public officials acting under color of state law.

22  Plaintiff seeks action against Defendant Young in both his official and individual capacities,

23  asserting that as an individual, Defendant Young is also liable under the Joint Participation

24  Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S.

25  787 (1966).

26      149.    **Erik Duckworth** ("*Defendant Duckworth*") was at all times relevant to this

27  case a Deputy Commissioner of Defendant DRE, and upon information and belief, is a citizen

28  and resident of the state of California. Defendant Duckworth is named herein as: (a) an official

of Defendant DRE who acted in collusion with other defendants named herein; and (b) an

1   individual, who acted in collusion with public officials, acting under color of state law.

2   Plaintiff seeks action against Defendant Duckworth in both his official and individual

3   capacities, asserting that as an individual, Defendant Duckworth is also liable under the Joint

4   Participation Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v.*

5   *Price* 387 U.S. 787 (1966).

6        150.   **County of Orange** *("Defendant Orange County ")* is a California Municipality

7   and is being sued herein in accordance with the U.S. Supreme Court decision in *Monell v.*

8   *Department of Social Services of New York,* to wit,  "Counties and cities are 'persons' subject

9   to suit for money damages and prospective relief." (436 U.S. 658, 701 (1978). *Monell* holds

10   Defendant Orange County liable under 28 U.S.C. §1983 for monetary, declaratory, and

11   injunctive relief for its actions against Plaintiff that represent violations of Plaintiff's

   constitutional rights brought about by:

12
           a.   the implementation or execution of a policy statement, ordinance,
13
   regulation, or decision officially adopted or promulgated by those whose edicts or acts may
14
   fairly be said to represent official policy;

15
           b.   governmental "custom" even though such custom has not received
16
   formal approval through the government's official decision-making channels; and

17
           c.   failure to train, supervise, and/or discipline its officials both in its
18
   Sheriff's Department and its Office of the District Attorney in accordance with the California

19   Peace Officer Standards Training ("POST").  Defendant Orange County is a voluntary member

20   of POST, and, as such, is mandated by the state of California to train its law enforcement

21   officials, including sheriffs and district attorneys, in accordance with the standards of POST

22   program.

23        151.   **Nicholas Chrisos** ("*Defendant Chrisos*") was at all times relevant to this case

24   County Counsel for Defendant Orange County, appointed by Defendant OCBS, and upon

25   information and belief, is a citizen and resident of the state of California. Defendant Chrisos is

26   named herein as an official of Defendant Orange County who participated in the

27   implementation and/or execution of (a) county policy statements, ordinances, regulations, and

28   decisions officially adopted or promulgated by Defendant Orange County; and/or (b) customs

- 57 -

1  used but not, as of this writing, formally approved via Defendant Orange County's official

2  decision-making channels. Plaintiff seeks action against Defendant Chrisos in both his official

3  and individual capacities, asserting that as an individual, Defendant Chrisos is also liable under

4  the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United*

5  *States v. Price* 387 U.S. 787 (1966).

6      152.  **Thomas Mauk**  ("*Defendant Mauk*") was at all times relevant to this case

7  Executive Officer for Defendant Orange County of Orange, and upon information and belief,

8  is a citizen and resident of the state of California.  Defendant Mauk is named herein as an

9  official of Defendant Orange County who participated in the implementation and/or execution

10  of (a) county policy statements, ordinances, regulations, and decisions officially adopted or

11  promulgated by Defendant Orange County; and/or (b) customs used but not, as of this writing,

12  formally approved via Defendant Orange County's official decision-making channels.

13  Plaintiff seeks action against Defendant Mauk in both his official and individual capacities,

14  asserting that as an individual, Defendant Mauk is also liable under the Joint Participation

15  Doctrine, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); *United States v. Price* 387 U.S.

16  787 (1966).

17      153.  **Steve Dunivent** ("*Defendant Dunivent*") was at all times relevant to this case

18  Deputy County Executive Officer for the Government and Public Services Division for

19  Defendant Orange County with direct oversight of the Orange County Public Defender's

20  Office.  Upon information and belief, Defendant Dunivent is a citizen and resident of the state

21  of California and is named herein as an official of Defendant Orange County who participated

22  in the implementation and/or execution of (a) county policy statements, ordinances,

23  regulations, and decisions officially adopted or promulgated by Defendant Orange County;

24  and/or (b) customs used but not, as of this writing, formally approved via Defendant Orange

25  County's official decision-making channels.  Plaintiff seeks action against Defendant Dunivent

26  in both his official and individual capacities, asserting that as an individual, Defendant

27  Dunivent is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.,*

28  398 U.S. 144 (1970) and *United States v. Price* 387 U.S. 787 (1966).

154.   **Orange County Board of Supervisors** (*"Defendant OCBS"*) is a County Agency for Defendant County of Orange. The Board of Supervisors, as authorized under California law, functions as both a legislative and executive body. In its legislative duties the Board adopts ordinances, resolutions and minute orders within the limits prescribed by State law.  As an executive body, the Board: (a) establishes policy; (b) approves the annual budget; (c) appoints a County Executive Officer, County Counsel, Clerk of the Board, Internal Auditor, Public Defender and Public Guardian; (d) approves contracts for projects and services; (e) conducts public hearings on land-use and other matters; and (f) makes appointments to boards, committees and commissions.  The legislative and executive activities of the Board are conducted at public meetings; and certain personnel and legal matters are discussed in closed sessions.

155.   **William Campbell** (*"Defendant Campbell"*) was at all times relevant to this case Chairman of Defendant OCBS and Supervisor for the Third District, an elected position serving a four-year term.  Upon information and belief, Defendant Campbell is a citizen and resident of the state of California. Defendant Campbell is named herein as an official of Defendant Orange County who participated in the implementation and/or execution of (a) county policy statements, ordinances, regulations, and decisions officially adopted or promulgated by Defendant Orange County; and/or (b) customs used but not, as of this writing, formally approved via Defendant Orange County's official decision-making channels. Plaintiff seeks action against Defendant Campbell in both his official and individual capacities, asserting that as an individual, Defendant Campbell is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970) and *United States v. Price* 387 U.S. 787 (1966).

156.   **John M.W. Moorlach** (*"Defendant Moorlach"*) was at all times relevant to this case Vice Chairman of Defendant OCBS and Supervisor for the Second District, an elected position serving a four-year term.  Upon information and belief, Defendant Moorlach is a citizen and resident of the state of California. Defendant Moorlach is named herein as an official of Defendant Orange County who participated in the implementation and/or execution of (a) county policy statements, ordinances, regulations, and decisions officially adopted or

promulgated by Defendant Orange County; and/or (b) customs used but not, as of this writing, formally approved via Defendant Orange County's official decision-making channels. Plaintiff seeks action against Defendant Moorlach in both his official and individual capacities, asserting that as an individual, Defendant Moorlach is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970) and *United States v. Price* 387 U.S. 787 (1966).

157.  **Janet Nguyen** ("*Defendant Nguyen*") was at all times relevant to this case a Supervisor of Defendant OCBS representing the First District, an elected position serving a four-year term. Upon information and belief, Defendant Nguyen is a citizen and resident of the state of California. Defendant Nguyen is named herein as an official of Defendant Orange County who participated in the implementation and/or execution of (a) county policy statements, ordinances, regulations, and decisions officially adopted or promulgated by Defendant Orange County; and/or (b) customs used but not, as of this writing, formally approved via Defendant Orange County's official decision-making channels. Plaintiff seeks action against Defendant Nguyen in both her official and individual capacities, asserting that as an individual, Defendant Nguyen is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970) and *United States v. Price* 387 U.S. 787 (1966).

158.  **Shawn Nelson** (*"Defendant Nelson"*) was at all times relevant to this case a Supervisor of Defendant OCBS representing the Fourth District, an elected position serving a four-year term. Upon information and belief, Defendant Nelson is a citizen and resident of the state of California. Defendant Nelson is named herein as an official of Defendant Orange County who participated in the implementation and/or execution of (a) county policy statements, ordinances, regulations, and decisions officially adopted or promulgated by Defendant Orange County; and/or (b) customs used but not, as of this writing, formally approved via Defendant Orange County's official decision-making channels. Plaintiff seeks action against Defendant Nelson in both his official and individual capacities, asserting that as an individual, Defendant Nelson is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970) and *United States v. Price* 387 U.S. 787 (1966).

- 60 -

159.   **Patricia Bates** (*"Defendant Bates"*) was at all times relevant to this case a Supervisor of Defendant OCBS representing the Fifth District, an elected position serving a four-year term.   Upon information and belief, Defendant Bates is a citizen and resident of the state of California. Defendant Bates is named herein as an official of Defendant Orange County who participated in the implementation and/or execution of (a) county policy statements, ordinances, regulations, and decisions officially adopted or promulgated by Defendant Orange County; and/or (b) customs used but not, as of this writing, formally approved via Defendant Orange County's official decision-making channels.   Plaintiff seeks action against Defendant Bates in both her official and individual capacities, asserting that as an individual, Defendant Bates is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970) and *United States v. Price* 387 U.S. 787 (1966).

