1    Defendant Miller is named herein as a private party who acted in collusion with public

2    officials acting under color of state law.  Plaintiff seeks action against Defendant Miller in his

3    individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S.

4    Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v.*

5    *Price*, 387 U.S. 787 (1966).

6         247.   **Stacie Turner** ("*Defendant Turner*") was at all times relevant to this case the

7    Court Clerk for Judge Franz E. Miller, Department C-14, Orange County Superior Court,

8    Central Justice Center.  Upon information and belief, Defendant Turner is a citizen and

9    resident of the state of California, and is named herein in her individual capacity.  In *Dennis v.*

10   *Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly

11   conspire with a judge act under color of state law, even though the judge is protected by

12   judicial immunity."  Defendant Turner was and is an "effective participant in official

13   lawlessness, acting in willful concert with state officers and hence under color of law." (*See,*

14   *United States v. Price*, 387 U.S. 787 (1966).  Defendant Turner is named herein in her

15   individual capacity in accordance with the "Joint Participation Doctrine" established by the

16   U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

17        248.   **Jodi Roa** ("*Defendant Roa*") was at all times relevant to this case the

18   Courtroom Clerk/Bailiff for Judge Franz E. Miller, Department C-14, Orange County Superior

19   Court, Central Justice Center.  Upon information and belief, Defendant Roa is a citizen and

20   resident of the state of California, and is named herein in her individual capacity.  In *Dennis v.*

21   *Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly

22   conspire with a judge act under color of state law, even though the judge is protected by

23   judicial immunity."  Defendant Roa was and is an "effective participant in official lawlessness,

24   acting in willful concert with state officers and hence under color of law." (*See, United States*

25   *v. Price*, 387 U.S. 787 (1966).  Defendant Roa is named herein in her individual capacity in

26   accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in

27   *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

28        249.   **Janet Taylor** ("*Defendant Taylor*") was at all times relevant to this case the

     Court Reporter for Judge Franz E. Miller, Department C-14, Orange County Superior Court,

Central Justice Center. Upon information and belief, Defendant Taylor is a citizen and resident of the state of California, and is named herein in her individual capacity. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." Defendant Taylor was and is an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966). Defendant Taylor is named herein in her individual capacity in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

250. **Kelli Beltran** ("*Defendant Beltran*") was at all times relevant to this case a Court Administrator for the Orange County Superior Court, Harbor Justice Center. Upon information and belief, Defendant Beltran is a citizen and resident of the state of California, and is named herein in her individual capacity. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." Defendant Beltran was and is an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966). Defendant Beltran is named herein in her individual capacity in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

251. **Century Law Group LLP** *("Defendant CLG"),* is a California Limited Liability Partnership.

252. **Paul J. Virgo** ("*Defendant Virgo*") was at all times relevant to this case a Partner of Century Law Group LLP, former staff attorney for Defendant California State Bar, and graduate of Defendant Whittier Law School. Upon information and belief, Defendant Virgo is a citizen and resident of the state of California and is named herein in his individual capacity. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." Defendant Virgo was and is an "effective participant in

1  official lawlessness, acting in willful concert with state officers and hence under color of law."

2  (*See, United States v. Price*, 387 U.S. 787 (1966). Defendant Virgo is named herein in his

3  individual capacity in accordance with the "Joint Participation Doctrine" established by the

4  U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

5      253.   **Edward O. Lear** ("*Defendant Lear*") was at all times relevant to this case a

6  Partner of Century Law Group LLP and former staff attorney for Defendant California State

7  Bar. Upon information and belief, Defendant Lear is a citizen and resident of the state of

8  California and is named herein in his individual capacity. In *Dennis v. Sparks*, 449 U.S. 24

9  (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act

10 under color of state law, even though the judge is protected by judicial immunity." Defendant

11 Lear was and is an "effective participant in official lawlessness, acting in willful concert with

12 state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966).

13 Defendant Lear is named herein in his individual capacity in accordance with the "Joint

14 Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*,

15 398 U.S. 144 (1970).

16     254.   **Whittier Law School** ("Defendant WLS") was at all times relevant to this case

17 a private school of law, hub of improper *ex parte* extrajudicial communication between parties,

18 and a forum to covertly compensate Defendants in this action.

19     255.   **Penelope L. Bryan** ("*Defendant Bryan*") was at all times relevant to this case

20 the Dean, Vice President and full-time Professor of Law at Defendant Whittier Law School.

21 Upon information and belief, Defendant Bryan is a citizen and resident of the state of

22 California and is named herein in her individual capacity. In *Dennis v. Sparks*, 449 U.S. 24

23 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act

24 under color of state law, even though the judge is protected by judicial immunity." Defendant

25 Bryan was and is an "effective participant in official lawlessness, acting in willful concert with

26 state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966).

27 Defendant Bryan is named herein in her individual capacity in accordance with the "Joint

28 Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*,

398 U.S. 144 (1970).

256.   **John Fitzgerald** ("*Defendant Fitzgerald*") was at all times relevant to this case Treasurer of the Whittier Law School Alumni Association and an Adjunct Professor of Law at Whittier Law School.   Upon information and belief, Defendant Fitzgerald is a citizen and resident of the state of California and is named herein in his individual capacity.  In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity."   Defendant Fitzgerald was and is an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966).  Defendant Fitzgerald is named herein in his individual capacity in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

257.   **Parsa Law Group, APC** ("Defendant PLG"), is a suspended California Professional Law Corporation.

258.   **James M. Parsa** ("*Defendant J. Parsa*") was at all times relevant to this case the founder of Defendant Parsa Law Group, a loan modification company that successfully defrauded thousands of consumers across the United States and amassed a client trust account for Defendant Parsa in excess of $20 million.

a.   Defendant Parsa is a twice-convicted statutory rapist, who fails to register as a sex offender, and failed to report his convictions to Defendant California State Bar.  Plaintiff exposed this fact on April 11, 2009 and repeatedly reported this information to Defendant California State Bar.

b.   Four months later, on August 31, 2009, Defendant Parsa was suspended from the practice of law in connection with his rape convictions for crimes of moral turpitude but retained his client trust account by transferring it into the name of his wife, Deborah Parsa, secured as separate assets via a dissolution of marriage one week prior to Defendant Parsa surrendering his law license on October 16, 2009.

c.   Due to the fact that Defendant Parsa was suspended for crimes of moral turpitude rather than violations of the California State Bar Act, he is not required by law to

- 104 -

make restitution to the thousands of consumers he defrauded even though he is financially capable of doing so.

d.     Upon information and belief, Defendant Parsa continues to reside with his wife in a home also transferred into his wife's name to protect it from liquidation in Newport Beach, California, and as such, is a citizen and resident of the state of California. Plaintiff herein pleads a constructive trust and equitable lien on that home and names Defendant Parsa's wife herein as a co-conspirator.

e.     On or about May 29, 2009, Defendant Parsa paid a financial incentive to Judge Franz E. Miller ("Defendant Miller") in cooperation with Defendant California State Bar to (a) secure a favorable outcome in his defamation lawsuit against Plaintiff; (b) to avoid disbarment for his statutory rape convictions; and (c) to secure a return to active status as a California State Bar-licensed attorney on October 16, 2011.

f.     In keeping with this agreement, on June 2, 2009, Defendant Miller entered a permanent injunction against Plaintiff and a Default Judgment in the amount of $604,515.66, sufficiently large to prevent her from securing counsel on contingency to file a an Anti-SLAPP Motion to Strike.

g.     On September 2, 2009, Defendant Miller related to the Parsa defamation case two other SLAPP cases for defamation brought against Plaintiff, one of which is also secured by a permanent injunction and Default Judgment in the amount of $104,210.00 (*UDR, Inc. v. Erin Baldwin, et al.,* Orange County Superior Court Case No. 30-2009-00125305. All three lawsuits were brought by Defendant Parsa's law firm and corporate agent for service of process in California, Burkhalter, Kessler, Goodman and George, LLP ("Defendant BKGG").

h.     The lead counsels at Defendant BKGG, Daniel J. Kessler, Esq. and Eric J. Goodman, Esq. were co-adjunct professors of law at Whittier Law School with Defendant Miller during the litigation of these cases, none of whom disclosed said fact which would have resulted in Defendant Miller's automatic disqualification.

i.     On September 18, 2009, Plaintiff brought a Peremptory Challenge against Defendant Miller, who denied same. On three subsequent occasions Defendant Miller

has refused to recuse himself when challenged by Plaintiff via CCP §170.1 Challenges for Cause.

j.     Due to the fact that Judge Franz E. Miller was senior staff attorney at the Court of Appeal for 14 years immediately preceding his appointment to the bench in 2002, Plaintiff's corresponding Petitions for Writ of Mandate for Disqualification of Judge Franz E. Miller were denied.

