Erin K. Baldwin
Post Office Box 3141
Beaumont, CA 92223
(951) 333-1484
erinbaldwin@rocketmail.com
Plaintiff *Pro Se*

**DENIED**

LODGED

[Court stamp: CLERK U.S. DISTRICT COURT, CENTRAL DIST. OF CALIF., RIVERSIDE, 2011 NOV 17 PM 3:14]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| ERIN K. BALDWIN, an Individual<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, et al., and DOES 1-200, *inclusive*,<br><br>Defendants. | Case No. 5:11-CV-01300-▮▮C-SP<br><br>**[PROPOSED] ORDER RE:**<br><br>NOTICE TO THE COURT OF COMMUNICATION CONSTITUTING THREAT OF ARREST & LOSS OF LIBERTY FROM DEFENDANTS ACTING UNDER COLOR OF STATE LAW AND NAMED IN SECTION 1983 COMPLAINT BASED ON UNCONSTITUTIONAL COURT ORDER & CONTEMPT CHARGES THEREON<br>[Filed October 28, 2011] |

Plaintiff appears to present this Proposed Order in connection with Plaintiff's *Notice to the Court of Communication Constituting Threat of Arrest & Loss of Liberty From Defendants Acting Under Color of State Law and Named in Section 1983 Complaint Based on Unconstitutional Court Order & Contempt Charges Thereon* ("Notice to the Court") filed on October 28, 2011. This Proposed Order is submitted in connection with the November 15, 2011 request from Dwayne Roberts, Deputy Clerk, Department 9D, The Honorable David O. Carter.

1. On August 16, 2011, Plaintiff filed a Section 1983 civil rights lawsuit in federal court against California officials, acting under color of state law, and private parties acting in

- 1 -

joint participation with said California officials, who collectively violated Plaintiff's constitutional, federal, and associated state law rights.

2. By virtue of the power Defendants enjoy as actors under color of state law, along with their belief that they will also enjoy immunity for their actions, Defendants covertly violated Plaintiff's rights by bringing a series of seemingly legitimate civil and criminal actions against Plaintiff. However, these actions were not legitimate; rather, they were meritless, retaliatory and malicious in nature.

3. The intended result of these civil and criminal actions was three-fold:

   a. to silence Plaintiff's constitutionally-protected speech about matters of public concern that exposed Defendants' misconduct;

   b. to discredit Plaintiff personally so that her reports about matters of public concern would also lose credibility; and

   c. to discredit Plaintiff personally thereby eliminating Plaintiff's support system, sense of security, opportunity for employment, and ability to maintain a stable home.

4. The intended result was accomplished and accordingly forms the basis of Plaintiff's Section 1983 action currently before this Court.

5. From the outset of this action, Plaintiff requested a preliminary injunction to prevent further implementation of the three-part action plan described, *supra*. All three requests were categorically ignored and disregarded.

6. To obtain a preliminary injunction, all that was required of Plaintiff was to demonstrate "a likelihood of success on the merits and a possibility of irreparable injury, or that there are serious questions as to the merits, and the balance of hardship tips in [her] favor." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 881 (9th Cir.2003). These factors have been efficiently pleaded and sufficiently demonstrated.

7. As a result of the inaction by this Court in response to Plaintiff's requests for a preliminary injunction, further implementation of this three-part action plan has occurred causing Plaintiff debilitating fear that she would once again be subjected to a loss of liberty and property similar to the numerous incidents described in her Complaint. Since a history of loss of liberty and property exists in retaliation against Plaintiff, Plaintiff's fear was reasonable

and Defendants' actions capitalized on what it knew would be the predictable outcome. This Court's inaction to protect Plaintiff by way of her requested preliminary injunction gave the appearance of tacit acquiescence to Defendants' actions against Plaintiff.

8. Plaintiff asserts that the additional retaliation occurred with the objective of interfering in Plaintiff's ability to focus on the completion of her Second Amended Complaint. Said objective was realized as demonstrated by the incomplete status of Plaintiff's Claims for Relief set forth in her Second Amended Complaint filed November 14, 2011.

9. Tragically, Plaintiff has spent more time since the original filing of her Section 1983 Complaint, begging this Court to comply with her inalienable rights, than she has spent developing her case. This Court has intentionally attempted to circumvent Plaintiff's Rights to further conceal the misconduct of Defendants named herein. This is, most likely, due to the fact that the majority of Plaintiff's claims are about and involve parties associated with this Court and with whom this Court has personal loyalty.

10. Plaintiff posits that this Court's loyalty should only be to the fair and equitable resolution of matters brought before it under the laws of the United States of America. If unlawful acts have been committed that require this Court's review, a muddying of personal alliances with professional obligations can only bring about injustice and will subject this Court to reversible error, reviewable by a higher Court.