160.   **Orange County District Attorney** ("Defendant OCDA")  is a California State Agency. Defendant SBDA must comply with all training standards as required by the State of California Commission on Peace Officer Standards and Training (POST) including, but not limited to:

|    |                  |                                      |
|----|------------------|--------------------------------------|
| a. | Standard LD-07:  | **Crimes Against Persons**           |
| b. | Standard LD-08:  | **General Criminal Statutes**        |
| c. | Standard LD-15:  | **Laws of Arrest**                   |
| d. | Standard LD-23:  | **Crimes in Progress**               |
| e. | Standard LD-33:  | **Arrest Methods/Defensive Tactics** |
| f. | Standard LD-30:  | **Crime Scenes, Evidence and Forensics** |
| g. | Standard LD 31:  | **Custody**                          |
| h. | Standard LD 20:  | **Use of Force**                     |
| i. | Standard LD 16:  | **Search and Seizure**               |
| j. | Standard LD 17:  | **Presentation of Evidence**         |
| k. | Standard LD 18:  | **Investigative Report Writing**     |
| l. | Standard LD-06:  | **Property Crimes**                  |

161.   **Anthony J. Rackauckas** (*"Defendant Rackauckas"*) was at all times relevant to this case District Attorney for the County of Orange, elected by Defendant Orange County residents, and upon information and belief, is a citizen and resident of the state of California. Defendant Rackauckas is named herein as: (a) a state official who acting under color of state law in collusion with other defendants named herein; and (b) an individual, who acted in collusion with other public officials, acting under color of state law. Plaintiff seeks action

- 61 -

against Defendant Rackauckas in (a) his official capacity for prospective relief; and (b) in his individual capacity for damages. Plaintiff seeks action against Defendant Rackauckas in both his official and individual capacities, asserting that as an individual, Defendant Rackauckas is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

162.   **Joseph P. D'Agostino** ("*Defendant D'Agostino*") was at all times relevant to this case a Deputy District Attorney for Defendant OCDA, and upon information and belief, is a citizen and resident of the state of California. Defendant D'Agostino is named herein as: (a) an official with Defendant OCDA who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with other public officials acting under color of state law. Plaintiff seeks action against Defendant D'Agostino in both his official and individual capacities, asserting that as an individual, Defendant D'Agostino is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

163.   **Elizabeth A. Henderson** ("*Defendant Henderson*") was at all times relevant to this case a Deputy District Attorney for Defendant OCDA, Head of the Major Fraud Unit, and Director & Fund Administrator of the Fraud Protection Trust Fund.  Upon information and belief, Defendant Henderson is a citizen and resident of the state of California. Defendant Henderson is named herein as: (a) an official with Defendant OCDA who acted in collusion with other defendants named herein; and (b) an individual, in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Henderson in both her official and individual capacities, asserting that as an individual, Defendant Henderson is also liable under the Joint Participation Doctrine,  Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970); United States v. Price 387 U.S. 787 (1966).

164.   **Orange County Public Defender** ("Defendant OCPD") The Orange County Public Defender is a County department comprised of private attorneys licensed by the California State Bar, paid by the state of California, and controlled by the state of California by way of California Government Code §§27700-27712, Chapter 13, which grants the Orange County Board of Supervisors ("Defendant OCBS") authority to  establish the office of public

- 62 -

1   defender for the county and to determine whether the public defender is to be appointed or

2   elected.

3          a.     At all times relevant to this Complaint, Defendant OCBS chose to

4   appoint public defender, Defendant Deborah Kwast.   In accordance with California

5   Government Code §27703, "If the public defender of any county is to be appointed, he [she]

6   shall be appointed by the board of supervisors to serve at its will."

7          b.     Since Defendant OCBS is vested in the interests of the state of

8   California, and Defendant OCPD is mandated by law to serve "at the will," that would at the

9   very least make Defendant OCPD a state actor by way of joint participation with Defendant

10  OCBS. [10]

11         c.     In *Polk County, et al. v. Russell Richard Dodson, et al.,*[11] the U.S.

    Supreme Court held:

12       **"A public defender, who serves a client in an inherently adversary**

13       **relationship with the government, does not act under color of state law when**
         **performing a lawyer's traditional functions as counsel to a criminal**

14       **defendant."**

15         d.     However, in the herein case, Defendant OCPD did not "serve a client in

16  an inherently adversary relationship with the government."   In fact, the government wasn't

17  even involved.   Defendant OCPD was asked to "serve a client [Plaintiff] in an inherently

18  adversary relationship with:

19             i.     the parties that brought the civil contempt charges against

20  Plaintiff;

21             ii.     the judge that granted the order of contempt against Plaintiff;

22             iii.     both of whom wanted to see Plaintiff incarcerated.

23         e.     Also, Defendant OCPD did not "perform a lawyer's traditional function

24  as counsel to a criminal defendant."   In fact, the case was filed as civil contempt.   They acted

25  on behalf of Plaintiff, an indigent defendant, sued in the civil unlimited division of the Orange

26  County Superior Court for defamation, trade libel, intentional interference in business and

27  [10] (See, "Joint Participation Doctrine," Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970) and United States v. Price, 387
    U.S. 787 (1966).

28  [11] (454 U.S. 312 [102 S.Ct. 445, 70 L.Ed.2d 509])

prospective business relations. Both cases were strategic lawsuits against public participation and both were assigned to Orange County Superior Court Judge Franz E. Miller who appointed Defendant OCPD to conceal his egregious misconduct against Plaintiff.

f.      In *Tower v. Glover*, 467 U.S. 914 (1984), the U.S. Supreme Court held: "Public defenders are not immune from liability under 1983 for intentional misconduct by virtue of alleged conspiratorial action with state officials that deprives their clients of federal rights." The state actors here are Defendant OCBS.

g.      In addition and pursuant to *Dennis v. Sparks*, 449 U.S. 24, the U.S. Supreme Court held: "Private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity."

h.      In *Smith v. Wade*, 461 U.S. 30 (1983), the U.S. Supreme Court held that a §1983 plaintiff may recover punitive damages against an official in her personal capacity if the official acted with a malicious or evil intent or in callous disregard of the plaintiff's federally protected rights. The Smith standard does not require a showing that the defendant engaged in "egregious" misconduct. *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 538–39 (1999).

i.      California Government Code §27705 sets forth the duties of Defendant OCPD (corroborated by Defendant OCPD's 2010 Business Plan). The only applicable section is California Government Code §27706(c), that states: "Upon request, the public defender shall defend any person who is not financially able to employ counsel in any civil litigation in which, in the judgment of the public defender, the person is being persecuted or unjustly harassed." That is certainly not the case here.

j.      "Punitive damages may also be based on 'oppressive' conduct when the defendant misused authority or exploited the plaintiff's weakness." *Dang v. Cross*, 422 F.3d 800, 809–11 (9th Cir. 2005).

k.      In *Powell v. Alexander*, 391 F.3d 1, 19 (1st Cir. 2004), "Although the specific intent to violate plaintiff's federally protected right will support a punitive damages award, 'reckless indifference' towards a plaintiff's federally protected rights also suffices to authorize liability for punitive damages under §1983."

- 64 -

l.      "As a matter of federal law, a punitive damages award which responds to a finding of a constitutional breach may endure even though unaccompanied by an award of compensatory damages." *King v. Macri*, 993 F.2d 294, 297–98 (2d Cir. 1993).

165.    **Deborah A. Kwast** (*"Defendant Kwast"*) was at all times relevant to this case the Public Defender for the County of Orange, appointed by Defendant OCBS.  Upon information and belief, Defendant Kwast is a citizen and resident of the state of California.  In *Dennis v. Sparks,* 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity."  In *Tower v. Glover*, 467 U.S. 914 (1984), the U.S. Supreme Court held "State public defenders are not immune from liability under §1983 litigation for intentional misconduct by virtue of alleged conspiratorial action with state officials that deprives their clients of federal rights."  Plaintiff seeks action against Defendant Kwast in both her official and individual capacities, asserting that as an individual, Defendant Kwast is <u>also</u> liable under the Joint Participation Doctrine,  *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

166.    **Frank Ospino** (*"Defendant Ospino"*) was at all times relevant to this case Assistant Public Defender for Defendant OCPD, is now Interim Public Defender for the County of Orange, and upon information and belief, is a citizen and resident of the state of California.  In *Dennis v. Sparks,* 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity."  In *Tower v. Glover*, 467 U.S. 914 (1984), the U.S. Supreme Court held "State public defenders are not immune from liability under §1983 litigation for intentional misconduct by virtue of alleged conspiratorial action with state officials that deprives their clients of federal rights."  Plaintiff seeks action against Defendant Ospino in both his official and individual capacities, asserting that as an individual, Defendant Ospino is also liable under the Joint Participation Doctrine,  *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

167.    **Jean Wilkinson** (*"Defendant Wilkinson"*) was at all times relevant to this case Chief Deputy Public Defender for Defendant OCPD, and upon information and belief, is a

- 65 -

citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." In *Tower v. Glover*, 467 U.S. 914 (1984), the U.S. Supreme Court held "State public defenders are not immune from liability under §1983 litigation for intentional misconduct by virtue of alleged conspiratorial action with state officials that deprives their clients of federal rights." Plaintiff seeks action against Defendant Wilkinson in both her official and individual capacities, asserting that as an individual, Defendant Wilkinson is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