k.     In addition, Defendant California State Bar agreed to reject all claims made to its Client Security Fund against Defendant Parsa and his various loan modification companies in exchange for his cooperation in permanently silencing Plaintiff's right of free speech without prior restraint extending to her reports about Defendant California State Bar and its direct culpability for thousands of California consumers losing their home to foreclosure at the hand of their attorney members without any safeguards in place to protect said consumers.

l.     Defendant Parsa is named herein in his individual capacity.  In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity."

m.     Defendant Parsa was and is an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966).

n.     Defendant Parsa is also named herein in his individual capacity in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

o.     California Business and Professions Code Section 6101(a), provides: "Conviction of a felony or misdemeanor, involving moral turpitude, constitutes a cause for disbarment or suspension. In any proceeding, whether under this article or otherwise, to disbar or suspend an attorney on account of that conviction, the record of conviction shall be conclusive evidence of guilt of the crime of which he or she has been convicted."

p.      In *Bach v. State Bar* (1987) 43 Cal.3d 848, attorney Bach falsely stated in open court that no court order had been issued or served on him requiring him to produce his client at a mediation of child support and visitation issues. The California Supreme Court found Bach culpable of one count of deliberately seeking to mislead a judge, in violation of section 6068(d) of the Business and Professions Code. There was no finding of mitigation or aggravation. The California Supreme Court imposed discipline of an actual suspension for 60 days, stayed suspension for one year, and probation for three years.

q.      In *In the Matter of Sullivan* (Review Dept. 2010) 5 Cal. State Bar Ct. Rptr. 189, 194-195, the Review Department held that failure to report a misdemeanor conviction to the State Bar within 30 days is "serious uncharged misconduct," and an aggravating factor under Standard 1.2(b)(iii).

r.      In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity."  Defendant Parsa was and is an "effective participant in official lawlessness, acting in willful concert with state officers and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)).

s.      Defendant Parsa is named herein as a private party who acted in collusion with public officials acting under color of state law.  Plaintiff seeks action against Defendant Burkhalter in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

259.   **Deborah Parsa** ("*Defendant D. Parsa*") was at all times relevant to this case the wife of Defendant J. Parsa, until October 7, 2009, when she filed for divorce in order to shelter her husband's client trust account funds amounting to, at that time, approximately $11 million and protect their residence from the attachment of liens.  The dissolution of marriage was final in March of 2010.  Upon information and belief, Defendant D. Parsa is a citizen and resident of the state of California residing with Defendant Parsa in their Newport Beach home. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held: "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected

by judicial immunity." Defendant D. Parsa was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff, and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966). Defendant D. Parsa is named herein in her individual capacity in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

260.   **Arash Dastmalchi** ("*Defendant Dastmalchi*") (aka "Alex Dastmalchi") was at all times relevant to this case the non-attorney partner of Defendant J. Parsa with a subprime mortgage loan and marketing background.   Upon information and belief, Defendant Dastmalchi is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." Defendant Dastmalchi was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff, and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966). Defendant Dastmalchi is named herein in his individual capacity in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

261.   **Michael Ponzillo** ("*Defendant Ponzillo*") was at all times relevant to this case the non-attorney executive of National Loan Modification Center ("NLMC"). In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity." Defendant Ponzillo was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff, and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966). Defendant Ponzillo is named herein in her individual capacity in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

262.   **Roya Rohani** ("*Defendant R. Rohani*") was at all times relevant to this case an Attorney employed at Parsa Law Group, and upon information and belief, is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law,

even though the judge is protected by judicial immunity." Defendant R. Rohani was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff, and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966). Defendant R. Rohani is named herein in her individual capacity in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

263.   **Martin Andelman** ("*Defendant Andelman*") was at all times relevant to this case a blogger and opportunist, latching on to whatever is compelling at the moment, to capture viewers, to increase the value of his advertising and donations revenue, generated at the expense of California consumers in foreclosure. Upon information and belief, Defendant Andelman is a citizen and resident of the state of California.   In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity." Defendant Andelman was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966).  Defendant Andelman is named herein in his individual capacity in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

264.   **Julia L. Greenfield** ("*Defendant Greenfield*") was at all times relevant to this case the personal attorney for Defendant J. Parsa and Of Counsel for Defendant PLG.  Upon information and belief, Defendant Greenfield is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity."  Defendant Greenfield was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff, and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966).  Defendant Greenfield is named herein in her individual capacity in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

265. **Marilyn A. Moberg** ("*Defendant Moberg*") was at all times relevant to this case an attorney employed by Reed Smith, LLP, in Los Angeles, California and alleged Counsel of Record for AOL, LLC. Upon information and belief, Defendant Moberg is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity." Defendant Moberg was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff, and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966). Defendant Moberg is named herein in her individual capacity in accordance with the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970).

266. **Keith D. White** ("*Defendant K. White*") was at all times relevant to this case a citizen and resident of the state of California, housemate of Plaintiff, husband of Defendant P. White, member of Defendant DRE, and brought three separate retaliatory prosecution claims against Plaintiff. Upon information and belief, Defendant K. White is now a citizen and resident of the state of Nevada, and is named herein as a private party who acted in collusion with public officials acting under color of state law. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." Defendant K. White was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant K. White is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant K. White in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

267. **Patricia A. White** ("*Defendant P. White*") was at all times relevant to this case a citizen and resident of the state of California, ex-housemate of Plaintiff, wife of Defendant K. White, employee of Texas-based Central Mortgage, Inc., and brought three separate

- 110 -

1  retaliatory prosecution claims against Plaintiff.   Upon information and belief, Defendant P.

2  White is now a citizen and resident of the state of Nevada.. In *Dennis v. Sparks*, 449 U.S. 24

3  (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act

4  under color of state law, even though the judge is protected by judicial immunity." Defendant

5  P. White was and is an "effective participant in official lawlessness, acting in willful concert

6  with state officers against Plaintiff and hence under color of law." (*See, United States v. Price*,

7  387 U.S. 787 (1966)).  Defendant P. White is named herein as a private party who acted in

8  collusion with public officials acting under color of state law.  Plaintiff seeks action against

9  Defendant P. White in her individual capacity pursuant to the "Joint Participation Doctrine"

10  established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970);

11  and *United States v. Price*, 387 U.S. 787 (1966).

12      268.   **Starbucks, Inc.,** is a Washington Corporation, ("Defendant Starbucks").

13      269.   **Paula E. Boggs** (*"Defendant Boggs"*) was at all times relevant to this case

14  General Counsel for the Board of Directors of Defendant Starbucks, Inc., and had executive

15  oversight of all reports of crime made inside a Starbucks location, including Plaintiff's

16  September 19, 2009 assault in the Interlaken Center Starbucks.  Plaintiff contacted Defendant

17  Boggs on several occasions when Starbucks <u>refused</u> to give her a copy of the corporate report

18  and help her obtaining a copy of the video surveillance record of the event so she could get a

19  restraining order against Keith and Patty White.  Upon information and belief, Defendant

20  Boggs is a citizen and resident of the state of Washington. In *Dennis v. Sparks*, 449 U.S. 24

21  (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act

22  under color of state law, even though the judge is protected by judicial immunity." Defendant

23  Boggs was and is an "effective participant in official lawlessness, acting in willful concert with

24  state officers against Plaintiff, and hence, under color of law." (See, *United States v. Price*, 387

25  U.S. 787 (1966)).  Defendant Boggs is named herein as a private party who acted in collusion

26  with public officials acting under color of state law.  Plaintiff seeks action against Defendant

27  Davis in her individual capacity pursuant to the "Joint Participation Doctrine" established by

28  the *U.S. Supreme Court in Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); and *United

    States v. Price*, 387 U.S. 787 (1966).

270.    **Dena Davis** ("*Defendant Davis*") was at all times relevant to this case Regional Manager for Defendant Starbucks, Inc., and had supervisory authority over all reports of crime made inside a Starbucks location. Defendant Davis appeared at the scene and spoke with Plaintiff urging her to make a corporate claim and promised Plaintiff she would receive a copy of the corporate report within two weeks detailing her assault by Defendants Keith and Patty White on September 19, 2009. Upon information and belief, Defendant Davis is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity." Defendant Davis was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff, and hence, under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Davis is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Davis in her individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

271.    **Krista Osborne** ("*Defendant Osborne*") was at all times relevant to this case the Risk Management Officer for Defendant Starbucks, Inc., and had supervisory authority over all reports of crime made inside a Starbucks location. Defendant Osborne was dispatched by Defendant Starbucks, Inc. to aid Plaintiff in her corporate claim in connection with the assault against her in the Starbucks coffee house located at Interlaken Center in Big Bear Lake, by Defendants Keith and Patty White on September 19, 2009. Upon information and belief, Defendant Osborne is a citizen and resident of the state of Washington. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity." Defendant Osborne was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff, and hence, under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Osborne is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action

- 112 -

against Defendant Osborne in her individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

272.  **Kirsten Scotti** ("*Defendant Scotti*") was at all times relevant to this case the General Manager of, and had supervisory authority over, the Starbucks coffee house located at Interlaken Center in Big Bear Lake, where Plaintiff was assaulted by Defendants Keith and Patty White on September 19, 2009. Upon information and belief, Defendant Scotti is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity." Defendant Scotti was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff, and hence, under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Scotti is named herein as a private party who acted in collusion with public officials acting under color of state law.  Plaintiff seeks action against Defendant Scotti in her individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

273.  **Burkhalter, Kessler, Goodman & George, LLP** *("Defendant BKGG"),* is a California Limited Liability Partnership law firm that brought three strategic lawsuits against public participation against Plaintiff in a six-month period; two of which resulted in unconstitutional prior restraints of Plaintiff's speech.