11. Accordingly, Plaintiff offers this Proposed Order to address the issues set forth in Plaintiff's October 28, 2011 Notice to the Court, as well as all other outstanding issues that have prevented Plaintiff from bringing this action with equal protection of the law.

**IT IS ORDERED THAT:**

    a. Plaintiff's case shall proceed before an Article III Judge for all purposes with the exception of discovery matters to be referred to an Article I Judge with *de novo* review by an Article III Judge and right to appeal.

    b. All orders made by U.S. Magistrate Judge Sheri Pym shall be vacated.

    c. Plaintiff shall be granted a Preliminary Injunction against all parties named as defendants in her case to prevent ongoing retaliatory prosecution.

    d. The following Orange County Superior Court cases shall be stayed

pending the outcome of the present Section 1983 litigation: *Parsa Law Group v. Bad Biz Finder, et al.*, Case No. 30-2009-00117752 and *UDR, Inc. v. Erin Baldwin, et al.*, Case No. 30-2009-00125305.

  e. Said stay shall not bar Plaintiff's Section 1983 action pursuant to the Younger Abstention Doctrine.

  f. Said stay shall not bar Plaintiff's Section 1983 action pursuant to the Rooker-Feldman Doctrine.

  g. The retaliatory warrant for Plaintiff's arrest issued by Judge Franz E. Miller on August 18, 2011 shall be recalled.

  h. Defendant Orange County Public Defender shall be dismissed from its court-appointed status as counsel of record for Plaintiff in the above-stated cases; and that they be ordered to turn over to Plaintiff all files, emails, correspondence, inculpatory and exculpatory evidence, pleadings, and all other documents pertaining to the contempt cases in the above-stated cases.

  i. Plaintiff's property unlawfully seized on June 19, 2009 by Defendant UDR, Inc., shall be returned within ten (10) days of this Order and that Defendant UDR and any other defendants acting in concert with Defendant UDR shall be enjoined from using this property against Plaintiff at trial on this matter.

  j. Defendant UDR shall be sanctioned on a per diem basis for each day it unlawfully held Plaintiff's property to be payable immediately.

  k. Plaintiff's property unlawfully seized on or about August 31, 2009 by Defendants Public Storage, Inc., Robert J. Abernethy, *et al.*, for the benefit of Defendant UDR, shall be returned within ten (10) days of this Order and that Defendant UDR and any other defendants acting in concert with Defendant UDR shall be enjoined from using this property against Plaintiff at trial on this matter.

  l. Defendants Public Storage and UDR shall be sanctioned on a per diem basis for each day it unlawfully held Plaintiff's property to be payable immediately.

  m. Plaintiff's property unlawfully seized on or about February 25, 2010 by Defendants Jason Crow ("Crow") in concert with Defendants San Bernardino Sheriff's

1  Department ("SBSD") and San Bernardino District Attorney's Office ("SBDA") shall be
2  returned within ten (10) days of this Order and that Defendants Crow, SBSD and SBDA shall
3  be enjoined from using said property against Plaintiff at trial on this matter.

4           n.      Defendants Crow, SBSD and SBDA shall be sanctioned on a per diem
5  basis for each day it unlawfully held Plaintiff's property to be payable immediately.

6           o.      Plaintiff shall be granted a jury trial on all triable issues of fact prior to
7  the ruling on any matters of law that would effectively dispose of Plaintiff's right to a jury trial.

8           p.      Plaintiff shall be granted equal privilege of filing and receiving
9  documents electronically via the Court's Electronic Filing Program.

10          q.      Plaintiff shall be granted legal counsel at the expense of the Court to
11 assist Plaintiff in the preparation of her case but that shall not, under any circumstance, have
12 the power to supersede Plaintiff's decisions and strategies and that shall be bound to the
13 strictest of confidentiality and loyalty to Plaintiff.

14          r.      Plaintiff shall be granted leave to amend her Second Amended
15 Complaint to February 1, 2012 without adverse consequences pursuant to statutes of
16 limitation, equitable tolling and/or other precluding factor to bring the sum total of all her
17 claims on or before February 1, 2012.

18          s.      Plaintiff shall be granted the right to effectuate service of process of
19 Summons and Complaint of the Third Amended Complaint by mail to each party on a
20 readable-only compact disc due to Plaintiff's indigent status.

21          t.      Plaintiff shall be granted all the same rights and privileges granted to
22 plaintiffs proceeding before this Court represented by counsel.

**IT IS SO ORDERED.**

Dated: 11/22/11

**DENIED**
BY ORDER OF
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE
The Honorable David O. Carter

**DENIED**
BY ORDER OF
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE
ON _____

- 5 -

[PROPOSED] ORDER ON PLAINTIFF'S NOTICE TO THE COURT, ET AL.