168.   **Denise Gragg** ("*Defendant Gragg*") was at all times relevant to this case a Senior Assistant Public Defender, Assistant Public Defender for the Writs and Appeals Division for Defendant OCPD and Supervisor of Deputy Public Defender, Jennifer Nicolalde. Upon information and belief, Defendant Gragg is a citizen and resident of the state of California. In *Dennis v. Sparks,* 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." In *Tower v. Glover*, 467 U.S. 914 (1984), the U.S. Supreme Court held "State public defenders are not immune from liability under §1983 litigation for intentional misconduct by virtue of alleged conspiratorial action with state officials that deprives their clients of federal rights." Plaintiff seeks action against Defendant Gragg in both her official and individual capacities, asserting that as an individual, Defendant Gragg is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

169.   **Martin F. Schwarz** *("Defendant Schwarz")* was at all times relevant to this case Senior Public Defender for Defendant OCPD, and upon information and belief, is a citizen and resident of the state of California. In *Dennis v. Sparks,* 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." In *Tower v. Glover*, 467 U.S. 914 (1984), the U.S. Supreme Court held "State public defenders are not immune from liability under §1983 litigation for intentional misconduct by virtue of alleged conspiratorial

- 66 -

1  action with state officials that deprives their clients of federal rights."   Plaintiff seeks action

2  against Defendant Schwarz in both his official and individual capacities, asserting that as an

3  individual, Defendant Schwarz is also liable under the Joint Participation Doctrine, *Adickes v.*

4  *S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

5          170.   **Jennifer L. Nicolalde** (*"Defendant Nicolalde"*) was at all times relevant to this

6  case a Deputy Public Defender for Defendant OCPD, and upon information and belief, is a

7  citizen and resident of the state of California. In *Dennis v. Sparks,* 449 U.S. 24 (1980) the U.S.

8  Supreme Court held "private parties who corruptly conspire with a judge act under color of

9  state law, even though the judge is protected by judicial immunity." In *Tower v. Glover*, 467

10  U.S. 914 (1984), the U.S. Supreme Court held "State public defenders are not immune from

11  liability under §1983 litigation for intentional misconduct by virtue of alleged conspiratorial

12  action with state officials that deprives their clients of federal rights."   Plaintiff seeks action

13  against Defendant Nicolalde in both her official and individual capacities, asserting that as an

14  individual, Defendant Nicolalde is also liable under the Joint Participation Doctrine, *Adickes*

15  *v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

16          171.   **Orange County Sheriff's Department** (*"Defendant OCSD")* is a California

17  State Agency. Defendant OCSD must comply with all training standards as required by the

18  State of California Commission on Peace Officer Standards and Training (POST) including,

19  but not limited to:

| | | |
|---|---|---|
| a. | Standard LD-07: | **Crimes Against Persons** |
| b. | Standard LD-08: | **General Criminal Statutes** |
| c. | Standard LD-15: | **Laws of Arrest** |
| d. | Standard LD-23: | **Crimes in Progress** |
| e. | Standard LD-33: | **Arrest Methods/Defensive Tactics** |
| f. | Standard LD-30: | **Crime Scenes, Evidence and Forensics** |
| g. | Standard LD 31: | **Custody** |
| h. | Standard LD 20: | **Use of Force** |
| i. | Standard LD 16: | **Search and Seizure** |
| j. | Standard LD 17: | **Presentation of Evidence** |
| k. | Standard LD 18: | **Investigative Report Writing** |
| l. | Standard LD-06: | **Property Crimes** |

20          172.   **Sandra Hutchens** (*"Defendant Hutchens"*) was at all times relevant to this case

21  the Sheriff/Coroner of the County of Orange, and upon information and belief, is a citizen and

- 67 -

resident of the state of California. Defendant Hutchens is named herein as: (a) an official with Defendant OCSD who acted under color of law in collusion with other defendants named herein; and (b) an individual, in collusion with other public officials acting under color of state law and private parties.  Plaintiff seeks action against Defendant Hutchens in both her official and individual capacities, asserting that as an individual, Defendant Hutchens is also liable under the Joint Participation Doctrine,  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

173.   **Brian Cossairt** ("*Defendant Cossairt*") was at all times relevant to this case a Captain employed by Defendant OCSD, and upon information and belief, he is a citizen and resident of the state of California. Defendant Cossairt is named herein as: (a) an official with Defendant OCSD who acted under color of law in collusion with other defendants named herein; and (b) an individual, in collusion with other public officials acting under color of state law and private parties.  Plaintiff seeks action against Defendant Cossairt in both his official and individual capacities, asserting that as an individual, Defendant Cossairt is also liable under the Joint Participation Doctrine,  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

174.   **Wilfred Moreno** ("*Defendant Moreno*") was at all times relevant to this case a Deputy Sheriff employed by Defendant OCSD, and upon information and belief, he is a citizen and resident of the state of California. Defendant Moreno is named herein as: (a) an official with Defendant OCSD who acted under color of law in collusion with other defendants named herein; and (b) an individual, who acted in collusion with other public officials acting under color of state law and private parties.  Plaintiff seeks action against Defendant Moreno in both his official and individual capacities, asserting that as an individual, Defendant Moreno is also liable under the Joint Participation Doctrine,  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

175.   **T.J. Young** ("Defendant Young") was at all times relevant to this case a Deputy Sheriff employed by Defendant OCSD, and upon information and belief, Defendant Young is a citizen and resident of the state of California. Defendant Young is named herein as: (a) an official with Defendant OCSD who acted under color of law in collusion with other

defendants named herein; and (b) an individual, who acted in collusion with other public officials acting under color of state law and private parties.  Plaintiff seeks action against Defendant Young in both her official and individual capacities, asserting that as an individual, Defendant Young is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

176.  **County of San Bernardino** *("Defendant SB County")* is a California Municipality and is being sued herein in accordance with the U.S. Supreme Court decision in *Monell v. Department of Social Services of New York*, to wit,  "Counties and cities are 'persons' subject to suit for money damages and prospective relief." (436 U.S. 658, 701 (1978). *Monell* holds Defendant SB County liable under 28 U.S.C. §1983 for monetary, declaratory, and injunctive relief for its actions against Plaintiff that represent violations of Plaintiff's constitutional rights brought about by:

a.      the implementation or execution of a policy statement, ordinance, regulation, or decision officially adopted or promulgated by those whose edicts or acts may fairly be said to represent official policy;

b.      governmental "custom" even though such custom has not received formal approval through the government's official decision-making channels; and

c.      failure to train, supervise, and/or discipline its officials both in its Sheriff's Department and its Office of the District Attorney in accordance with the California Peace Officer Standards Training ("POST").  Defendant SB County is a voluntary member of POST, and, as such, is mandated by the state of California to train its law enforcement officials, including sheriffs and district attorneys, in accordance with the standards of the program.

177.  **Jean R. Basle** (*"Defendant Basle"*) was at all times relevant to this case County Counsel for Defendant SB County, and upon information and belief, is a citizen and resident of the state of California. Defendant Basle is named herein as: (a) an official with Defendant SB County who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Basle in both his official and individual capacities, asserting that as

- 69 -

an individual, Defendant Basle is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

178. **Ruth Stringer** ("*Defendant Stringer*") <u>was at all times relevant to this case</u> County Counsel for Defendant SB County, and upon information and belief, is a citizen and resident of the state of California. Defendant Stringer is named herein as: (a) an official with Defendant SB County who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Stringer in both her official and individual capacities, asserting that as an individual, Defendant Stringer is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

179. **Gregory C. Devereaux** ("*Defendant Devereaux*") was at all times relevant to this case Executive Officer of Defendant SB County, and upon information and belief, is a citizen and resident of the state of California. Defendant Devereaux is named herein as: (a) an official with Defendant SB County who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Devereaux in both his official and individual capacities, asserting that as an individual, Defendant Devereaux is also liable under the Joint Participation Doctrine, Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970); United States v. Price 387 U.S. 787 (1966).

180. **San Bernardino County Board of Supervisors** ("*Defendant SBBS*") is a County Agency for Defendant County of SB.