274.  **Alton G. Burkhalter** ("*Defendant Burkhalter*") was at all times relevant to this case a Partner of Defendant BKGG, and upon information and belief, Defendant Burkhalter is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." Defendant Burkhalter was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff, and hence, under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Burkhalter is named herein as a private party who acted in collusion

with public officials acting under color of state law.  Plaintiff seeks action against Defendant Burkhalter in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

275.  **Daniel J. Kessler** ("*Defendant Kessler*") was at all times relevant to this case a Partner of Defendant BKGG, Kim & Kessler, and an Adjunct Professor of Law at Whittier Law School with Professor Franz E. Miller, the judge that presided over three consecutive defamation actions against Plaintiff in a six month period of time.  Upon information and belief, Defendant Kessler is a citizen and resident of the state of California.  In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity."  Defendant Kessler was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff, and hence, under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)).  Defendant Kessler is named herein as a private party who acted in collusion with public officials acting under color of state law.  Plaintiff seeks action against Defendant Kessler in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

276.  **Eric J. Goodman** ("*Defendant Goodman*") was at all times relevant to this case a Partner of Defendant BKGG and Goodman, Mooney & Berstein, and an Adjunct Professor of Law at Whittier Law School with Professor Franz E. Miller, the judge that presided over three consecutive defamation actions against Plaintiff in a six month period of time, of which Defendant Goodman was lead counsel.  Upon information and belief, Defendant Goodman is a citizen and resident of the state of California.  In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity."  Defendant Goodman was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff, and hence, under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)).  Defendant Goodman is named herein as a private party who acted in collusion

- 114 -

1    with public officials acting under color of state law. Plaintiff seeks action against Defendant

2    Goodman in his individual capacity pursuant to the "Joint Participation Doctrine" established

3    by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United*

4    *States v. Price*, 387 U.S. 787 (1966).

5         277.   **William C. George** ("*Defendant George*") was at all times relevant to this case

6    a Partner of Defendant BKGG and BKCG, and upon information and belief, he is a citizen and

7    resident of the state of California. . In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme

8    Court held "private parties who corruptly conspire with a judge act under color of state law,

9    even though the judge is protected by judicial immunity." Defendant George was and is an

10   "effective participant in official lawlessness, acting in willful concert with state officers against

11   Plaintiff, and hence, under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)).

12   Defendant George is named herein as a private party who acted in collusion with public

13   officials acting under color of state law. Plaintiff seeks action against Defendant George in his

14   individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S.

15   Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v.*

     *Price*, 387 U.S. 787 (1966).

16        278.   **Gregory C. Clement** ("*Defendant Clement*") was at all times relevant to this

17   case an attorney employed by Defendant BKGG and a Partner of BKCG, and upon

18   information and belief, he is a citizen and resident of the state of California. In *Dennis v.*

19   *Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly

20   conspire with a judge act under color of state law, even though the judge is protected by

21   judicial immunity." Defendant Clement was and is an "effective participant in official

22   lawlessness, acting in willful concert with state officers against Plaintiff, and hence, under

23   color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Clement is named

24   herein as a private party who acted in collusion with public officials acting under color of state

25   law. Plaintiff seeks action against Defendant Clement in his individual capacity pursuant to

26   the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H.*

27   *Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

28

279. **Michael Oberbeck** ("*Defendant Oberbeck*") was at all times relevant to this case an attorney employed by Defendant BKGG, and upon information and belief, he is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." Defendant Oberbeck was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff, and hence, under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Oberbeck is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Oberbeck in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

280. **Rosamund Lockwood** ("*Defendant Lockwood*") was at all times relevant to this case an attorney employed by Defendant BKGG and BKCG, and upon information and belief, she is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." Defendant Lockwood was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff, and hence, under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Lockwood is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Lockwood in her individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

281. **Amanda McLaughlin** ("*Defendant McLaughlin*") (aka Amanda Mooney) was at all times relevant to this case an attorney employed by Defendant BKGG; Goodman, Mooney & Berstein, and an Adjunct Professor of Law at Whittier Law School with Professor Franz E. Miller, the judge that presided over three consecutive defamation actions against Plaintiff in a six month period of time. Upon information and belief, Defendant McLaughlin is

- 116 -

a citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." Defendant McLaughlin was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff, and hence, under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant McLaughlin is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant McLaughlin in her individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

282.    **David A. Berstein** ("*Defendant Berstein*") was at all times relevant to this case an attorney employed by Defendant BKGG and Goodman, Mooney & Berstein, and a Teaching Assistant at Whittier Law School with Professor Franz E. Miller, the judge that presided over three consecutive defamation actions against Plaintiff in a six month period of time, in which Defendant Berstein was co-counsel with Defendant Goodman. Upon information and belief, Defendant Berstein is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." Defendant Berstein was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff, and hence, under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Berstein is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Berstein in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

283.    **Nicholas D. Myers** ("*Defendant Myers*") was at all times relevant to this case an attorney employed by Defendant BKGG and Myers Legal, and was a recent and active graduate of Whittier Law School where Professor Franz E. Miller taught, the judge that presided over three consecutive defamation actions against Plaintiff in a six month period of

- 117 -

time, in which Defendant Myers was co-counsel with Defendant Goodman. Upon information and belief, Defendant Myers is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." Defendant Myers was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff, and hence, under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Myers is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Myers in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

284. **Nicholas P. Kohan** ("*Defendant Kohan*") was at all times relevant to this case an attorney employed by Defendant BKGG, <u>and</u> was a recent and active graduate of Whittier Law School where Professor Franz E. Miller taught, the judge that presided over three consecutive defamation actions against Plaintiff in a six month period of time, in which Defendant Kohan was a participant. Upon information and belief, Defendant Kohan is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." Defendant Kohan was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff, and hence, under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Kohan is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Kohan in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

285. **M. Masha Rohani** ("*Defendant M. Rohani*") (aka Michelle Rohani) was at all times relevant to this case an attorney employed by Defendant BKGG, and upon information and belief, Defendant M. Rohani is a citizen and resident of the state of California. In *Dennis*

- 118 -

*v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." Defendant M. Rohani was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff, and hence, under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant M. Rohani is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant M. Rohani in her individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

286. **Public Storage, Inc.** ("Defendant PSA") is a publicly-traded company (NYSE:PSA) located in Glendale, California. Public Storage (the Trust) is a real estate investment trust (REIT) with principal business activities include the acquisition, development, ownership and operation of self-storage facilities, which offer storage spaces for lease, generally on a month-to-month basis, for personal and business use.

287. **B. Wayne Hughes** *("Defendant Hughes")* was at all times relevant to this case a Trustee of Public Storage, a real estate investment trust (REIT), and Chairman of the Board of Public Storage, Inc., a publicly-traded company located in Glendale, California. Upon information and belief Defendant Hughes is a citizen and resident of the United States of America. In *Dennis v. Sparks*, 449 U.S. 24 (1980), the U.S. Supreme Court held: "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." Defendant Hughes was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Hughes is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Hughes in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

- 119 -

288.    **Mini Storage Properties Limited, L.P.** *("Defendant MSPL"),* is a California Limited Partnership.

289.    **Robert J. Abernethy** *("Defendant Abernethy")* was at all times relevant to this case a member of the Board of Directors of Public Storage, Inc., a General Partner in Mini Storage Properties Limited, L.P., and a Director of AllianceBernstein Real Estate Investment Fund, Inc., along with Defendant UDR. Upon information and belief, Defendant Abernethy is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity." Defendant Abernethy was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence, under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Abernethy is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Abernethy in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

290.    **UDR, Inc.** *("Defendant UDR")* is a Maryland Corporation, publicly-traded on the New York Stock Exchange (NYSE:UDR), a Real Estate Investment Trust; and maintains its principal place of business in the state of Colorado.

291.    **United Dominion Realty, L.P.** *(collectively, "Defendant UDR"),* a wholly-owned subsidiary of UDR, Inc.