181. **Josie Gonzales** ("*Defendant Gonzales*") was at all times relevant to this case Chairman of Defendant SBBS and/or Supervisor for the Fifth District. Upon information and belief, Defendant Gonzales is a citizen and resident of the state of California. Defendant Gonzales is named herein as an official of Defendant SB County who participated in the implementation or execution of a policy statement, ordinance, regulation, or decision officially adopted or promulgated by Defendant SB County; or a custom that has not received formal approval through the Defendant SB County's official decision-making channels. Plaintiff

- 70 -

seeks action against Defendant Gonzales in both her official and individual capacities, asserting that as an individual, Defendant Gonzales is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

182. **Brad Mitzelfelt** ("*Defendant Mitzelfelt*") was at all times relevant to this case Vice Chairman of the Defendant SBBS and Supervisor for the First District. Upon information and belief, Defendant Mitzelfelt is a citizen and resident of the state of California. Defendant Mitzelfelt is named herein as an official of Defendant SB County who participated in the implementation or execution of a policy statement, ordinance, regulation, or decision officially adopted or promulgated by Defendant SB County; or a custom that has not received formal approval through the Defendant SB County's official decision-making channels. Plaintiff seeks action against Defendant Mitzelfelt in both his official and individual capacities, asserting that as an individual, Defendant Mitzelfelt is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

183. **Neil F. Derry** ("*Defendant Derry*") was at all times relevant to this case a Supervisor of Defendant SBBS representing the Third District. Upon information and belief, Defendant Derry is a citizen and resident of the state of California. Defendant Derry is named herein as an official of Defendant SB County who participated in the implementation or execution of a policy statement, ordinance, regulation, or decision officially adopted or promulgated by Defendant SB County; or a custom that has not received formal approval through the Defendant SB County's official decision-making channels. Plaintiff seeks action against Defendant Derry in both his official and individual capacities, asserting that as an individual, Defendant Derry is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

184. **Janice Rutherford** ("*Defendant Rutherford*") was at all times relevant to this case a Supervisor of Defendant SBBS representing the Second District. Upon information and belief, Defendant Rutherford is a citizen and resident of the state of California. Defendant Rutherford is named herein as an official of Defendant SB County who participated in the

- 71 -

implementation or execution of a policy statement, ordinance, regulation, or decision officially adopted or promulgated by Defendant SB County; or a custom that has not received formal approval through the Defendant SB County's official decision-making channels.   Plaintiff seeks action against Defendant Rutherford in both her official and individual capacities, asserting that as an individual, Defendant Rutherford is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

185.   **Gary Ovitt** ("*Defendant Ovitt*") was at all times relevant to this case a Supervisor of Defendant SBBS representing the Fourth District. Upon information and belief, Defendant Ovitt is a citizen and resident of the state of California. Defendant Ovitt is named herein as an official of Defendant SB County who participated in the implementation or execution of a policy statement, ordinance, regulation, or decision officially adopted or promulgated by Defendant SB County; or a custom that has not received formal approval through the Defendant SB County's official decision-making channels. Plaintiff seeks action against Defendant Ovitt in both his official and individual capacities, asserting that as an individual, Defendant Ovitt is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

186.   **George Watson** ("*Defendant Watson*") was at all times relevant to this case the Chief of Staff for Defendant Derry of Defendant SBBS representing the Third District. Upon information and belief, Defendant Watson is a citizen and resident of the state of California. Defendant Watson is named herein as: (a) an official with Defendant Derry's office who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Watson in both his official and individual capacities, asserting that as an individual, Defendant Watson is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

187.   **Jamie Garland** ("*Defendant J. Garland*") was at all times relevant to this case the Mountain Representative for Defendant Derry of Defendant SBBS representing the Third District. Upon information and belief, Defendant J. Garland is a citizen and resident of the

- 72 -

state of California. Defendant J. Garland is named herein as: (a) an official with Defendant Derry's office who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law, namely her husband Defendant SBSD Captain Greg Garland ("Defendant G. Garland") and deputy sheriffs of the Big Bear Sheriff's Substation. Plaintiff seeks action against Defendant J. Garland in both her official and individual capacities, asserting that as an individual, Defendant J. Garland is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

188. **San Bernardino County District Attorney** ("Defendant SBDA") is a California State Agency. Defendant SBDA must comply with all training standards as required by the State of California Commission on Peace Officer Standards and Training (POST) including, but not limited to:

| | | |
|---|---|---|
| a. | Standard LD-07: | **Crimes Against Persons** |
| b. | Standard LD-08: | **General Criminal Statutes** |
| c. | Standard LD-15: | **Laws of Arrest** |
| d. | Standard LD-23: | **Crimes in Progress** |
| e. | Standard LD-33: | **Arrest Methods/Defensive Tactics** |
| f. | Standard LD-30: | **Crime Scenes, Evidence and Forensics** |
| g. | Standard LD 31: | **Custody** |
| h. | Standard LD 20: | **Use of Force** |
| i. | Standard LD 16: | **Search and Seizure** |
| j. | Standard LD 17: | **Presentation of Evidence** |
| k. | Standard LD 18: | **Investigative Report Writing** |
| l. | Standard LD-06: | **Property Crimes** |

189. **Michael Ramos** ("*Defendant Ramos*") was at all times relevant to this case the District Attorney for the County of San Bernardino, and upon information and belief, Defendant Ramos is a citizen and resident of the state of California. Defendant Ramos is named herein as: (a) an official with Defendant SBDA who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with other public officials acting under color of state law. Plaintiff seeks action against Defendant Ramos in both his official and individual capacities, asserting that as an individual, Defendant Ramos is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); *United States v. Price,* 387 U.S. 787 (1966).

190.  **Jim Hackleman** ("*Defendant Hackleman*") was at all times relevant to this case the Assistant District Attorney for the County of San Bernardino, and upon information and belief, Defendant Hackleman is a citizen and resident of the state of California. Defendant Hackleman is named herein as: (a) an official with Defendant OCDA who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law.  Plaintiff seeks action against Defendant Hackleman in both his official and individual capacities, asserting that as an individual, Defendant Hackleman is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price,* 387 U.S. 787 (1966).

191.  **Dennis Christy** ("*Defendant Christy*") was at all times relevant to this case a Senior District Attorney for the Desert Region for the County of San Bernardino.  Upon information and belief, is a citizen and resident of the state of California.  Defendant Christy is named herein as: (a) an official with Defendant OCDA who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law.  Plaintiff seeks action against Defendant Christy in both his official and individual capacities, asserting that as an individual, Defendant Christy is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price,* 387 U.S. 787 (1966).

192.  **Scott Byrd** ("*Defendant Byrd*") was at all times relevant to this case a Deputy District Attorney for Defendant SBDA, and upon information and belief, is a citizen and resident of the state of California.  Defendant Byrd is named herein as: (a) an official with Defendant OCDA who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Byrd in both his official and individual capacities, asserting that as an individual, Defendant Byrd is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price,* 387 U.S. 787 (1966).

193.  **Patrick Christianson** ("*Defendant Chistianson*") was at all times relevant to this case a Deputy District Attorney for Defendant SBDA, and upon information and belief, is

a citizen and resident of the state of California. Defendant Christianson is named herein as: (a) an official with Defendant OCDA who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Christianson in both his official and individual capacities, asserting that as an individual, Defendant Christianson is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price,* 387 U.S. 787 (1966).

194. **Laura Robles** ("*Defendant Robles*") was at all times relevant to this case a Deputy District Attorney for Defendant SBDA, and upon information and belief, is a citizen and resident of the state of California. Defendant Christianson is named herein as: (a) an official with Defendant SBDA who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Robles in both her official and individual capacities, asserting that as an individual, Defendant Robles is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price,* 387 U.S. 787 (1966).

195. **William Gale** ("*Defendant Gale*") was at all times relevant to this case a Deputy District Attorney for Defendant SBDA, and upon information and belief, is a citizen and resident of the state of California. Defendant Gale is named herein as a defendant for his acts as: (a) an official with Defendant SBDA who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Gale in both his official and individual capacities, asserting that as an individual, Defendant Gale is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price,* 387 U.S. 787 (1966).

196. **Jonathan Robbins** ("*Defendant Robbins*") was at all times relevant to this case a Deputy District Attorney for Defendant SBDA, and upon information and belief, is a citizen and resident of the state of California. Defendant Robbins is named herein as: (a) an official with Defendant SBDA who acted in collusion with other defendants named herein; and (b) an

individual, who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Robbins in both his official and individual capacities, asserting that as an individual, Defendant Robbins is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price,* 387 U.S. 787 (1966).

197. **Melinda Spencer** ("*Defendant Spencer*") was at all times relevant to this case a Deputy District Attorney for Defendant SBDA, and upon information and belief, is a citizen and resident of the state of California. Defendant Spencer is named herein as: (a) an official with Defendant SBDA who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Spencer in both her official and individual capacities, asserting that as an individual, Defendant Spencer is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price,* 387 U.S. 787 (1966).

198. **Timothy Dixon** ("*Defendant Dixon*") was at all times relevant to this case a Deputy District Attorney for Defendant SBDA, and upon information and belief, is a citizen and resident of the state of California. Defendant Dixon is named herein as: (a) an official with Defendant SBDA who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Dixon in both his official and individual capacities, asserting that as an individual, Defendant Dixon is also liable under the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price,* 387 U.S. 787 (1966).

199. **San Bernardino Public Defender** ("Defendant SBPD") The San Bernardino Public Defender is a County department comprised of private attorneys licensed by the California State Bar, paid by the state of California, and controlled by the state of California by way of California Government Code §§27700-27712, Chapter 13, which grants the San Bernardino Board of Supervisors ("Defendant SBBS") authority to establish the office of

1  public defender for the county and to determine whether the public defender is to be appointed

2  or elected.

3       200.   **Doreen Boxer** ("*Defendant Boxer*") was at all times relevant to this case the

4  Public Defender for the County of San Bernardino, and upon information and belief, is a

5  citizen and resident of the state of California. In *Dennis v. Sparks,* 449 U.S. 24 (1980) the U.S.