292.    **UDR Western Residential, Inc.** *(collectively, "Defendant UDR")* is a Virginia Corporation doing business in California under California Entity No. C3094507 filed on March 4, 2008. It maintains a principal place of business at 1745 Shea Center Drive, Suite 200, Highlands Ranch, Colorado 80129 and its agent for service of process is CT Corporation System located at 818 West Seventh Street, Los Angeles, California 90017.

293.    **UDR Villa Venetia Apartments, L.P.** *(collectively, "Defendant UDR"),* a Delaware Limited Partnership doing business in California under California Entity No. 200427800034, formed on September 28, 2004. It maintains a principal place of business at

400 East Cary Street, Richmond, Virginia 23219 and maintains an agent for service of process at CT Corporation System (C0168406).

294. **UDR California Properties, LLC** *(collectively, "Defendant UDR")*, a California Limited Liability Company.

295. **UDR California G.P., II, LLC** *(collectively, "Defendant UDR")*, a California Limited Liability Company.

296. **James Klingbeil** *("Defendant Klingbeil")* was at all times relevant to this case Chairman of the Board of Defendant UDR, and a Director of AllianceBernstein Real Estate Investment Fund, Inc., along with Defendants Public Storage, Hughes and Abernethy. Upon information and belief, is a citizen and resident of the state of Colorado. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity." Defendant Klingbeil was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence, under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Klingbeil is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Klingbeil in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

297. **Eric J. Foss** *("Defendant Foss")* was at all times relevant to this case a Board Member of Defendant UDR and a Director of AllianceBernstein Real Estate Investment Fund, Inc., along with Defendants Public Storage, Hughes and Abernethy. Upon information and belief, Defendant Foss is a citizen and resident of the United States of America. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held: "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity." Defendant Foss was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence, under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Foss is named herein as a private party who acted in collusion with public officials acting under color of state

law. Plaintiff seeks action against Defendant Foss in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

298.  **Robert P. Freeman** *("Defendant Freeman")* was at all times relevant to this case a Board Member of Defendant UDR and a Director of AllianceBernstein Real Estate Investment Fund, Inc., along with Defendants Public Storage, Hughes and Abernethy. Upon information and belief, Defendant Freeman is a citizen and resident of the United States of America. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity." Defendant Freeman was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence, under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Freeman is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Freeman in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

299.  **Jon A. Grove** *("Defendant Grove")* was at all times relevant to this case a Board Member of Defendant UDR and a Director of AllianceBernstein Real Estate Investment Fund, Inc., along with Defendants Public Storage, Hughes and Abernethy. Upon information and belief, Defendant Grove is a citizen and resident of the United States of America. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity." Defendant Grove was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence, under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Grove is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Grove in his individual capacity pursuant to the

"Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

300. **Robert W. Scharar** *("Defendant Scharar")* was at all times relevant to this case a Board Member of Defendant UDR and a Director of AllianceBernstein Real Estate Investment Fund, Inc., along with Defendants Public Storage, Hughes and Abernethy. Upon information and belief, Defendant Scharar is a citizen and resident of the United States of America. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity." Defendant Scharar was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence, under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Scharar is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Scharar in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

301. **Thomas R. Oliver** *("Defendant Oliver")* was at all times relevant to this case a Board Member of Defendant UDR and a Director of AllianceBernstein Real Estate Investment Fund, Inc. along with Defendants Public Storage, Hughes and Abernethy. Upon information and belief, Defendant Oliver is a citizen and resident of the United States of America. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity." Defendant Oliver was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence, under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Oliver is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Oliver in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

302. **Thomas W. Toomey** (*"Defendant Toomey"*) was at all times relevant to this case Chief Executive Officer and President of Defendant UDR and a Director of AllianceBernstein Real Estate Investment Fund, Inc. along with Defendants Public Storage, Hughes and Abernethy. Upon information and belief, is a citizen and resident of the state of Colorado. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity." Defendant Toomey was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence, under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Toomey is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Toomey in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

303. **Lynne B. Sagalyn** (*"Defendant Sagalyn"*) was at all times relevant to this case Vice Chairman of the Board of Directors, an Independent Board Member of Defendant UDR, and a Director of AllianceBernstein Real Estate Investment Fund, Inc. along with Defendants Public Storage, Hughes and Abernethy. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity." Defendant Sagalyn was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence, under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Sagalyn is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Sagalyn in her individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

304. **Mark J. Sandler** (*"Defendant Sandler"*) was at all times relevant to this case an Executive with Defendant UDR, an Independent Director of Defendant UDR, and a

- 124 -

Director of AllianceBernstein Real Estate Investment Fund, Inc., along with Defendants Public Storage, Hughes and Abernethy.  Upon information and belief, Defendant Sandler is a citizen and resident of the state of Colorado and is named herein as a private party who acted in collusion with public officials acting under color of California state law against Plaintiff. Plaintiff seeks action against Defendant Sandler in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

305.    **Warren L. Troupe** *("Defendant Troupe")* was at all times relevant to this case an employee of Defendant UDR as Senior Executive Vice President.  Upon information and belief, Defendant Troupe is a citizen and resident of the state of Colorado, and is named herein as a private party who acted in collusion with public officials acting under color of California state law against Plaintiff.  Plaintiff seeks action against Defendant Troupe in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

306.    **David L. Messenger** *("Defendant Messenger")* was at all times relevant to this case an employee of Defendant UDR as Senior Vice President, Chief Financial Officer and Custodian of Records.  Upon information and belief, Defendant Messenger is a citizen and resident of the state of Colorado, and is named herein as a private party who acted in collusion with public officials acting under color of California state law against Plaintiff.    Plaintiff seeks action against Defendant Messenger in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

307.    **Richard A. Giannotti** *("Defendant Giannotti")* was at all times relevant to this case an employee of Defendant UDR as Executive Vice President of Redevelopment.  Upon information and belief, Defendant Giannotti is a citizen and resident of the state of Colorado, and is named herein as a private party who acted in collusion with public officials acting under color of California state law against Plaintiff.  Plaintiff seeks action against Defendant Giannotti in his individual capacity pursuant to the "Joint Participation Doctrine" established

- 125 -

by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

308. **Jerry Davis** *("Defendant Davis")* was at all times relevant to this case an employee of Defendant UDR as Senior Vice President of Property Operations. Upon information and belief, Defendant Davis is a citizen and resident of the state of Colorado, and is named herein as a private party who acted in collusion with public officials acting under color of California state law against Plaintiff . Plaintiff seeks action against Defendant Davis in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

309. **Mark M. Culwell, Jr.** *("Defendant Culwell")* was at all times relevant to this case an employee of Defendant UDR as Senior Vice President of Development. Upon information and belief, Defendant Akin is a citizen and resident of the state of Colorado, and is named herein as a private party who acted in collusion with public officials acting under color of California state law against Plaintiff. Plaintiff seeks action against Defendant Culwell in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

310. **Matthew T. Akin** *("Defendant Akin")* was at all times relevant to this case an employee of Defendant UDR as Senior Vice President of Acquisitions & Dispositions. Upon information and belief, Defendant Akin is a citizen and resident of the state of Colorado, and is named herein as a private party who acted in collusion with public officials acting under color of California state law against Plaintiff. Plaintiff seeks action against Defendant Akin in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

311. **Melissa Hurtado** *("Defendant Hurtado")* was at all times relevant to this case an employee of Defendant UDR as the Community Manager for Villa Venetia, a subsidiary of Defendant UDR and Plaintiff's former apartment complex. Upon information and belief,

- 126 -

1  Defendant Hurtado is a citizen and resident of the state of California, and is named herein as a
2  private party who acted in collusion with public officials acting under color of state law
3  against Plaintiff.  Plaintiff seeks action against Defendant Hurtado in her individual capacity
4  pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in
5  *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787
6  (1966).

7    312.  **Tracy L. Saffos** *("Defendant Saffos")* was at all times relevant to this case a
8  citizen and resident of the state of California where she was an employee of Defendant UDR
9  as Vice President and Regional Manager with supervision over Villa Venetia, a subsidiary of
10  Defendant UDR and Plaintiff's former apartment complex.  Upon information and belief,
11  Defendant Saffos is now a citizen and resident of the state of Florida, and is named herein as a
12  private party who acted in collusion with public officials acting under color of state law
13  against Plaintiff.  Plaintiff seeks action against Defendant Saffos in her individual capacity
14  pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in
15  *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787
    (1966).

16    313.  **Karissa Harmon** *("Defendant Harmon")* was at all times relevant to this case
17  an employee of Defendant UDR as the Assistant Community Manager for Villa Venetia, a
18  subsidiary of Defendant UDR and Plaintiff's former apartment complex.  Upon information
19  and belief, Defendant Harmon is a citizen and resident of the state of California, and is named
20  herein as a private party who acted in collusion with public officials acting under color of state
21  law against Plaintiff .  Plaintiff seeks action against Defendant Harmon in her individual
22  capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court
23  in *Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787
24  (1966).