6  Supreme Court held "private parties who corruptly conspire with a judge act under color of

7  state law, even though the judge is protected by judicial immunity." In *Tower v. Glover*, 467

8  U.S. 914 (1984), the U.S. Supreme Court held "State public defenders are not immune from

9  liability under §1983 litigation for intentional misconduct by virtue of alleged conspiratorial

10  action with state officials that deprives their clients of federal rights." Plaintiff seeks action

11  against Defendant Boxer in both her official and individual capacities, asserting that as an

12  individual, Defendant Boxer is also liable under the Joint Participation Doctrine, *Adickes v. S.*

    *H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

13       201.   **Lauri Ferguson** ("*Defendant Ferguson*") was at all times relevant to this case

14  the Assistant Public Defender for the County of San Bernardino, and upon information and

15  belief, is a citizen and resident of the state of California. In *Dennis v. Sparks,* 449 U.S. 24

16  (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act

17  under color of state law, even though the judge is protected by judicial immunity." In *Tower v.*

18  *Glover*, 467 U.S. 914 (1984), the U.S. Supreme Court held "State public defenders are not

19  immune from liability under §1983 litigation for intentional misconduct by virtue of alleged

20  conspiratorial action with state officials that deprives their clients of federal rights." Plaintiff

21  seeks action against Defendant Ferguson in both her official and individual capacities,

22  asserting that as an individual, Defendant Ferguson is also liable under the Joint Participation

23  Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S.

24  787 (1966).

25       202.   **Phyllis Morris** ("*Defendant Morris*") was at all times relevant to this case the

26  Public Defender, Interim Public Defender and/or Assistant Public Defender for Defendant

27  SBPD, and upon information and belief, is a citizen and resident of the state of California. In

28  *Dennis v. Sparks,* 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who

1  corruptly conspire with a judge act under color of state law, even though the judge is protected

2  by judicial immunity." In *Tower v. Glover*, 467 U.S. 914 (1984), the U.S. Supreme Court held

3  "State public defenders are not immune from liability under §1983 litigation for intentional

4  misconduct by virtue of alleged conspiratorial action with state officials that deprives their

5  clients of federal rights." Plaintiff seeks action against Defendant Morris in both her official

6  and individual capacities, asserting that as an individual, Defendant Morris is also liable under

7  the Joint Participation Doctrine, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United*

8  *States v. Price* 387 U.S. 787 (1966).

9       203.   **Geoffrey Canty** ("*Defendant Canty*") was at all times relevant to this case a

10  Deputy Public Defender for Defendant SBPD, and upon information and belief, is a citizen

11  and resident of the state of California. In *Dennis v. Sparks,* 449 U.S. 24 (1980) the U.S.

12  Supreme Court held "private parties who corruptly conspire with a judge act under color of

13  state law, even though the judge is protected by judicial immunity." In *Tower v. Glover*, 467

14  U.S. 914 (1984), the U.S. Supreme Court held "State public defenders are not immune from

15  liability under §1983 litigation for intentional misconduct by virtue of alleged conspiratorial

16  action with state officials that deprives their clients of federal rights." Plaintiff seeks action

17  against Defendant Canty in both his official and individual capacities, asserting that as an

18  individual, Defendant Canty is also liable under the Joint Participation Doctrine, *Adickes v. S.*

19  *H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

20       204.   **Jeffrey Lawrence** ("*Defendant Lawrence*") was at all times relevant to this

21  case a Deputy Public Defender for Defendant SBPD, and upon information and belief, is a

22  citizen and resident of the state of California. In *Dennis v. Sparks,* 449 U.S. 24 (1980) the U.S.

23  Supreme Court held "private parties who corruptly conspire with a judge act under color of

24  state law, even though the judge is protected by judicial immunity." In *Tower v. Glover*, 467

25  U.S. 914 (1984), the U.S. Supreme Court held "State public defenders are not immune from

26  liability under §1983 litigation for intentional misconduct by virtue of alleged conspiratorial

27  action with state officials that deprives their clients of federal rights." Plaintiff seeks action

28  against Defendant Lawrence in both his official and individual capacities, asserting that as an

individual, Defendant Lawrence is also liable under the Joint Participation Doctrine, *Adickes*

- 78 -

1    *v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

2      205. **Mark Shoup** ("*Defendant Shoup*") was at all times relevant to this case a

3 Deputy Public Defender for Defendant SBPD, and upon information and belief, is a citizen

4 and resident of the state of California. In *Dennis v. Sparks,* 449 U.S. 24 (1980) the U.S.

5 Supreme Court held "private parties who corruptly conspire with a judge act under color of

6 state law, even though the judge is protected by judicial immunity." In *Tower v. Glover,* 467

7 U.S. 914 (1984), the U.S. Supreme Court held "State public defenders are not immune from

8 liability under §1983 litigation for intentional misconduct by virtue of alleged conspiratorial

9 action with state officials that deprives their clients of federal rights." Plaintiff seeks action

10 against Defendant Shoup in both his official and individual capacities, asserting that as an

11 individual, Defendant Shoup is also liable under the Joint Participation Doctrine, *Adickes v. S.*

12 *H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

13      206. **Kawika Smith** ("*Defendant Smith*") was at all times relevant to this case a

14 Deputy Public Defender for Defendant SBPD, and upon information and belief, is a citizen

15 and resident of the state of California. In *Dennis v. Sparks,* 449 U.S. 24 (1980) the U.S.

16 Supreme Court held "private parties who corruptly conspire with a judge act under color of

17 state law, even though the judge is protected by judicial immunity." In *Tower v. Glover,* 467

18 U.S. 914 (1984), the U.S. Supreme Court held "State public defenders are not immune from

19 liability under §1983 litigation for intentional misconduct by virtue of alleged conspiratorial

20 action with state officials that deprives their clients of federal rights." Plaintiff seeks action

21 against Defendant Smith in both his official and individual capacities, asserting that as an

22 individual, Defendant Smith is also liable under the Joint Participation Doctrine, *Adickes v. S.*

23 *H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

24      207. **San Bernardino County Sheriff's Department** ("Defendant SBSD") is a

25 California State Agency. Defendant SBSD must comply with all training standards as

26 required by the State of California Commission on Peace Officer Standards and Training

27 (POST) including, but not limited to:

| | | |
|---|---|---|
| a. | Standard LD-07: | **Crimes Against Persons** |
| b. | Standard LD-08: | **General Criminal Statutes** |
| c. | Standard LD-15: | **Laws of Arrest** |

|   |   |   |
|---|---|---|
| d. | Standard LD-23: | **Crimes in Progress** |
| e. | Standard LD-33: | **Arrest Methods/Defensive Tactics** |
| f. | Standard LD-30: | **Crime Scenes, Evidence and Forensics** |
| g. | Standard LD 31: | **Custody** |
| h. | Standard LD 20: | **Use of Force** |
| i. | Standard LD 16: | **Search and Seizure** |
| j. | Standard LD 17: | **Presentation of Evidence** |
| k. | Standard LD 18: | **Investigative Report Writing** |
| l. | Standard LD-06: | **Property Crimes** |

208.  **Rodney Hoops** ("*Defendant Hoops*") was at all times relevant to this case the Sheriff/Coroner of the County of San Bernardino, and officer in fact or de facto acting under color of state law, and upon information and belief, is a citizen and resident of the state of California.

a.      In *United States v. Classic*, 313 U.S. 299, 326 (1941), the U.S. Supreme Court held: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law."   Plaintiff seeks action against Defendant Hoops, in his official capacity, for his intentional actions against Plaintiff that deprived her of federal statutory and constitutional rights.

b.      Plaintiff also seeks action against Defendant Hoops, in his individual capacity, to impose personal liability upon him for actions he took under color of state law." (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985)); and as a willing participant "of the foul purposes alleged herein to suffer the consequences of that participation."   Defendant Hoops was an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966); and in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

209.  **Bill Abernathy** ("*Defendant Abernathy*") was at all times relevant to this case the Under-Sheriff of Defendant SBSD, and upon information and belief, is a citizen and resident of the state of California.

a.      In *United States v. Classic*, 313 U.S. 299, 326 (1941), the U.S. Supreme Court held: "Misuse of power, possessed by virtue of state law and made possible only

- 80 -

because the wrongdoer is clothed with the authority of state law, is action taken under color of state law." Plaintiff seeks action against Defendant Abernathy, in his official capacity, for his intentional actions against Plaintiff that deprived her of federal statutory and constitutional rights.

b. Plaintiff also seeks action against Defendant Abernathy, in his individual capacity, to impose personal liability upon him for actions he took under color of state law." (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985)); and as a willing participant "of the foul purposes alleged herein to suffer the consequences of that participation." Defendant Abernathy was an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966); and in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

210. **Robert Fonzi** ("*Defendant Fonzi*") was at all times relevant to this case the Assistant Sheriff of Defendant SBSD, and upon information and belief, is a citizen and resident of the state of California.

a. In *United States v. Classic*, 313 U.S. 299, 326 (1941), the U.S. Supreme Court held: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law." Plaintiff seeks action against Defendant Fonzi, in his official capacity, for his intentional actions against Plaintiff that deprived her of federal statutory and constitutional rights.

b. Plaintiff also seeks action against Defendant Fonzi, in his individual capacity, to impose personal liability upon him for actions he took under color of state law." (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985)); and as a willing participant "of the foul purposes alleged herein to suffer the consequences of that participation." Defendant Fonzi was an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966); and in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

- 81 -

211. **John McMahon** ("*Defendant McMahon*") was at all times relevant to this case the Assistant Sheriff of Defendant SBSD, and upon information and belief, is a citizen and resident of the state of California.