25    314.  **Debi Froude** *("Defendant Froude")* was at all times relevant to this case an
26  employee of Defendant UDR as a Leasing Agent for Villa Venetia, a subsidiary of Defendant
27  UDR and Plaintiff's former apartment complex.  Upon information and belief, Defendant
28  Froude is a citizen and resident of the state of California, and is named herein as a private

party who acted in collusion with public officials acting under color of state law against Plaintiff. Plaintiff seeks action against Defendant Froude in her individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); *United States v. Price* 387 U.S. 787 (1966).

315.    **Solution Law Group LLC** *("Defendant Solution Law"),* is currently an active and licensed California Limited Liability Company, License No. 200905810021, filed February 26, 2009. Defendant Solution Law maintains an agent for service of process at Legal Zoom.com, Inc. (C2967349).

316.    **Solution Processing LLC** *("Defendant Solution Processing"),* Defendant is currently an active and licensed California Limited Liability Company, License No. 200832610169, filed November 20, 2008. Defendant Solution Processing maintains an agent for service of process at CT Corporation System (C0168406).

317.    **Jeffrey A. Cancilla** *("Defendant Cancilla")* was at all times relevant to this case an attorney with, *inter alia,* Defendants Solutions Law and Solutions Processing, brought an unconstitutional strategic lawsuit against public participation against Plaintiff constituting a retaliatory prosecution claim. Upon information and belief, Defendant Cancilla is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity." Defendant Cancilla was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Cancilla is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Cancilla in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

318.    **Craig M. Laverty** *("Defendant Laverty")* was at all times relevant to this case an attorney with, *inter alia,* Defendants Solutions Law and Solutions Processing, brought an unconstitutional strategic lawsuit against public participation against Plaintiff constituting a

- 128 -

retaliatory prosecution claim. Upon information and belief, Defendant Laverty is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." Defendant Laverty was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Laverty is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Laverty in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

319. **Traut Law Group** (*"Defendant Traut Law"*) is currently an active and licensed California Corporation, Entity No. C320113, filed February 13, 2009. Eric V. Traut is Defendant Traut Law Group's agent for service of process located at the corporation's primary place of business, 200 West Santa Ana Boulevard, Santa Ana, California 92701.

320. **Eric V. Traut** (*"Defendant E. Traut"*) was at all times relevant to this case an attorney with Defendant Traut Law and brought a strategic lawsuit against public participation against Plaintiff constituting a retaliatory prosecution claim. Upon information and belief, Defendant J. Traut is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." Defendant E. Traut was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant E. Traut is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant E. Traut in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

321.   **James R. Traut** *("Defendant J. Traut")* was at all times relevant to this case an attorney with Defendant Traut Law and brought a strategic lawsuit against public participation against Plaintiff constituting a retaliatory prosecution claim.   Upon information and belief, Defendant J. Traut is a citizen and resident of the state of California.   In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." Defendant J. Traut was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence under color of law." *(See, United States v. Price*, 387 U.S. 787 (1966)).   Defendant J. Traut is named herein as a private party who acted in collusion with public officials acting under color of state law.   Plaintiff seeks action against Defendant J. Traut in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

322.   **Todd A. Brisco & Associates, APC** *("Defendant TABA")* is a California Professional Law Corporation, Entity No. C2511058, filed on March 20, 2003.   Defendant Brisco & Associates' principal place of business is 1900 South State College Boulevard, Suite 505, Anaheim, California 92806-6136 and its agent for service of process is Michelle L. Brisco also located at 1900 South State College Boulevard, Suite 505, Anaheim, California 92806-6136.

323.   **Todd A. Brisco** *("Defendant Brisco")* was at all times relevant to this case an attorney, and business owner of Defendant TABA, and upon information and belief, is a citizen and resident of the state of California.   In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." Defendant Brisco was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence under color of law." *(See, United States v. Price*, 387 U.S. 787 (1966)).   Defendant Brisco is named herein as a private party who acted in collusion with public officials acting under color of state law.   Plaintiff seeks action against Defendant Brisco in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S.

1    Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v.*

2    *Price*, 387 U.S. 787 (1966).

3       324.   **Cynthia S. Poer** *("Defendant Poer")* was at all times relevant to this case an

4    attorney employed by Defendant TABA, and upon information and belief, is a citizen and

5    resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme

6    Court held "private parties who corruptly conspire with a judge act under color of state law,

7    even though the judge is protected by judicial immunity." Defendant Poer was and is an

8    "effective participant in official lawlessness, acting in willful concert with state officers against

9    Plaintiff and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)).

10    Defendant Poer is named herein as a private party who acted in collusion with public officials

11    acting under color of state law. Plaintiff seeks action against Defendant Poer in her individual

12    capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court

13    in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787

    (1966).

14       325.   **Daniel Coor** *("Defendant Coor")* was at all times relevant to this case an

15    employee of Defendant TABA, and upon information and belief, is a citizen and resident of

16    the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held

17    "private parties who corruptly conspire with a judge act under color of state law, even though

18    the judge is protected by judicial immunity." Defendant Coor was and is an "effective

19    participant in official lawlessness, acting in willful concert with state officers against Plaintiff

20    and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant

21    Coor is named herein as a private party who acted in collusion with public officials acting

22    under color of state law. Plaintiff seeks action against Defendant Coor in his individual

23    capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court

24    in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787

25    (1966).

26       326.   **Automattic, Inc**. *("Defendant Automattic")* is currently an active and licensed

27    California Corporation, License No. C2804985, filed October 6, 2005. Defendant

28

1    Automattic's agent for service of process in its Chief Executive Officer, Toni Schneider at

2    Pier 38 at The Embarcadero, San Francisco, California 94107.

3       327.   **Matthew Mullenweg** ("Defendant Mullenweg") was at all times relevant to

4    this case the founder of WordPress, a blog platform used by Plaintiff and owned by Defendant

5    Automattic.  Upon information and belief, Defendant Mullenweg is a citizen and resident of

6    the state of California.  In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held

7    "private parties who corruptly conspire with a judge act under color of state law, even though

8    the judge is protected by judicial immunity."  Defendant Mullenweg was and is an "effective

9    participant in official lawlessness, acting in willful concert with state officers against Plaintiff

10   and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)).  Defendant

11   Mullenweg is named herein as a private party who acted in collusion with public officials

12   acting under color of state law.  Plaintiff seeks action against Defendant Mullenweg in his

13   individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S.

14   Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v.*

     *Price*, 387 U.S. 787 (1966).

15      328.   **Toni Schneider** *("Defendant Schneider")* was at all times relevant to this case

16   is the Chief Executive Officer of Defendant Automattic, owner of WordPress, a blog platform

17   used by Plaintiff and owned by Defendant Automattic.  Upon information and belief,

18   Defendant Schneider is a citizen and resident of the state of California.  In *Dennis v. Sparks*,

19   449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a

20   judge act under color of state law, even though the judge is protected by judicial immunity."

21   Defendant Schneider was and is an "effective participant in official lawlessness, acting in

22   willful concert with state officers against Plaintiff and hence under color of law." (*See, United*

23   *States v. Price*, 387 U.S. 787 (1966)).  Defendant Schneider is named herein as a private party

24   who acted in collusion with public officials acting under color of state law.  Plaintiff seeks

25   action against Defendant Schneider in his individual capacity pursuant to the "Joint

26   Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*,

27   398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

28

- 132 -

PLAINTIFF'S SECOND AMENDED COMPLAINT

329.   **Scott G. Dettmer** *("Defendant Dettmer")* was at all times relevant to this case the corporate attorney for Defendant WordPress / Automattic, and upon information and belief, Defendant Dettmer is a citizen and resident of the state of California.  In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity."   Defendant Dettmer was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)).   Defendant Dettmer is named herein as a private party who acted in collusion with public officials acting under color of state law.  Plaintiff seeks action against Defendant Dettmer in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

330.   **Thomas Villeneuve** *("Defendant Villeneuve")* was at all times relevant to this case the corporate attorney for Defendant WordPress / Automattic, and upon information and belief, Defendant Villeneuve  is a citizen and resident of the state of California.  In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity."   Defendant Villeneuve was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)).   Defendant Villeneuve is named herein as a private party who acted in collusion with public officials acting under color of state law.  Plaintiff seeks action against Defendant Villeneuve in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

331.   **Michael Estrada, Jr.** *("Defendant Estrada")* was at all times relevant to this case a process server for Defendant BKGG, and upon information and belief, Defendant Estrada is a citizen and resident of the state of California.  In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity."   Defendant

- 133 -

Estrada was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Estrada is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Estrada in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

332.   **The Go Daddy Group, Inc.** *("Defendant Go Daddy")* was at all times relevant to this case an Arizona Corporation and the email provider and website host for Plaintiff. Defendant Go Daddy is named herein as a corporate entity who acted in collusion with Defendants BKGG, SBDA, SBSD, *inter alia*. Plaintiff seeks action against Defendant Go Daddy in it official capacity.