a. In *United States v. Classic*, 313 U.S. 299, 326 (1941), the U.S. Supreme Court held: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law." Plaintiff seeks action against Defendant McMahon, in his official capacity, for his intentional actions against Plaintiff that deprived her of federal statutory and constitutional rights.

b. Plaintiff also seeks action against Defendant McMahon, in his individual capacity, to impose personal liability upon him for actions he took under color of state law." (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985)); and as a willing participant "of the foul purposes alleged herein to suffer the consequences of that participation." Defendant McMahon was an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966); and in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

212. **Brian Williams** ("*Defendant Williams*") was at all times relevant to this case the Head of Internal Affairs for Defendant SBSD, and upon information and belief, is a citizen resident of the state of California.

a. In *United States v. Classic*, 313 U.S. 299, 326 (1941), the U.S. Supreme Court held: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law." Plaintiff seeks action against Defendant Williams, in his official capacity, for his intentional actions against Plaintiff that deprived her of federal statutory and constitutional rights.

b. Plaintiff also seeks action against Defendant Williams, in his individual capacity, to impose personal liability upon him for actions he took under color of state law." (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985)); and as a willing participant "of the foul

- 82 -

1  purposes alleged herein to suffer the consequences of that participation." Defendant Williams

2  was an "effective participant in official lawlessness, acting in willful concert with state officers

3  and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966); and in

4  accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in

5  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

6      213.    **Christopher Allen** ("*Defendant Allen*") was at all times relevant to this case

7  and official of Internal Affairs for Defendant SBSD, and upon information and belief, is a

8  citizen and resident of the state of California.

9          a.      In *United States v. Classic*, 313 U.S. 299, 326 (1941), the U.S. Supreme

10 Court held: "Misuse of power, possessed by virtue of state law and made possible only

11 because the wrongdoer is clothed with the authority of state law, is action taken under color of

12 state law."    Plaintiff seeks action against Defendant Allen, in his official capacity, for his

13 intentional actions against Plaintiff that deprived her of federal statutory and constitutional

    rights.

14         b.      Plaintiff also seeks action against Defendant Allen, in his individual

15 capacity, to impose personal liability upon him for actions he took under color of state law."

16 (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985)); and as a willing participant "of the foul

17 purposes alleged herein to suffer the consequences of that participation." Defendant Allen was

18 an "effective participant in official lawlessness, acting in willful concert with state officers and

19 hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966); and in

20 accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in

21 *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

22     214.    **Gregory Garland** ("*Defendant Garland*") was at all times relevant to this case

23 the Captain of Defendant SBSD's Big Bear Sheriff Substation, and upon information and

24 belief, is a citizen and resident of the state of California.

25         a.      In *United States v. Classic*, 313 U.S. 299, 326 (1941), the U.S. Supreme

26 Court held: "Misuse of power, possessed by virtue of state law and made possible only

27 because the wrongdoer is clothed with the authority of state law, is action taken under color of

28 state law."    Plaintiff seeks action against Defendant Garland, in his official capacity, for his

- 83 -

1    intentional actions against Plaintiff that deprived her of federal statutory and constitutional
2    rights.

3          b.     Plaintiff also seeks action against Defendant Garland, in his individual
4    capacity, to impose personal liability upon him for actions he took under color of state law."
5    (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985)); and as a willing participant "of the foul
6    purposes alleged herein to suffer the consequences of that participation." Defendant Garland
7    was an "effective participant in official lawlessness, acting in willful concert with state officers
8    and hence under color of law." (*See, United States v. Price,* 387 U.S. 787 (1966); and in
9    accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in
10   *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970).

11         215.   **Erroll Bechtel** ("*Defendant Bechtel*") was at all times relevant to this case a
     Lieutenant of Defendant SBSD's Big Bear Sheriff Substation, and upon information and belief,
12   is a citizen and resident of the state of California.

13         a.     In *United States v. Classic,* 313 U.S. 299, 326 (1941), the U.S. Supreme
14   Court held: "Misuse of power, possessed by virtue of state law and made possible only
15   because the wrongdoer is clothed with the authority of state law, is action taken under color of
16   state law." Plaintiff seeks action against Defendant Bechtel, in his official capacity, for his
17   intentional actions against Plaintiff that deprived her of federal statutory and constitutional
18   rights.

19         b.     Plaintiff also seeks action against Defendant Lane, in his individual
20   capacity, to impose personal liability upon him for actions he took under color of state law."
21   (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985)); and as a willing participant "of the foul
22   purposes alleged herein to suffer the consequences of that participation." Defendant Bechtel
23   was an "effective participant in official lawlessness, acting in willful concert with state officers
24   and hence under color of law." (*See, United States v. Price,* 387 U.S. 787 (1966); and in
25   accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in
26   *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970).

27
28

- 84 -

PLAINTIFF'S SECOND AMENDED COMPLAINT

216. **Jay Blankenship** (*"Defendant Blankenship"*) was at all times relevant to this case Director of Civil Liabilities for Defendant SBSD, and upon information and belief, is a citizen and resident of the state of California.

a. In *United States v. Classic*, 313 U.S. 299, 326 (1941), the U.S. Supreme Court held: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law." Plaintiff seeks action against Defendant Blankenship, in his official capacity, for his intentional actions against Plaintiff that deprived her of federal statutory and constitutional rights.

b. Plaintiff also seeks action against Defendant Blankenship, in his individual capacity, to impose personal liability upon him for actions he took under color of state law." (*See, Kentucky v. Graham*, 473 U.S. 159, 165 (1985)); and as a willing participant "of the foul purposes alleged herein to suffer the consequences of that participation." Defendant Blankenship was an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966); and in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

217. **Lori Bachelor** (*"Defendant Bachelor"*) was at all times relevant to this case an Administrator assigned to Defendant Blankenship for Defendant SBSD, and upon information and belief, is a citizen and resident of the state of California.

a. In *United States v. Classic*, 313 U.S. 299, 326 (1941), the U.S. Supreme Court held: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law." Plaintiff seeks action against Defendant Bachelor, in her official capacity, for his intentional actions against Plaintiff that deprived her of federal statutory and constitutional rights.

b. Plaintiff also seeks action against Defendant Bachelor, in her individual capacity, to impose personal liability upon him for actions he took under color of state law." (*See, Kentucky v. Graham*, 473 U.S. 159, 165 (1985)); and as a willing participant "of the foul

- 85 -

1    purposes alleged herein to suffer the consequences of that participation." Defendant Bachelor
2    was an "effective participant in official lawlessness, acting in willful concert with state officers
3    and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966); and in
4    accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in
5    *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

6        218.   **Douglas Wolfe** ("*Defendant Wolfe*") was at all times relevant to this case a
7    Sergeant of Defendant SBSD's Big Bear Sheriff Substation, and upon information and belief,
8    is a citizen and resident of the state of California.

9            a.     In *United States v. Classic*, 313 U.S. 299, 326 (1941), the U.S. Supreme
10   Court held: "Misuse of power, possessed by virtue of state law and made possible only
11   because the wrongdoer is clothed with the authority of state law, is action taken under color of
12   state law."   Plaintiff seeks action against Defendant Wolfe Lane, in his official capacity, for
13   his intentional actions against Plaintiff that deprived her of federal statutory and constitutional
     rights.

14           b.     Plaintiff also seeks action against Defendant Wolfe, in his individual
15   capacity, to impose personal liability upon him for actions he took under color of state law."
16   (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985)); and as a willing participant "of the foul
17   purposes alleged herein to suffer the consequences of that participation." Defendant Wolfe
18   was an "effective participant in official lawlessness, acting in willful concert with state officers
19   and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966); and in
20   accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in
21   *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

22       219.   **Craig Harris** ("*Defendant Harris*") was at all times relevant to this case a
23   Detective of Defendant SBSD's Big Bear Sheriff Substation, and upon information and belief,
24   is a citizen and resident of the state of California.

25           a.     In *United States v. Classic*, 313 U.S. 299, 326 (1941), the U.S. Supreme
26   Court held: "Misuse of power, possessed by virtue of state law and made possible only
27   because the wrongdoer is clothed with the authority of state law, is action taken under color of
28   state law."   Plaintiff seeks action against Defendant Harris, in his official capacity, for his

- 86 -

1   intentional actions against Plaintiff that deprived her of federal statutory and constitutional

2   rights.

3       b.      Plaintiff also seeks action against Defendant Harris, in his individual

4   capacity, to impose personal liability upon him for actions he took under color of state law."

5   (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985)); and as a willing participant "of the foul

6   purposes alleged herein to suffer the consequences of that participation."  Defendant Harris

7   was an "effective participant in official lawlessness, acting in willful concert with state officers

8   and hence under color of law." (*See, United States v. Price,* 387 U.S. 787 (1966); and in

9   accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in

10  *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970).

11      220.    **Detective Kruger** ("*Defendant Kruger*") was at all times relevant to this case a

12  Detective of Defendant SBSD's Big Bear Sheriff Substation, and upon information and belief,

13  is a citizen and resident of the state of California.

14      a.      In *United States v. Classic,* 313 U.S. 299, 326 (1941), the U.S. Supreme

15  Court held: "Misuse of power, possessed by virtue of state law and made possible only

16  because the wrongdoer is clothed with the authority of state law, is action taken under color of

17  state law."   Plaintiff seeks action against Defendant Kruger, in his official capacity, for his

18  intentional actions against Plaintiff that deprived her of federal statutory and constitutional

19  rights.