333.   **Warren Adelman** *("Defendant Adelman")* was at all times relevant to this case an executive at Defendant Go Daddy, and upon information and belief, Defendant Adelman is a citizen and resident of the state of Arizona. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." Defendant Adelman was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Adelman is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Adelman in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

334.   **Robert Parsons** *("Defendant Parsons")* was at all times relevant to this case an executive at Defendant Go Daddy, and upon information and belief, Defendant Parsons is a citizen and resident of the state of Arizona. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity." Defendant Parsons was

- 134 -

1    and is an "effective participant in official lawlessness, acting in willful concert with state

2    officers against Plaintiff and hence under color of law." (*See, United States v. Price*, 387 U.S.

3    787 (1966)). Defendant Parsons is named herein as a private party who acted in collusion with

4    public officials acting under color of state law. Plaintiff seeks action against Defendant

5    Parsons in his individual capacity pursuant to the "Joint Participation Doctrine" established by

6    the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United*

7    *States v. Price*, 387 U.S. 787 (1966).

8        335.   **Doves of Big Bear Valley, Incorporated** (*"Defendant DOVES"*) was at all

9    times relevant to this case, a California Corporation, Entity No. C1277657, and a Non-profit,

10    501(c)(3) organization located at 41943 Big Bear Boulevard, Big Bear Lake, California

     92315. The agent for service of process is Kathleen Harper at the address stated, *supra.*

11

12        336.   **Jane Hewitt** (*"Defendant Hewitt"*) was at all times relevant to this case a

     domestic violence counselor at Defendant DOVES, and upon information and belief,

13

14    Defendant Hewitt is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449

15    U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a

16    judge, act under color of state law, even though the judge is protected by judicial immunity."

17    Defendant Hewitt was and is an "effective participant in official lawlessness, acting in willful

     concert with state officers against Plaintiff and hence under color of law." (*See, United States*

18

19    *v. Price*, 387 U.S. 787 (1966)). Defendant Hewitt is named herein as a private party who acted

20    in collusion with public officials acting under color of state law. Plaintiff seeks action against

21    Defendant Hewitt in her individual capacity pursuant to the "Joint Participation Doctrine"

22    established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970);

     and *United States v. Price*, 387 U.S. 787 (1966).

23        337.   **Sandy Benson** (*"Defendant Benson"*) was at all times relevant to this case a

24    domestic violence counselor at Defendant DOVES, and upon information and belief,

25    Defendant Benson is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449

26    U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a

27    judge, act under color of state law, even though the judge is protected by judicial immunity."

28    Defendant Benson was and is an "effective participant in official lawlessness, acting in willful

concert with state officers against Plaintiff and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Benson is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Benson in her individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

338. **Kathleen Harper** *("Defendant Harper")* was at all times relevant to this case the owner and agent for service of process for Defendant DOVES, and upon information and belief, Defendant Harper is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity." Defendant Harper was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Harper is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Harper in her individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

339. **Jason L. Crow** *("Defendant Crow")* was at all times relevant to this case the platonic housemate of Plaintiff who filed false charges against Plaintiff in joint participation with Defendants SBSD and SBDA. Upon information and belief, Defendant Crow is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." Defendant Crow was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Crow is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Crow in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S.

1  Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v.*

2  *Price*, 387 U.S. 787 (1966).

3      340.    **Michael P. Dolan** *("Defendant Dolan")* was at all times relevant to this case

4  the owner of Prudential Properties of Big Bear, employer to Defendant K. White, Plaintiff's

5  ex-employer, and alleged Board Member of Defendant DOVES. Upon information and belief,

6  Defendant Dolan is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449

7  U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a

8  judge, act under color of state law, even though the judge is protected by judicial immunity."

9  Defendant Dolan was and is an "effective participant in official lawlessness, acting in willful

10 concert with state officers against Plaintiff and hence under color of law." (*See, United States*

11 *v. Price*, 387 U.S. 787 (1966)). Defendant Dolan is named herein as a private party who acted

12 in collusion with public officials acting under color of state law. Plaintiff seeks action against

13 Defendant Dolan in his individual capacity pursuant to the "Joint Participation Doctrine"

14 established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970);

    and *United States v. Price*, 387 U.S. 787 (1966).

15     341.    **Dana Prophet** ("*Defendant Prophet")* was at all times relevant to this case a

16 member of Defendant DRE and acted in collusion with Defendant Dolan to defraud Plaintiff.

17 Upon information and belief, Defendant Prophet is a citizen and resident of the state of

18 California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private

19 parties who corruptly conspire with a judge, act under color of state law, even though the judge

20 is protected by judicial immunity." Defendant Prophet was and is an "effective participant in

21 official lawlessness, acting in willful concert with state officers against Plaintiff and hence

22 under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Prophet is

23 named herein as a private party who acted in collusion with public officials acting under color

24 of state law. Plaintiff seeks action against Defendant Prophet in her individual capacity

25 pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in

26 *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787

27 (1966).

28

342.   **Anne Zimmerman** ("*Defendant Zimmerman*") was at all times relevant to this case a member of Defendant CSB and the corporate and personal attorney for Defendant Dolan.  Upon information and belief, Defendant Zimmerman is a citizen and resident of the state of California.  In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity."  Defendant Zimmerman was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)).  Defendant Zimmerman is named herein as a private party who acted in collusion with public officials acting under color of state law.  Plaintiff seeks action against Defendant Zimmerman in her individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

343.   **Dixie Allison** ("*Defendant Allison*") was at all times relevant to this case a member of Defendant CSB, and a Big Bear attorney with whom Plaintiff shared confidential information about Defendant Dolan.  Upon information and belief, Defendant Allison is a citizen and resident of the state of California.  In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity."  Defendant Allison was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)).  Defendant Allison is named herein as a private party who acted in collusion with public officials acting under color of state law.  Plaintiff seeks action against Defendant Allison in her individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

344.   **Michael Masotto** ("*Defendant Masotto*") was at all times relevant to this case a business owner in Big Bear and a prospective client of Plaintiff. Upon information and belief, Defendant Masotto is a citizen and resident of the state of California.  In *Dennis v. Sparks*, 449

- 138 -

U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity." Defendant Masotto was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)).  Defendant Masotto is named herein as a private party who acted in collusion with public officials acting under color of state law.  Plaintiff seeks action against Defendant Masotto in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

345.   **John E. Elerding** (*"Defendant J. Elerding"*) was at all times relevant to this case a former client and landlord of Plaintiff in Baldwin Lake, California, and upon information and belief, is a citizen and resident of the state of California.  In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity." Defendant J. Elerding was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)).  Defendant J. Elerding is named herein as a private party who acted in collusion with public officials acting under color of state law.  Plaintiff seeks action against Defendant J. Elerding in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

346.   **Gail R. Elerding** (*"Defendant G. Elerding"*)(*also known as, Gail R. Neale*) was at all times relevant to this case a former client and landlord of Plaintiff in Baldwin Lake, California, and upon information and belief, is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity."  Defendant G. Elerding was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)).  Defendant G. Elerding is named

herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant G. Elerding in her individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

347. **Charles Kimball** *("Defendant Kimball")* was at all times relevant to this case the housemate and friend of Plaintiff in Baldwin Lake, California, and upon information and belief, Defendant Kimball is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge act under color of state law, even though the judge is protected by judicial immunity." Defendant Kimball was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Kimball is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Kimball in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

348. **Dara Weiner** *("Defendant Weiner")* was at all times relevant to this case the an ex-subcontractor of Plaintiff and upon information and belief, Defendant Weiner is a citizen and resident of the state of California. In *Dennis v. Sparks*, 449 U.S. 24 (1980) the U.S. Supreme Court held "private parties who corruptly conspire with a judge, act under color of state law, even though the judge is protected by judicial immunity." Defendant Weiner was and is an "effective participant in official lawlessness, acting in willful concert with state officers against Plaintiff and hence under color of law." (*See, United States v. Price*, 387 U.S. 787 (1966)). Defendant Weiner is named herein as a private party who acted in collusion with public officials acting under color of state law. Plaintiff seeks action against Defendant Weiner in her individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

349. **CSL Computer Service Langenbach, GmbH** *d.b.a.,* **JOKER.COM;** *("Defendant CSL")* was at all times relevant to this case the Internet website host of http://erinbaldwin.com, with its principal place of business located at Hansaallee 191-193, D-40549 Dusseldorf, Germany and does business under the name Joker.com in the United States. Email: noc@nrw.net.