20      b.      Plaintiff also seeks action against Defendant Kruger, in his individual

21  capacity, to impose personal liability upon him for actions he took under color of state law."

22  (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985)); and as a willing participant "of the foul

23  purposes alleged herein to suffer the consequences of that participation."  Defendant Kruger

24  was an "effective participant in official lawlessness, acting in willful concert with state officers

25  and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966); and in

26  accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in

27  *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970).

- 87 -

221. **Sergeant Mason** ("*Defendant Mason*") was at all times relevant to this case a Sergeant of Defendant SBSD's Big Bear Sheriff Substation, and upon information and belief, is a citizen and resident of the state of California.

a. In *United States v. Classic*, 313 U.S. 299, 326 (1941), the U.S. Supreme Court held: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law." Plaintiff seeks action against Defendant Mason, in his official capacity, for his intentional actions against Plaintiff that deprived her of federal statutory and constitutional rights.

b. Plaintiff also seeks action against Defendant Mason, in his individual capacity, to impose personal liability upon him for actions he took under color of state law." (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985)); and as a willing participant "of the foul purposes alleged herein to suffer the consequences of that participation." Defendant Mason was an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966); and in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

222. **Bryan Lane** ("*Defendant Lane*") was at all times relevant to this case a Sergeant of Defendant SBSD's Big Bear Sheriff Substation, acting under color of state law, and upon information and belief, is a citizen and resident of the state of California.

a. In *United States v. Classic*, 313 U.S. 299, 326 (1941), the U.S. Supreme Court held: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law." Plaintiff seeks action against Defendant Lane, in his official capacity, for his intentional actions against Plaintiff that deprived her of federal statutory and constitutional rights.

b. Plaintiff also seeks action against Defendant Lane, in his individual capacity, to impose personal liability upon him for actions he took under color of state law." (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985)); and as a willing participant "of the foul

- 88 -

purposes alleged herein to suffer the consequences of that participation." Defendant Lane was an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966); and in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

223. **Jeremy King** ("*Defendant King*") was at all times relevant to this case a Deputy Sheriff of Defendant SBSD's Big Bear Sheriff Substation, acting under color of state law, and upon information and belief, is a citizen and resident of the state of California.

    a. In *United States v. Classic*, 313 U.S. 299, 326 (1941), the U.S. Supreme Court held: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law." Plaintiff seeks action against Defendant King, in his official capacity, for his intentional actions against Plaintiff that deprived her of federal statutory and constitutional rights.

    b. Plaintiff also seeks action against Defendant King, in his individual capacity, to impose personal liability upon him for actions he took under color of state law." (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985)); and as a willing participant "of the foul purposes alleged herein to suffer the consequences of that participation." Defendant King was an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966); and in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

224. **Christopher Morsch** ("*Defendant Morsch*") was at all times relevant to this case a Deputy Sheriff of Defendant SBSD's Big Bear Sheriff Substation, acting under color of state law, and upon information and belief, is a citizen and resident of the state of California.

    a. In *United States v. Classic*, 313 U.S. 299, 326 (1941), the U.S. Supreme Court held: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law." Plaintiff seeks action against Defendant Morsch, in his official capacity, for his

- 89 -

1  intentional actions against Plaintiff that deprived her of federal statutory and constitutional

2  rights.

3         b.    Plaintiff also seeks action against Defendant Morsch, in his individual

4  capacity, to impose personal liability upon him for actions he took under color of state law."

5  (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985)); and as a willing participant "of the foul

6  purposes alleged herein to suffer the consequences of that participation."  Defendant Morsch

7  was an "effective participant in official lawlessness, acting in willful concert with state officers

8  and hence under color of law." (*See, United States v. Price,* 387 U.S. 787 (1966); and in

9  accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in

10  *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970).

11        225.   **Alexander Collins** ("*Defendant Collins*") was at all times relevant to this case a

   Deputy Sheriff of Defendant SBSD's Big Bear Sheriff Substation, acting under color of state

12  law, and upon information and belief, is a citizen and resident of the state of California.

13        a.    In *United States v. Classic,* 313 U.S. 299, 326 (1941), the U.S. Supreme

14  Court held: "Misuse of power, possessed by virtue of state law and made possible only

15  because the wrongdoer is clothed with the authority of state law, is action taken under color of

16  state law."   Plaintiff seeks action against Defendant Collins, in his official capacity, for his

17  intentional actions against Plaintiff that deprived her of federal statutory and constitutional

18  rights.

19        b.    Plaintiff also seeks action against Defendant Collins, in his individual

20  capacity, to impose personal liability upon him for actions he took under color of state law."

21  (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985); and as a willing participant "of the foul

22  purposes alleged herein to suffer the consequences of that participation."  Defendant Collins

23  was an "effective participant in official lawlessness, acting in willful concert with state officers

24  and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966); and in

25  accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in

26  *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970).

27

28

PLAINTIFF'S SECOND AMENDED COMPLAINT

226.   **Brent Meelker** (*"Defendant Meelker"*) was at all times relevant to this case a Deputy Sheriff of Defendant SBSD's Big Bear Sheriff Substation, acting under color of state law, and upon information and belief, is a citizen and resident of the state of California.

a.   In *United States v. Classic*, 313 U.S. 299, 326 (1941), the U.S. Supreme Court held: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law."   Plaintiff seeks action against Defendant Meelker, in his official capacity, for his intentional actions against Plaintiff that deprived her of federal statutory and constitutional rights.

b.   Plaintiff also seeks action against Defendant Meelker, in his individual capacity, to impose personal liability upon him for actions he took under color of state law." (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985)); and as a willing participant "of the foul purposes alleged herein to suffer the consequences of that participation." Defendant Meelker was an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966); and in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

227.   **Michael McCracken** (*"Defendant McCracken"*) was at all times relevant to this case a Deputy Sheriff of Defendant SBSD's Big Bear Sheriff Substation, acting under color of state law, and upon information and belief, is a citizen and resident of the state of California.

a.   In *United States v. Classic*, 313 U.S. 299, 326 (1941), the U.S. Supreme Court held: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law."   Plaintiff seeks action against Defendant McCracken, in his official capacity, for his intentional actions against Plaintiff that deprived her of federal statutory and constitutional rights.

b.   Plaintiff also seeks action against Defendant McCracken, in his individual capacity, to impose personal liability upon him for actions he took under color of

- 91 -

state law." (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985); and as a willing participant "of the foul purposes alleged herein to suffer the consequences of that participation." Defendant McCracken was an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price,* 387 U.S. 787 (1966); and in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970).

228.    **James Wijnhamer** ("*Defendant Wijnhamer*") was at all times relevant to this case a Deputy Sheriff of Defendant SBSD's Big Bear Sheriff Substation, acting under color of state law, and upon information and belief, is a citizen and resident of the state of California.

a.    In *United States v. Classic,* 313 U.S. 299, 326 (1941), the U.S. Supreme Court held: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law."    Plaintiff seeks action against Defendant Wijnhamer, in his official capacity, for his intentional actions against Plaintiff that deprived her of federal statutory and constitutional rights.

b.    Plaintiff also seeks action against Defendant Wijnhamer, in his individual capacity, to impose personal liability upon him for actions he took under color of state law." (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985); and as a willing participant "of the foul purposes alleged herein to suffer the consequences of that participation." Defendant Wijnhamer was an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price,* 387 U.S. 787 (1966); and in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970).

229.    **Michael Broadhurst** ("*Defendant Broadhurst*") was at all times relevant to this case a Deputy Sheriff of Defendant SBSD's Big Bear Sheriff Substation, acting under color of state law, and upon information and belief, is a citizen and resident of the state of California.

a.    In *United States v. Classic,* 313 U.S. 299, 326 (1941), the U.S. Supreme Court held: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of

- 92 -

state law." Plaintiff seeks action against Defendant Broadhurst, in his official capacity, for his intentional actions against Plaintiff that deprived her of federal statutory and constitutional rights.

b. Plaintiff also seeks action against Defendant Broadhurst, in his individual capacity, to impose personal liability upon him for actions he took under color of state law." (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985); and as a willing participant "of the foul purposes alleged herein to suffer the consequences of that participation." Defendant Broadhurst was an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966); and in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

230.   **Brian Shedd** ("*Defendant Shedd*") was at all times relevant to this case a Deputy Sheriff of Defendant SBSD's Big Bear Sheriff Substation, acting under color of state law, and upon information and belief, is a citizen and resident of the state of California.

a. In *United States v. Classic*, 313 U.S. 299, 326 (1941), the U.S. Supreme Court held: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law." Plaintiff seeks action against Defendant Shedd, in his official capacity, for his intentional actions against Plaintiff that deprived her of federal statutory and constitutional rights.

b. Plaintiff also seeks action against Defendant Shedd, in his individual capacity, to impose personal liability upon him for actions he took under color of state law." (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985); and as a willing participant "of the foul purposes alleged herein to suffer the consequences of that participation." Defendant Shedd was an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966); and in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

231. **Deputy J. Long** ("*Defendant Long*") was at all times relevant to this case a Deputy Sheriff of Defendant SBSD's Big Bear Sheriff Substation, acting under color of state law, and upon information and belief, is a citizen and resident of the state of California.