350. **Nigel Titley** *("Defendant Titley")* was at all times relevant to this case Chairman of the Board of CSL Computer Service Langenbach, GmbH *d.b.a.,* JOKER.COM; *("Defendant CSL")* that was at all times relevant to this case the Internet website host of http://erinbaldwin.com, with its principal place of business located at Hansaallee 191-193, D-40549 Dusseldorf, Germany and does business under the name Joker.com in the United States. Email: noc@nrw.net. Plaintiff seeks action against Defendant Titley in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966). Plaintiff seeks action against Defendant Harper in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

351. **Remco van Mook** *("Defendant van Mook")* was at all times relevant to this case Treasurer of CSL Computer Service Langenbach, GmbH *d.b.a.,* JOKER.COM; *("Defendant CSL")* that was at all times relevant to this case the Internet website host of http://erinbaldwin.com, with its principal place of business located at Hansaallee 191-193, D-40549 Dusseldorf, Germany and does business under the name Joker.com in the United States. Email: noc@nrw.net. Plaintiff seeks action against Defendant van Mook in his individual capacity pursuant to the "Joint Participation Doctrine" established by the U.S. Supreme Court in *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970); and *United States v. Price*, 387 U.S. 787 (1966).

352. **Christian Kaufmann** *("Defendant Kaufmann")* was at all times relevant to this case the Secretary of CSL Computer Service Langenbach, GmbH *d.b.a.,* JOKER.COM; *("Defendant CSL")* that was at all times relevant to this case the Internet website host of http://erinbaldwin.com, with its principal place of business located at Hansaallee 191-193, D-

- 141 -

40549 Dusseldorf, Germany and does business under the name Joker.com in the United States. Email: noc@nrw.net. Joker.com has refused and continues to refuse to turn over Plaintiff's purchased URLs.

353. **Dmitry Burkov** *("Defendant Burkov")* was at all times relevant to this case the ICANN Liaison with CSL Computer Service Langenbach, GmbH *d.b.a.,* JOKER.COM; *("Defendant CSL")* that was at all times relevant to this case the Internet website host of http://erinbaldwin.com, with its principal place of business located at Hansaallee 191-193, D-40549 Dusseldorf, Germany and does business under the name Joker.com in the United States. Email: noc@nrw.net. Joker.com has refused and continues to refuse to turn over Plaintiff's purchased URLs.

354. **Fahad Al Shirawi** *("Defendant Al Shirawi")* was at all times relevant to this case a Member of CSL Computer Service Langenbach, GmbH *d.b.a.,* JOKER.COM; *("Defendant CSL")* that was at all times relevant to this case, the Internet website host of http://erinbaldwin.com, with its principal place of business located at Hansaallee 191-193, D-40549 Dusseldorf, Germany and does business under the name Joker.com in the United States. Email: noc@nrw.net. Joker.com has refused and continues to refuse to turn over Plaintiff's purchased URLs.

355. Plaintiff does not know the true names, capacities and liabilities of Defendants Does Nos. 1-200, inclusive, and therefore sues them under fictitious names. Plaintiff will amend this Complaint to allege the true name and capacities of the DOE Defendants upon being ascertained. Each of these Defendants were in some way legally responsible for the acts, omissions and/or violations alleged herein.

## STATEMENT OF FACTS

356. On January 9, 2009, Plaintiff began to share information in a public forum about matters of public concern for the benefit of others.

357. This seemingly simple act is one of the greatest gifts we, as American citizens, can share, but far too often we think first of the consequences rather than the good it will do.

358. Information is power; it eliminates all forms of oppression and corruption. When one has the facts, they cannot be defrauded. When one has the information they need,

- 142 -

they are not afraid to speak up because informed people are empowered people.

359.    This is precisely what Plaintiff's reports and articles accomplished.  The only people unhappy with Plaintiff's reports were the ones that were exposed committing fraud against California residential tenants or vulnerable consumers in foreclosure.

360.    To summarize:

a.      Plaintiff did _not_ make false (*i.e.,* defamatory) statements that resulted in injury to people and companies.

b.      Plaintiff made true statements that resulted in injury to people and companies.

c.      There's a big difference.  One is a crime; the other is a public service.

361.    In nearly three years, in over 600 articles, not one defendant has been able to identify even one false statement written by Plaintiff.

362.    And the search for same only comes up when someone is caught, is embarrassed and angry and that is the only time Plaintiff has ever been sued or retaliated against.  (*See, supra,* UDR, Inc.; Parsa Law Group; James Parsa; Alex Dastmalchi; Solutions Processing; Solutions Law Group; Jeffrey Cancilla; Craig Laverty; Eric Traut; and James Traut, *inter alia.)*

363.    **Currently,** Plaintiff has two permanent injunctions restraining her speech forever and $800,000.00 in judgments, the punishment the court felt was fair and equitable in consideration of Plaintiff's rampant and uncontrolled obsession for providing information to those vulnerable segments of our society that represent sitting targets for predators like the ones listed, *supra,* in Paragraph 362.

364.    In *Lynch v. Household Finance Corp.,*[12] the U.S. Supreme Court ruled that §1983 does not distinguish between personal rights and property rights.  The Court stated:

> "The dichotomy between personal liberties and property rights is a false one.  Property does not have rights.  People have rights.  The right to enjoy property without unlawful deprivation, no less than the right to speak, or the right to travel, is in truth ... a "personal" right ... in fact, a fundamental

---

[12] 405 U.S. 538 (rehearing denied) 406 U.S. 911 (1972)

*interdependence exists between the personal right to liberty and the personal right to property. Neither could have meaning without the other."*

365.    To establish a claim for either substantive or procedural due process, Plaintiff will demonstrate that she was deprived of a property or liberty interest.

366.    In *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)), the U.S. Supreme Court held:

*"Property interests are not created by the Constitution; rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state-law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."*

367.    To establish a claim for either substantive or procedural due process, Plaintiff will also demonstrate that the "deprivation" of her property and liberty interests was intentional.

368.    In, *Parratt v. Taylor*, 451 U.S. 527, 548 (1981), the U.S. Supreme Court held:

*"Deprivation connotes an intentional act denying something to someone, or, at the very least, a deliberate decision not to act to prevent a loss.*

*"The most reasonable interpretation of the Fourteenth Amendment would limit due process claims to such active deprivations ... such a rule would avoid trivializing the right of action provided in §1983.*

*"That provision was enacted to deter real abuses by state officials in the exercise of governmental powers. It would make no sense to open the federal courts to lawsuits where there has been no affirmative abuse of power, merely a negligent deed by one who happens to be acting under color of state law."*

369.    And finally, in order to prevail on her claims, Plaintiff will demonstrate that her rights to procedural and substantive due process was violated; and that she has not been offered equal protection of the laws in this very Court in order to bring claims unfettered by interference with discriminatory practices.

### Violation of Plaintiff's First Amendment Rights
### (Guaranteed to the States Through the Fourteenth Amendment)

370.    Plaintiff herein claims violations of the First Amendment to the U.S. Constitution by public officials acting under color of state law and private parties that acted in joint participation with said state actors.

- 144 -

371.     The origins of Plaintiff's claims derive from a violation of her First Amendment right to speak and write freely about matters of public concern.

372.     Plaintiff has a First Amendment right to freedom of speech without prior restraint; however, this right has been violated many times since January of 2009 by officials acting under color of state law and private parties acting in joint participation with these officials, and by so doing, also acted under color of state law.  These violations of Plaintiff's First Amendment right to freedom of speech without prior restraint were committed in retaliation of Plaintiff's Writings that represent protected speech about matters of public concern, and when these violations were brought to the attention of the courts, they were mocked, ignored, rejected, and disposed of without due process of law.

373.     Plaintiff has a First Amendment right to speak critically of the government; however, this right has been violated many times since January of 2009 by officials acting under color of state law and private parties acting in joint participation of these officials, and by so doing, also acted under color of state law.  These violations of Plaintiff's First Amendment right to speak critically of the government were committed in retaliation of Plaintiff's Writings that represent protected speech about matters of public concern, and when these violations were brought to the attention of the courts, they were mocked, ignored, rejected, and disposed of without due process of law.

374.     Plaintiff has a First Amendment right to to publish anonymously; however, this right has been violated many times since January of 2009 by officials acting under color of state law and private parties acting in joint participation of these officials, and by so doing, also acted under color of state law.  These violations of Plaintiff's First Amendment right to to publish anonymously were committed in retaliation of Plaintiff's Writings that represent protected speech about matters of public concern, and when these violations were brought to the attention of the courts, they were mocked, ignored, rejected, and disposed of without due process of law.

375.     Plaintiff has a First Amendment right to protection from strategic lawsuits against public participation; however, this right has been violated many times since January of 2009 by officials acting under color of state law and private parties acting in joint participation

- 145 -

of these officials, and by so doing, also acted under color of state law.  These violations of Plaintiff's First Amendment right to protection from strategic lawsuits against public participation were committed in retaliation of Plaintiff's Writings that represent protected speech about matters of public concern, and when these violations were brought to the attention of the courts, they were mocked, ignored, rejected, and  disposed of without due process of law.