a. In *United States v. Classic*, 313 U.S. 299, 326 (1941), the U.S. Supreme Court held: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law." Plaintiff seeks action against Defendant Long, in his official capacity, for his intentional actions against Plaintiff that deprived her of federal statutory and constitutional rights.

b. Plaintiff also seeks action against Defendant Long, in his individual capacity, to impose personal liability upon him for actions he took under color of state law." (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985); and as a willing participant "of the foul purposes alleged herein to suffer the consequences of that participation." Defendant Long was an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966); and in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

232. **Deputy J. Massey** ("*Defendant Massey*") was at all times relevant to this case a Deputy Sheriff of Defendant SBSD's Big Bear Sheriff Substation, acting under color of state law, and upon information and belief, is a citizen and resident of the state of California.

a. In *United States v. Classic*, 313 U.S. 299, 326 (1941), the U.S. Supreme Court held: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law." Plaintiff seeks action against Defendant Massey, in his official capacity, for his intentional actions against Plaintiff that deprived her of federal statutory and constitutional rights.

b. Plaintiff also seeks action against Defendant Massey, in his individual capacity, to impose personal liability upon him for actions he took under color of state law." (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985); and as a willing participant "of the foul

purposes alleged herein to suffer the consequences of that participation." Defendant Massey was an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966); and in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

233. **Deputy Jablonsky** ("*Defendant Jablonsky*") was at all times relevant to this case a Deputy Sheriff of Defendant SBSD's Big Bear Sheriff Substation, acting under color of state law, and upon information and belief, is a citizen and resident of the state of California.

a. In *United States v. Classic*, 313 U.S. 299, 326 (1941), the U.S. Supreme Court held: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law." Plaintiff seeks action against Defendant Jablonsky, in his official capacity, for his intentional actions against Plaintiff that deprived her of federal statutory and constitutional rights.

b. Plaintiff also seeks action against Defendant Jablonsky, in his individual capacity, to impose personal liability upon him for actions he took under color of state law." (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985); and as a willing participant "of the foul purposes alleged herein to suffer the consequences of that participation." Defendant Jablonsky was an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966); and in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

234. **Pauline Domingue** ("*Defendant Domingue*") was at all times relevant to this case a Deputy Sheriff of Defendant SBSD's Big Bear Sheriff Substation, acting under color of state law, and upon information and belief, is a citizen and resident of the state of California.

a. In *United States v. Classic*, 313 U.S. 299, 326 (1941), the U.S. Supreme Court held: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law." Plaintiff seeks action against Defendant Domingue, in her official capacity, for his

- 95 -

intentional actions against Plaintiff that deprived her of federal statutory and constitutional rights.

   b.   Plaintiff also seeks action against Defendant Domingue, in her individual capacity, to impose personal liability upon her for actions he took under color of state law." (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985); and as a willing participant "of the foul purposes alleged herein to suffer the consequences of that participation." Defendant Domingue was an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price,* 387 U.S. 787 (1966); and in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970).

   235.   **San Bernardino County Department of Health & Welfare** *("Defendant SBHW")* is a County Agency of the County of San Bernardino.

   236.   **Kelly Papp** (*"Defendant Papp"*) was at all times relevant to this case a Deputy of Defendant SBHW, acting under color of state law, and upon information and belief, is a citizen and resident of the state of California.

   a.   In *United States v. Classic,* 313 U.S. 299, 326 (1941), the U.S. Supreme Court held: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law."   Plaintiff seeks action against Defendant Papp, in his official capacity, for his intentional actions against Plaintiff that deprived her of federal statutory and constitutional rights.

   b.   Plaintiff also seeks action against Defendant Papp, in her individual capacity, to impose personal liability upon him for actions he took under color of state law." (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985); and as a willing participant "of the foul purposes alleged herein to  suffer the consequences of that participation."   Defendant Papp was an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price,* 387 U.S. 787 (1966); and in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970).

- 96 -

237. **Doug Smith** ("*Defendant D. Smith*") was at all times relevant to this case a Deputy of Defendant SBHW, acting under color of state law, and upon information and belief, is a citizen and resident of the state of California.

    a.    In *United States v. Classic*, 313 U.S. 299, 326 (1941), the U.S. Supreme Court held: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law." Plaintiff seeks action against Defendant D. Smith, in his official capacity, for his intentional actions against Plaintiff that deprived her of federal statutory and constitutional rights.

    b.    Plaintiff also seeks action against Defendant D. Smith, in his individual capacity, to impose personal liability upon him for actions he took under color of state law." (*See, Kentucky v. Graham,* 473 U.S. 159, 165 (1985); and as a willing participant "of the foul purposes alleged herein to suffer the consequences of that participation." Defendant Smith was an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966); and in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

238. **City of Big Bear Lake** ("Defendant Big Bear"), is a California Municipality of the County of San Bernardino and the State of California.

239. **Rick Herrick** ("*Defendant Herrick*") was at all times relevant to this case the Mayor and/or City Councilperson of Defendant Big Bear, and Owner of K-BHR, the local radio station. Upon information and belief, Defendant Herrick is a citizen and resident of the state of California, and is named herein as: (a) an official with Defendant Big Bear who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." Defendant Herrick was and is an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787

(1966).  Defendant Herrick is named herein in his individual capacity in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

240.  **Elizabeth Harris** ("*Defendant E. Harris*") was at all times relevant to this case the Mayor and/or City Councilperson of Defendant Big Bear, and upon information and belief, is a citizen and resident of the state of California.  Defendant Harris is named herein as: (a) an official with Defendant Big Bear who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law.  In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity."  Defendant Harris was and is an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966).  Defendant Harris is named herein in her individual capacity in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

241.  **Bill Jahn** ("*Defendant Jahn*") was at all times relevant to this case City Councilperson of the Defendant Big Bear, and upon information and belief, is a citizen and resident of the state of California.  Defendant Jahn is named herein as: (a) an official with Defendant Big Bear who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law.  In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity."  Defendant Jahn was and is an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966).  Defendant Jahn is named herein in his individual capacity in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

242.  **Darrell Mulvihill** ("*Defendant Mulvihill*") was at all times relevant to this case City Councilperson of Defendant Big Bear, and upon information and belief, is a citizen and

- 98 -

resident of the state of California.  Defendant Mulvihill is named herein as: (a) an official with Defendant Big Bear who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law.  In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity."  Defendant Mulvihill was and is an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966).  Defendant Mulvihill is named herein in his individual capacity in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

243.    **Michael Karp** ("*Defendant Karp*") was at all times relevant to this case City Councilperson of Defendant Big Bear, and upon information and belief, is a citizen and resident of the state of California.  Defendant Karp is named herein as: (a) an official with Defendant Big Bear who acted in collusion with other defendants named herein; and (b) an individual, who acted in collusion with public officials acting under color of state law.  In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity."  Defendant Karp was and is an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966).  Defendant Karp is named herein in his individual capacity in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

244.    **Thomas V. Girardi** ("*Defendant Girardi*") was at all times relevant to this case Founding Senior Partner of Girardi Keese, a plaintiff's class action law firm. Upon information and belief, Defendant Girardi is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity."  Defendant Girardi was and is an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See,*

- 99 -

1    *United States v. Price*, 387 U.S. 787 (1966)).  Defendant Girardi is named herein as a private

2    party who acted in collusion with public officials acting under color of state law.  Plaintiff

3    seeks action against Defendant Girardi in his individual capacity pursuant to the "Joint

4    Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*,

5    398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

6         245.  **Sarah L. Overton** ("*Defendant Overton*") was at all times relevant to this case

7    an attorney with the law firm of Cummings, McClorey, Davis, Acho & Associates, P.C. in

8    Riverside, California, and attorney of record for Defendant Miller.  Upon information and

9    belief, Defendant Overton is a citizen and resident of the state of California.  In *Dennis v.*

10   *Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly

11   conspire with a judge act under color of state law, even though the judge is protected by

12   judicial immunity."  Defendant Overton was and is an "effective participant in official

13   lawlessness, acting in willful concert with state officers and hence under color of law." (*See,*

14   *United States v. Price*, 387 U.S. 787 (1966)).  Defendant Overton is named herein as a private

15   party who acted in collusion with public officials acting under color of state law.  Plaintiff

16   seeks action against Defendant Overton in her individual capacity pursuant to the "Joint

17   Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*,

18   398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

18        246.  **Franz E. Miller** ("*Defendant Miller*") was at all times relevant to this case a

19   Superior Court Judge for the County of Orange and Adjunct Professor of Law at Whittier Law

20   School in Costa Mesa, California. Upon information and belief, Defendant Miller is a citizen

21   and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S.

22   Supreme Court held "private parties who corruptly conspire with a judge act under color of

23   state law, even though the judge is protected by judicial immunity." <u>Defendant Miller, sued</u>

24   <u>herein in his individual capacity, as a private party acting as an adjunct professor of law at</u>

25   <u>Whittier Law School, corruptly conspired with Judge Steven L. Perk, U.S. District Court</u>

26   <u>Judge Cormac J. Carney, U.S. Magistrate Judge Sheri Pym, *inter alia*.</u>  Defendant Miller was

27   and is an "effective participant in official lawlessness, acting in willful concert with state

28   officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)).

- 100 -