376.    <u>Plaintiff has a First Amendment right to freedom of the press</u>; however, this right has been violated many times since January of 2009 by officials acting under color of state law and private parties acting in joint participation with these officials, and by so doing, these private parties also acted under color of state law.  These violations of Plaintiff's First Amendment right to freedom of the press were committed in retaliation of Plaintiff's Writings that represent protected speech about matters of public concern, and when these violations were brought to the attention of the courts, they were mocked, ignored, rejected, and  disposed of without due process of law.

377.    <u>Plaintiff has a First Amendment right to petition the government for a redress of grievances</u>; however, this right has been violated many times since January of 2009 by officials acting under color of state law and private parties acting in joint participation with these officials, and by so doing, these private parties also acted under color of state law.  These violations of Plaintiff's First Amendment right to freedom of the press were committed in retaliation of Plaintiff's Writings that represent protected speech about matters of public concern, and when these violations were brought to the attention of the courts, they were mocked, ignored, rejected, and  disposed of without due process of law.

378.    <u>Plaintiff has a First Amendment right to peaceably assemble for the purpose of petitioning the government for a redress of grievances</u>; however, this right has been violated many times since January of 2009 by officials acting under color of state law and private parties acting in joint participation with these officials, and by so doing, these private parties also acted under color of state law.  These violations of Plaintiff's First Amendment right to peaceably assemble for the purpose of petitioning the government for a redress of grievances were committed in retaliation of Plaintiff's Writings that represent protected speech about

- 146 -

1  matters of public concern, and when these violations were brought to the attention of the

2  courts, they were mocked, ignored, rejected, and disposed of without due process of law.

3      379. <u>Plaintiff has a First Amendment right to associate with others similarly situated</u>;

4  however, this right has been violated many times since January of 2009 by officials acting

5  under color of state law and private parties acting in joint participation with these officials, and

6  by so doing, these private parties also acted under color of state law. These violations of

7  Plaintiff's First Amendment right to associate with others similarly situated were committed in

8  retaliation of Plaintiff's Writings that represent protected speech about matters of public

9  concern, and when these violations were brought to the attention of the courts, they were

10  mocked, ignored, rejected, and disposed of without due process of law.

    380. Plaintiff engaged in speech communicated in a public forum.

11      381. Plaintiff's speech was protected by the First Amendment because it was truthful

12  and about matters of public concern.

13      382. Plaintiff acted in good faith in engaging in such protected speech.

14      383. Plaintiff had every right to engage in such speech.

15      384. Defendants knew or should have known that Plaintiff's speech was protected

16  under federal and state law.

17      385. Defendants' acts directly, intentionally, and maliciously violated Plaintiff's First

18  Amendment rights including an intentional and malicious prior restraint of her speech.

19      386. Silencing Plaintiff and her protected speech, then concealing said acts, was the

20  substantial and motivating factor in the adverse actions taken by Defendants against Plaintiff.

21      387. By their acts, Defendants have retaliated against Plaintiff in violation of

22  Plaintiff's First Amendment rights and Article 1, Section 8 of the California Constitution.

23      388. Defendants acted in bad faith under color of state law, in collusion with those

24  acting under color of state law, or in their individual capacities.

25

26               **Violation of Plaintiff's Fourth Amendment Rights**
       **(Guaranteed to the States Through the Fourteenth Amendment)**

27

28

- 147 -

389.   Plaintiff herein claims violations of the Fourth Amendment to the U.S. Constitution by public officials acting under color of state law and private parties that acted in joint participation with said state actors.

390.   Plaintiff has a Fourth Amendment right to be secure in her person, house, papers, and effects; however, this right has been violated many times since January of 2009 by officials acting under color of state law and private parties acting in joint participation with these officials, and by so doing, these private parties also acted under color of state law.  These violations of Plaintiff's Fourth Amendment right to be secure in her person, house, papers, and effects were committed in retaliation of Plaintiff's Writings that represent protected speech about matters of public concern, and when these violations were brought to the attention of the courts, they were mocked, ignored, rejected, and  disposed of without due process of law.

391.   Plaintiff has a Fourth Amendment right to be protected from unreasonable searches and seizures; however, this right has been violated many times ince January of 2009 by officials acting under color of state law and private parties acting in joint participation with these officials, and by so doing, these private parties also acted under color of state law.  These violations of Plaintiff's Fourth Amendment right to be protected from unreasonable searches and seizures were committed in retaliation of Plaintiff's Writings that represent protected speech about matters of public concern, and when these violations were brought to the attention of the courts, they were mocked, ignored, rejected, and  disposed of without due process of law.

392.   Plaintiff has a Fourth Amendment right to only be subject to warrants upon probable cause; however, this right has been violated many times since January of 2009 by officials acting under color of state law and private parties acting in joint participation with these officials, and by so doing, these private parties also acted under color of state law.  These violations of Plaintiff's Fourth Amendment to only be subject to warrants upon probable cause were committed in retaliation of Plaintiff's Writings that represent protected speech about matters of public concern, and when these violations were brought to the attention of the courts, they were mocked, ignored, rejected, and  disposed of without due process of law.

393.   Plaintiff has a Fourth Amendment right to only be subject to warrants supported

- 148 -

by oath or affirmation; however, this right has been violated many times since January of 2009 by officials acting under color of state law and private parties acting in joint participation with these officials, and by so doing, these private parties also acted under color of state law. These violations of Plaintiff's Fourth Amendment to only be subject to warrants supported by oath or affirmation were committed in retaliation of Plaintiff's Writings that represent protected speech about matters of public concern, and when these violations were brought to the attention of the courts, they were mocked, ignored, rejected, and disposed of without due process of law.

394. <u>Plaintiff has a Fourth Amendment right to only be subject to warrants that describe the place to be searched and the persons or things to be seized</u>; however, this right has been violated many times since January of 2009 by officials acting under color of state law and private parties acting in joint participation with these officials, and by so doing, these private parties also acted under color of state law. These violations of Plaintiff's Fourth Amendment right to only be subject to warrants that describe the place to be searched and the persons or things to be seized were committed in retaliation of Plaintiff's Writings that represent protected speech about matters of public concern, and when these violations were brought to the attention of the courts, they were mocked, ignored, rejected, and disposed of without due process of law.

395. Plaintiff's property was unlawfully searched at and seized from her Costa Mesa apartment on June 19, 2009 and never returned despite requests for same.

396. Plaintiff's property was unlawfully searched at and seized from her Costa Mesa storage unit on or about August 31, 2009 and never returned despite requests for same.

397. Plaintiff's property was unlawfully searched at and seized from her Big Bear City residence on or about February 25, 2010 and never returned despite requests for same.

398. Plaintiff's person was unlawfully seized from 613 Big Bear Boulevard, Big Bear City, California on October 8, 2009 and falsely arrested and imprisoned.

399. Plaintiff's person was unlawfully seized from 1017 Mountainview, Big Bear City, California on February 25, 2010 and falsely arrested and imprisoned.

400. Plaintiff was subjected to a civil bench warrant without probable cause issued on August 31, 2009 and released on September 10, 2009.

401.    Plaintiff was subjected to a civil bench warrant without probable cause issued on August 10, 2011 and released on August 18, 2011.

402.    Plaintiff was subjected to a written and executed "Private Party Arrest Warrant," on September 23, 2009.

403.    Plaintiff was subjected to a written and executed "Private Party Arrest Warrant," on October 17, 2009.

404.    Defendants knew or should have known that Plaintiff's person, house, papers, and effects were protected from unlawful search and seizure.

405.    Defendants knew or should have known that civil bench warrants issued on a void order had no force of law.

406.    Defendants knew or should have known that "Private Party Arrest Warrants" had no force of law.

407.    Defendants' acts directly, intentionally, and maliciously violated Plaintiff's Fourth Amendment rights.

408.    Silencing Plaintiff and her protected speech, then concealing said acts, was the substantial and motivating factor in the adverse actions taken by Defendants against Plaintiff.

409.    By their acts, Defendants retaliated against Plaintiff for exercising her constitutional rights.

410.    Defendants acted in bad faith under color of state law, in collusion with those acting in under color of state law, or in their individual capacities.

411.    Plaintiff seeks a remedy to Defendants' acts in violation of her Fourth Amendment rights by way of this Complaint under 42 U.S.C. §1983.

412.    In *Mapp v. Ohio*, 367 U.S. 643 (1961), the U.S. Supreme Court ruled the Fourth Amendment applies to the states by way of the Due Process Clause of the 14th Amendment.

413.    In *Mapp v. Ohio*, the Court also ruled that certain searches and seizures violate the Fourth Amendment even when a warrant was properly granted.

414.    In *Soldal v. Cook County* (506 U.S. 56, 61, 113 S.Ct. 538, 543 (1992)), the United States Supreme Court held:

> *"A seizure of property occurs when there is meaningful interference by the government with an individual's possessory interests, such as when police*

- 150 -